**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DSCC, *also known as the* DEMOCRATIC SENATORIAL CAMPAIGN COMMITTE, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*<br><br>      Defendants. | Civil Action No. 26-1114 (CKK) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*<br><br>      Defendants. | Civil Action No. 26-1132 (CKK) |

**ORDER**
(April 6, 2026)

The Plaintiffs in these two recently filed cases each challenge provisions of an Executive Order entitled "Ensuring Citizenship Verification and Integrity in Federal Elections." *See* Exec. Order No. 14,399, 91 Fed. Reg. 17125 (Mar. 31, 2026). The Plaintiffs in both cases indicated to the Clerk of the Court that their cases are related to consolidated cases of *League of United Latin American Citizens v. Executive Office of the President*, No. 25-cv-0946, *Democratic National Committee v. Trump*, No. 25-cv-0952, and *League of Women Voters Education Fund v. Trump*, No. 25-cv-0955, which involved challenges to provisions of another Executive Order. *See* Final

1

Judgment, Dkt. No. 256, No. 25-cv-0946.  The Plaintiffs indicated that their recently filed cases are related to these earlier cases because they involve "common issues of fact."  *See* LCvR 40.5(a)(3)(i).  Accordingly, the Clerk assigned both newly filed cases to this Court.  *See id.*

Upon the Court's initial review of the Complaints in these two recently filed cases, it appears that there may be "extensive common questions of law and fact" among the two cases and that consolidation of these cases pursuant to Federal Rule of Civil Procedure 42(a)(2) may "promote the interests of judicial economy, consistency, timeliness," and "convenience" for the parties without creating any undue risk of confusion or unfair prejudice to any party.  *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011); (BAH); *see also Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) (JDB); *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (RMU).

Accordingly, it is hereby **ORDERED** that the parties in Case No. 26-1114 and Case No. 26-1132 shall promptly **MEET AND CONFER** to discuss whether the two cases should be consolidated.  The Plaintiffs shall promptly cause a copy of this Order to be delivered to the Defendants in each case.  On or before **April 8, 2026**, the parties shall file a joint statement of their positions on whether these cases should be consolidated.

Furthermore, because these cases involve important matters of election procedure that may affect the conduct of impending elections throughout the country, the Court recognizes that time is of the essence.  *Cf. Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006); *Abbott v. League of United Latin Am. Citizens*, 146 S. Ct. 418, 419 (2025).  Both groups of Plaintiffs have indicated in their Complaints that they will move for preliminary relief.  Any such motions shall be filed on or before **April 10, 2026**.  In order to ensure that any necessary factual record is developed in a timely manner, to resolve the disputed issues through one round of briefing and one opinion of the Court,

and to provide an opportunity for prompt appellate review, the Court may consolidate the hearing on any motion for preliminary relief in these cases with an expedited trial on the merits. *See* Fed. R. Civ. P. 65(a)(2). Accordingly, any motion for preliminary relief or response to such a motion in these cases should identify any and all factual issues that should be resolved at such a trial.

**SO ORDERED.**

**Dated:** April 6, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge