UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DSCC, *also known as the* DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:26-cv-01114-CKK |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE**

Pursuant to Local Civil Rule 40.5(b)(2), Defendants[1] hereby object to the designation of this case (the "*DSCC* Case") as a case related to consolidated cases *League of United Latin American Citizens v. Executive Office of the President*, No. 25-cv-0946, *Democratic National Committee v. Trump*, No. 25-cv-0952, and *League of Women Voters Education Fund v. Trump*, No. 25-cv-0955 ("Consolidated Cases"). *See* Dkt. No. 2.

The *DSCC* Case is not related to the Consolidated Cases within the meaning of Local Civil Rule 40.5(a). It cannot satisfy LCvR 40.5(a)(3) because that requires both that "the earliest [case] is still pending on the merits in the District Court" and that both cases "involve common issues of fact." LCvR 40.5(a)(3). Both conditions must be met but neither is true here. The Consolidated Cases are no longer pending on the merits *in the District Court* since final judgment was entered

---

[1] Donald J. Trump, Pamela Bondi, David Steiner, Markwayne Mullin, Joseph B. Edlow, Frank J. Bisignano, Howard Lutnick (in their official capacities), the Executive Office of the President, U.S. Department of Justice, U.S. Postal Service, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, Social Security Administration, and the U.S. Department of Commerce (collectively "Defendants").

before the *DSCC* Case was filed and the matter has been taken up on appeal. *See* Final Judgment, Dkt. No. 256, No. 25-cv-0946 (issuing final judgment on the merits of all pending claims on March 31, 2026); Dkt. No. 2 (Plaintiffs' related case notice, indicating the *DSCC* Case is "related to a case pending in this or another U.S. Court," i.e., to Consolidated Cases, as "involv[ing] common issues of fact."); LCvR 40.5 (Local Rule on Related Cases).  Even if this failure was not dispositive, and it is, the Consolidated Cases and the instant case do not share common issues of fact, as each challenges a different Executive Order with different instructions to different federal agencies and officials.

The other provisions of LCvR 40.5(a)(3) and (4) also do not apply in this case. The remaining provisions of LCvR 40.5(a)(3) allow for a related case designation in certain circumstances involving *pro se* parties, but these are clearly not implicated here. LCvR 40.5(a)(4) allows for a related case designation where the earlier case is dismissed and the new case involves the same parties, but this is also inapplicable since Consolidated Cases reached a Final Judgment on the merits (and were not dismissed) and since Consolidated Cases and the *DSCC* Case do not involve identical parties.

Since the Local Rules do not support Plaintiffs' designation of the *DSCC* Case and the Consolidated Cases as related, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion. *See* LCvR 40.5(c)(1).[2]

---

[2] As discussed in the contemporaneously filed joint status report, Defendants agree that the *DSCC* Case is properly related to *LULAC v. Exec. Office of the President*, No. 26-1132 and *NAACP v. Trump*, No. 26-1151. But none of these cases are related to the Consolidated Cases.

## BACKGROUND

Consolidated Cases are three suits that challenged Executive Order 14,248, titled: "Preserving and Protecting the Integrity of American Elections." Exec. Order 14,248, 90 C.F.R. 14005 (Mar. 28, 2025).

*Democratic National Committee v. Trump*, No. 25-cv-0952, was brought by the DSCC, DCCC, Democratic National Committee, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House Minority Leader Hakeem S. Jeffries against President Donald J. Trump, the Executive Office of the President, U.S. Election Assistance Commission, U.S. Department of Justice, U.S. DOGE Service, U.S. Department of State, U.S. Department of Homeland Security, U.S. Department of Defense, U.S. Department of Veterans Affairs, U.S. Small Business Administration, U.S. Department of the Interior, Social Security Administration, and various department and agency heads in their official capacities. Dkt. No. 1, No. 25-cv-0952, ¶¶ 12-28. The Complaint's eleven claims invoked theories of *ultra vires* acts (Count I), separation of powers violations (Counts II-IV), and Administrative Procedure Act ("APA") violations (Counts V-XI) related to Executive Order 12,428. *Id.* at ¶¶ 126-219. Plaintiffs challenged, inter alia, the President's legal authority to order the Election Assistance Commission ("EAC"), an independent agency, to take certain actions such as (a) withhold federal funds to states that do not reject timely-cast ballots received after election day, (b) require EAC to add the President's preferred Documentary Proof of Citizenship ("DPOC") requirements to the National Mail Voter Registration Form ("Federal Form"), and (c) amend the EAC's Voluntary Voting System Guidelines 2.0 and re-certify voting systems thereafter. *Id.* at ¶¶ 131-38.

