**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26-cv-01114 (CJN) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26-cv-01132 (CJN) |
| EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26-cv-01151 (CJN) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OF THE SOCIETY FOR THE RULE OF LAW

The Society for the Rule of Law and Democracy Institute, doing business as the Society for the Rule of Law ("SRL"), through its undersigned counsel, respectfully requests permission of the Court to file the attached *amicus curiae* brief under LCvR 7(o) in support of the plaintiff's motion for preliminary injunction. In support of its Motion, SRL states as follows:

1.      Proposed *amicus* is a nonprofit, nonpartisan organization dedicated to defending the conservative legal principles of the rule of law, separation of powers, federalism, and democracy through government by the people.

2.      SRL has an interest in seeing that EO 14399 does not violate these principles by having the United States Postal Service provide and administer voter lists without statutory authority. SRL seeks to protect against violations of separation of powers and of federalism by preventing the federal executive branch from improperly encroaching on congressional and state authority in federal election matters.

3.      This *amicus* brief will be desirable for the court because its arguments were not as fully addressed in the complaints of the plaintiffs.  Courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the criteria of any relevant rules, "as broadly interpreted." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).  Many of the members of SRL, and counsel for SRL, have previously participated in similar capacities in prior cases addressing the proper roles of federal law, including the Elections Clause, and state law in federal elections. *See, e.g., Moore v. Harper*, 600 U.S. 1, 8 n.* (2023).

1

4.    EO 14399 is illegal in many ways.  The attached *amicus* brief focuses on one way in which EO 14399 is illegal.  The federal statutory history concerning voter lists shows that, contrary to Section 3(b) of EO 14399, the USPS has no statutory authority to have any role in providing or administering of voter lists.

Part I of the attached brief shows that the lists of "enrolled" voters that Section 3(b) requires the USPS to provide and administer are voter lists. Part II shows that in 1894 and 2006, Congress repealed prior limited statutory authority given to federal officials to provide and administer voter lists in specified situations.  Part III shows  that contrary to EO 14399, neither the National Voter Registration Act of 1993 nor the Help America Vote Act of 2002 gives any federal agency authority to provide or administer voter lists.  EO 14399 also ignores the federal statutes that address mail-in voting.  Those federal statutes also give no federal agency authority to provide or administer voter lists.  Part IV shows that, especially in light of this history, 39 U.S.C. § 401 gives no such authority to the USPS.  Among other things, the assertion in EO 14399 that 39 U.S.C. § 401 confers such authority on the USPS contradicts both federalism principles employed in statutory interpretation and the major questions doctrine.

5.    The proposed brief thus discusses relevant federal statutory provisions, and their history, that the plaintiffs understandably have not as fully explored in their complaints.

6.    Counsel for proposed *amicus* has conferred with counsel for the parties. The motion is unopposed. Plaintiffs and Defendants consent to the filing of the brief.

7.    No party's counsel authored the proposed brief in whole or in part, and no party or its counsel contributed  money to fund the preparation or submission of the attached  brief.

2

8.    *Amicus* files this motion and the attached proposed brief on April 17th, 2026, to eliminate any risk that the brief will delay the resolution of the plaintiffs' motions for preliminary injunction.   A proposed order is attached pursuant to LCvR 7(c).

9.    A true and correct copy of the proposed brief has been submitted with this motion.

## CONCLUSION

For the foregoing reasons, SRL respectfully requests that the Court grant leave to file the accompanying *amicus* brief.

Dated: April  17, 2026

Respectfully submitted,

> /s/ Richard D. Bernstein
> Richard D. Bernstein
> D.C. Bar No. 416427
> 1875 K Street NW, Suite 100
> Washington, DC 20006
> (301) 775-2064
> rbernsteinlaw@gmail.com
> *Counsel for Amicus Curiae*

## LOCAL RULE LCvR 7(o) CERTIFICATION

I hereby certify that I conferred via email with counsel for the parties. Counsel for both Plaintiffs and Defendants state that they consent to SRL's requested leave to file an *amicus curiae* brief.

> /s/ Richard D. Bernstein
> Richard D. Bernstein

Date: April 17, 2026

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day served on all counsel via the court's electronic service system.

/s/ Richard D. Bernstein
Richard D. Bernstein

Date: April 17, 2026