*League of United Latin American Citizens v. Executive Office of the President*, No. 25-cv-0946, was brought by the League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association against the Executive Office of the President, United States

Election Assistance Commission, U.S. Department of Justice, U.S. Department of Defense, Federal Voting Assistance Program, and various department and agency heads in their official capacities. Dkt. No. 1, No. 25-cv-0946, ¶¶ 7-21. The Complaint's six claims invoked theories of *ultra vires* acts (Counts I-IV) and APA violations (Counts V & VI). *Id.* at ¶¶ 184-226. The claims in each count are categorized as generally concerning: (1) "Documentary Proof Of Citizenship For Federal Form," (2) "Directive to Unlawfully Withhold Funds From States," (3) "Mail Ballot Receipt Deadline," (4) "Documentary Proof Of Citizenship and Residential Eligibility for Federal Post Card Application," (5) "Documentary Proof of Citizenship For Federal Form," and (6) "Documentary Proof of Citizenship and Residential Eligibility for Federal Post Card Application." *Id.*

*League of Women Voters Education Fund v. Trump*, No. 25-cv-0955, was brought by League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, NAACP, OCA – Asian Pacific American Advocates, and Asian and Pacific Islander American Vote against President Donald J. Trump, United States Election Assistance Commission, and various EAC officials in their official capacities. Dkt. No. 1, No. 25-cv-0955, ¶¶ 11-29. The Complaint alleged violation of separation of powers in Count I and invoked "Equitable Relief for Violation of Federal Law" in Count II. *Id.* at ¶¶ 107-23. The claims generally concerned the President's alleged lack of authority "to mandate the inclusion of a documentary proof-of-citizenship requirement on the Federal Form" and to withhold "congressionally-appropriated funds from the states." *Id.* at ¶ 112.

The instant *DSCC* Case, however, challenges a different Executive Order, Executive Order 14,399. Exec. Order 14,399, 91 C.F.R. 17125 (Mar. 31, 2026).  This suit is brought by the DSCC, DCCC, Democratic National Committee, Democratic Governors Association, U.S. Senate

Minority Leader Charles E. Schumer, and U.S. House Minority Leader Hakeem S. Jeffries against President Donald J. Trump, the Executive Office of the President, U.S. Department of Justice, U.S. Postal Service, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, Social Security Administration, the U.S. Department of Commerce, and various department and agency heads in their official capacities. Dkt. No. 1, ¶¶ 11-23. The Complaint's seven claims invoke theories of *ultra vires* acts (Count I), violation of the separation of powers (Counts II and III), violation of the United States Postal Service's statutory authority (Count IV), Privacy Act and APA violations (Count V), violation of First and Fifth Amendments (Count VI), and violation of the Voting Rights Act (Count VII). *Id.* at ¶¶ 106-72.

Broadly, Plaintiffs challenge the President's legal authority to direct executive officials to "compile and transmit to the chief election official of each State a list of individuals confirmed to be [U.S.] Citizens." *Id.* at ¶ 111. Plaintiffs also challenge the President's legal authority to direct the Postmaster General of the USPS "to make rules governing 'all outbound ballot mail' in every State, to create a 'list of individuals . . . who are enrolled with the USPS . . . for mail-in or absentee ballots provided by [each] State,'" and "to make rules stating that 'the USPS shall not transmit mail-in or absentee ballots from any individual unless those individuals have been enrolled on a State-specific list.'" *Id.* Plaintiffs also challenge the Executive Order's direction to the Postmaster General to initiate a proposed rulemaking that "[s]ets rigid parameters for envelopes containing outbound ballot mail," "[s]pecifies that 'the USPS shall not transmit mail-in or absentee ballots from any individual' who has not properly enrolled in a State-specific list," and requires "USPS to provide each State with a list of individuals 'who are enrolled with the USPS.'" *Id.* at ¶ 119.

## LEGAL STANDARD

The default rule in this district is that civil cases are assigned randomly. *See* LCvR 40.3(a) (providing that civil cases "shall be assigned to judges of this Court selected at random"); *accord*

*The Wilderness Soc'y v. Bernhardt*, No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020); *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019); *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). Random assignment "ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)).

LCvR 40.5 creates two limited exceptions that allow civil cases to be assigned to the same judge under narrow circumstances. The first exception may be invoked where the earliest case is "still pending on the merits" in the district court, LCvR 40.5(a)(3), *and* where the two cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting LCvR 40.5(a)(3)).

The second exception may apply where (1) "a case is dismissed with prejudice or without," *and* (2) "a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4). The second exception "has been interpreted strictly." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (internal quotation omitted). Thus, only where the later filed case "involves the same subject matter" and is "filed by 'identical parties'" may it be deemed related to the earlier, dismissed case. *Id.*

Under either exception, the burden of demonstrating relatedness lies with the party seeking to avoid random assignment—here, Plaintiffs. *See id.* at *2 (citing *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016)). "'The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary.'" *Comm. on*

*Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *Id.* (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1).

"The judge to whom a case is assigned resolves any objection to a related-case designation." *Wilderness Soc'y*, 2020 WL 2849635, at *2 (internal quotation omitted) (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1 and citing LCvR 40.5(c)(3)). "If the objection is sustained, the judge may transfer the later-filed case to the Calendar and Case Management Committee, which then decides if good cause exists for the transfer and thus random reassignment of the case." *McGahn*, 391 F. Supp. 3d at 119 (internal quotation omitted) (citing LCvR 40.5(c)(1)).

## ARGUMENT

### I. THIS CASE IS NOT RELATED TO CONSOLIDATED CASES BECAUSE CONSOLIDATED CASES ARE NOT PENDING ON THE MERITS AND DO NOT INVOLVE COMMON ISSUES OF FACT

Rather than have the instant case randomly assigned, Plaintiffs designated the *DSCC* Case, filed on April 1, 2026, as "related" to Consolidated Cases, which are no longer pending on the merits. *See* Dkt. No. 1 (indicating Complaint filed on April 1, 2026); Dkt. No. 2 (Plaintiffs' related case notice); Final Judgment, Dkt. No. 256, No. 25-cv-0946 (issuing final judgment on the merits of Consolidated Cases on March 31, 2026). According to Plaintiffs, the *DSCC* Case and Consolidated Cases involve "common issues of fact" warranting the related case designation.

This Court's Local Rules, however, do not permit a "related case" designation in the instant case. LCvR 40.5(a). The designation is permitted for civil cases "when the earliest [case] *is still pending on the merits* in the District Court." LCvR 40.5(a)(3) (emphasis added). But Consolidated Cases are no longer pending on the merits, pursuant to the Final Judgment entered on March 31,

2026 and notices of appeal filed on March 31 and April 1, 2026. *See* Final Judgment, Dkt. No. 256, No. 25-cv-0946 (issuing final judgment on the merits of all pending claims on March 31, 2026); Dkt. No. 257, No. 25-cv-0946 (indicating filed notices of appeal). Courts in this district have "adopted a strict position that a case is not 'still pending on the merits in the District Court' if it is on appeal." *Thomas v. Nat'l Football League Players Ass'n*, No. 91-cv-3332, 1992 WL 43121, at *1 (D.D.C. Feb. 18, 1992). *See also Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (same); *Boyd v. Farrin*, No. 12-1893, 2012 WL 6106415, at *2 (D.D.C. Dec. 10, 2012) (same).

Additionally, the *DSCC* Case and Consolidated Cases do not involve "common issues of fact." LCvR 40.5(a)(3)(ii). As this Court notes, Consolidated Cases challenged "provisions of *another* Executive Order." Dkt. No. 18 (emphasis added). There are no common issues of fact between Executive Order 14,248, challenged in the Consolidated Cases, and Executive Order 14,399, implicated in the current case. The Executive Orders instruct a different set of federal agencies and departments and involve different goals and priorities.

For instance, in its Final Judgment, this Court permanently enjoined federal agencies and officials from implementing or giving effect to Executive Order 14,248, §§ 2(d) and 3(d). Final Judgment, Dkt. No. 256, No. 25-cv-0946 at ¶¶ 2-3.[3] § 2(d) concerned an order directing the "head of each Federal voter registration executive department or agency" to "assess citizenship prior to providing a Federal voter registration form" to public assistance program enrollees.  Exec. Order 14,248, 90 C.F.R. 14005, 14007 (Mar. 28, 2025). § 3(d) concerned an order directing the Secretary

---

[3] Additionally, this Court issued a final judgment and permanent injunction on October 31, 2025, concerning § 2(a) of Executive Order 14,248, "and that partial final judgment is already on appeal." Final Judgment, Dkt. No. 256, No. 25-cv-0946 at ¶ 1. § 2(a) of the Executive Order concerned instructions to the "Election Assistance Commission." Exec. Order 14,248, 90 C.F.R. 14005, 14006 (Mar. 28, 2025).

of Defense to "update the Federal Post Card Application" to require documentary proof of US Citizenship and proof of eligibility to vote in the state. *Id.* By contrast, nothing in Executive Order 14,399 refers to the Election Assistance Commission, a "Federal voter registration form," nor the Department of Defense (now Department of War). Exec. Order 14,399, 91 C.F.R. 17125 (Mar. 31, 2026). Moreover, Executive Order 14,399 directs, inter alia, a proposed rulemaking to be carried out by the United States Postal Service. *Id.* at 17126-27. There is no proposed rulemaking, indeed no instruction to the United States Postal Service whatsoever, in Executive Order 14,248. Exec. Order 14,248, 90 C.F.R. 14005 (Mar. 28, 2025).

**II.      THIS CASE IS NOT RELATED TO CONSOLIDATED CASES UNDER RULES APPLYING TO PRO SE LITIGANTS OR UNDER LOCAL RULE 40.5(a)(4).**

None of the other requirements for "related case" designation in Local Rule 40.5 are met. The remaining provisions of LCvR 40.5(a)(3) allow the related case designation for certain *pro se* litigants with a prior case pending, but this circumstance is not relevant here as Plaintiffs are not *pro se* litigants.

LCvR 40.5(a)(4) allows for cases to be deemed related where "a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." *Id.* "Local Rule 40.5(a)(4)'s requirements must be 'interpreted strictly.'" *Wilderness Soc'y*, 2020 WL 2849635, at *3 (citing *Judicial Watch, Inc. v. Rossotti*, No. 02-928, 2002 WL 31100839, at *1.

LCvR 40.5(a)(4) is not implicated because the earlier Consolidated Cases were not dismissed (instead reaching Final Judgment on the merits and are undergoing appeal). Dkt. No. 256, No. 25-cv-0946 (issuing final judgment on the merits of all pending claims on March 31, 2026); Dkt. No. 257, No. 25-cv-0946 (indicating filed notices of appeal). Nor, in any event, do the instant case and Consolidated cases involve "the same parties," which has been strictly defined to

9

mean "identical parties" which is plainly not present here. *Thomas*, 1992 WL 43121, at *1; *Wilderness Soc'y*, 2020 WL 2849635, at *2; *Compare* Dkt. No. 1, No. 25-cv-0946 (e.g., listing as defendants "United States Election Assistance Commission" and "Federal Voting Assistance Program," none of which appear in the *DSCC Case*) *with* Dkt. No. 1 in the instant case (e.g., listing as defendants "U.S. Postal Service" and "U.S. Department of Commerce," none of which appear in any of the Consolidated Cases).

LCvR 40.5(a)(4) is also not satisfied because the Local Rule requires the *DSCC* Case and Consolidated Cases to "relat[e] to the same subject matter." *Id.* "The fact that the parties are not identical highlights that the cases do not involve 'the same subject matter.'" *Wilderness Soc'y*, 2020 WL 2849635, at *3. The Rule requires more than "significant factual overlap" to be deemed as involving the same subject matter. *Id.* "Loosening the rule's standard . . . would have the perverse effect of facilitating, rather than foiling, judge shopping." *Id.* As discussed in Section I of this brief, *supra*, there are no common issues of fact between Executive Order 14,248, challenged in the Consolidated Cases, and Executive Order 14,399, implicated in the *DSCC* Case. The Consolidated Cases and the *DSCC* Case "involve different actions, different agencies, and different legal claims. They therefore do not 'relate to the same subject matter.'" *Id.* (citations omitted).

## CONCLUSION

Since the Local Rules do not support Plaintiffs' designation of the *DSCC* Case and the Consolidated Cases as related, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion.

Dated: April 8, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC J. HAMILTON
*Deputy Assistant Attorney General*

JOSEPH E. BORSON
*Assistant Branch Director*

/s/ *Esam K. Al-Shareffi*
ESAM K. AL-SHAREFFI
D.C. Bar No. 90010174
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 598-7367
E-mail: esam.k.al-shareffi@usdoj.gov

*Counsel for Defendants*

11