**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al*.,<br><br>           *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>           *Defendants*. | Case Number  1:26-cv-01114-CJN |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al*.,<br><br>           *Plaintiffs*,<br><br>      v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al*.,<br><br>           *Defendants*. | Case Number  1:26-cv-01132-CJN |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, COMMON CAUSE, COMMON CAUSE EDUCATION FUND, BLACK VOTERS MATTER FUND, INC., and BVM CAPACITY BUILDING INSTITUTE, INC.,<br><br>           *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>           *Defendants*. | Case Number  1:26-cv-01151-CJN |

**NAACP, COMMON CAUSE, AND BLACK VOTERS MATTER
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
<u>MOTION FOR LEAVE (ECF No. 86)</u>**

As detailed below, the relief Defendants presented in the Motion for Leave to File One Combined Brief in Opposition to Plaintiffs' Motions for a Preliminary Injunction and in Support of Defendants' Motions to Dismiss, EFC No. 86 [hereinafter Mot.], is limited to the first part of Defendants' original April 22, 2026 three-part proposal. *See* Ex. A. Each part of that proposal would unnecessarily complicate and delay resolution of the pending preliminary injunction motions, ECF Nos. 54, 55, & 56, and other aspects of the proposal would force Plaintiffs to respond to 70 pages of briefing in less time and pages provided for in the Local Rules. Ex. A. When the NAACP Plaintiffs objected, it was to each part of the proposal. Only after Defendants filed their motion (failing to provide this context) did Defendants suggest that "at this time" they would only seek the first part of the relief outlined in their April 22 proposal.

Per prior agreement of the Parties, this Court ordered parties to complete preliminary injunction briefing by May 8, 2026. ECF No. 27. NAACP Plaintiffs respectfully request that the Court decline to combine preliminary injunction and motion to dismiss briefing to the extent it would drive any change to the previously agreed preliminary injunction schedule. Of course, NAACP Plaintiffs have no objection if the Defendants want to file a single consolidated brief responding to the three preliminary injunction motions. Nor do NAACP Plaintiffs object if the Defendants wish to file one (or three) motion(s) to dismiss on May 1 (or earlier), so long as the standards set forth in the Federal Rules of Civil Procedure and Local Rule 7 govern such motion(s). But NAACP Plaintiffs do strenuously object to anything that would delay adjudication of the pending preliminary injunction motions, including the Defendants' stated intention to delay consideration of those motions until briefing on Rule 12 motions is complete.

**PROCEDURAL BACKGROUND**

1.      On April 7, 2026, all parties, including Defendants, agreed to a schedule for briefing the preliminary injunction motion under which briefing would close on May 8. *See* Unopposed Mot. to Modify Briefing Schedule, *League of United Latin American Citizens v. Exec. Off. of the President*, Case No. 26-cv-01132 (ECF No. 14); *see also* Minute Order, *id*. (Apr. 9, 2026); Order, *DSCC v. Trump*, Case No. 26-cv-01114 (ECF No. 27) (implementing the parties' agreed upon briefing schedule).

2.      Consistent with that briefing schedule, the three plaintiff groups intend to ask this Court to set a hearing on the preliminary injunction for the week of May 11.

3.      On April 20, 2026, Defendants reached out to ask Plaintiffs whether they would agree to modify and delay the agreed-upon preliminary injunction schedule to allow for the consideration of a preliminary injunction motion and a motion to dismiss at the same time. During a meet and confer that day, Defendants advised that they intend to ask the Court to wait to resolve the motions for preliminary injunction until the motion to dismiss is fully briefed.

4.      After further colloquy, on April 22, 2026, Defendants proposed a schedule with three components. *See* Ex. A. First, the Defendants would file a combined preliminary injunction opposition and motion to dismiss of 70 pages on May 1. Second, Plaintiffs would file on May 8 combined response-reply briefs of 25 pages per plaintiff group, supporting the preliminary injunction motions and opposing the motions to dismiss. Third, Defendants would file a 35-page reply in support of their motion to dismiss on May 21.

4.      NAACP Plaintiffs advised that they opposed Defendants' proposal.

5.      Defendants have now moved to implement the first part of their three-part proposal.

3

6.    NAACP Plaintiffs are unclear as to whether Defendants will subsequently seek to adopt the second and third parts (which all three sets of Plaintiffs oppose). In their motion, Defendants hedge, stating they are not "*in this filing*" seeking to alter the preliminary injunction schedule. Mot. 3 ¶ 11 (emphasis added). Following their filing, Defendants sent an email repeating the hedge, but with a notice provision, stating they are not "planning to seek any further relief about the schedule *at this time*, beyond the motion we already filed earlier today. If that changes, we will let you know." Email from S. Pezzi (Apr. 23, 2026 4:37 pm) (emphasis added).

## ARGUMENT

1.    NAACP Plaintiffs have no objection if the Defendants wish to file their motion(s) to dismiss on (or before) May 1; that is certainly their right. But combining the preliminary injunction and motion to dismiss into one mega-motion will complicate and delay the resolution of the preliminary injunction motion and prejudice the NAACP Plaintiffs.

2.    Defendants were clear when they proposed modifying the schedule on April 20 that they intend to seek to delay adjudication of the preliminary injunction. As laid out in the meet and confer call and in their April 22 email, the first step in this process is to combine briefing of the preliminary injunction and Rule 12 motion, which is the prelude to seeking to delay the preliminary injunction schedule and combine it with the motion to dismiss schedule so that the Court can resolve both motions simultaneously—the broader change they proposed to the Plaintiffs on April 20.

3.    While Defendants (subsequent to filing their motion) disavowed an intention to pursue subsequent schedule adjustments to the schedule "at this time," for the avoidance of doubt, NAACP Plaintiffs oppose any delay in resolution of the preliminary injunction schedule. There is no reason in law or logic why resolution of preliminary injunction motions filed on April 17, 2026

should be delayed to accommodate Defendants' request that the preliminary injunction not be heard or decided until the completion of briefing on a yet-to-be-filed motion to dismiss.

4.      Defendants' full April 22, 2026 proposal was objectionable in other respects, in that it included (i) shortening Plaintiffs' time to respond to the motion to dismiss from the time provided for in Local Rule 7(b) (14 days) to 7 days, (ii) reducing the pages Plaintiffs would have under Local Rules 7(e) to oppose the Rule 12 motion (45 pages) and reply in support of the preliminary injunction (25 pages) to a combined total of 25 pages, and (iii) increase the time Defendants would have to file the reply in support of their Rule 12 motion from the time provided in Local Rule 7(c) (7 days) to 13 days. Each aspect of Defendants' proposal was objectionable and highly prejudicial.

5. Although NAACP Plaintiffs understand that Defendants are not actually moving for entry of this schedule and dates in the motion currently before the Court and they appear to have backed off from seeking such adjustment "at this time," they previously indicated that setting the stage for that schedule is the reason for their motion.

6.      If the Court does not agree that the motion to dismiss and preliminary injunction motions should be resolved together, there is no reason to grant the relief Defendants seek and to allow for a combined brief that both opposes the preliminary injunction and moves for dismissal. Combining the two motions will require the Plaintiffs to brief issues that are not relevant to the preliminary injunction as part of the combined preliminary injunction/motion to dismiss briefing. Defendants acknowledge (Mot. 2) that the motion to dismiss will involve issues that are not at issue in the preliminary injunction (and indeed, NAACP Plaintiffs have not even moved for a preliminary injunction on all counts in the complaint). Moreover, the parties may benefit from this Court's decision on the preliminary injunction when briefing the motion to dismiss. Combining

the motions and insisting that briefing on the Rule 12 motion be completed before the preliminary injunction can be considered is not likely to promote efficiency.

7.      To be clear, NAACP Plaintiffs have no objection if the Defendants wishes to file a consolidated response to the three preliminary injunction motions and to a modest increase in the page count to accommodate that combined response (although 70 pages seems excessive in light of the significant overlap in arguments). But NAACP Plaintiffs respectfully submit that combining the preliminary injunction motion and the motion to dismiss is likely to unnecessarily complicate and delay this matter.

8.      To the extent that the Court does grant the Defendants permission to file a combined preliminary injunction opposition and motion to dismiss brief on May 1, NAACP Plaintiffs respectfully request that the Court maintain a separate briefing schedule for the motion to dismiss, afford the NAACP Plaintiffs the time and page limits allowed under the Local Rules to respond to such motion, and not delay hearing or its consideration of the preliminary injunction motion while the motion to dismiss is being briefed.

Date: April 24, 2026                          Respectfully submitted,

                                              /s/ *John A. Freedman*
                                              John A. Freedman (Bar No. 453075)
                                              Jeremy C. Karpatkin (Bar No. 980263)
                                              Elisabeth S. Theodore (Bar No. 1021029)
                                              Orion de Nevers (Bar No. 90001065)
                                              Nicholas Casmier Anway (Bar No. 90020410)
                                              ARNOLD & PORTER KAYE SCHOLER LLP
                                              601 Massachusetts Ave., NW
                                              Washington, DC 20001
                                              Telephone: +1 202.942.5000
                                              Fax: +1 202.942.5999
                                              john.freedman@arnoldporter.com
                                              jeremy.karpatkin@arnoldporter.com
                                              orion.denevers@arnoldporter.com
                                              elisabeth.theodore@arnoldporter.com
                                              nicholas.casmier.anway@arnoldporter.com

*Attorneys for Plaintiffs*

Sydney Lopes (Bar No. 61389)*
ARNOLD & PORTER KAYE SCHOLER LLP
U.S. Bank Center
1420 5th Ave., Suite 1400
Seattle, WA 98101
Telephone: +1 206.208.0108
sydney.lopes@arnoldporter.com
*Attorney for Plaintiffs*

Edward G. Caspar (Bar No. 1644168)
Robert N. Weiner (Bar No. 298133)
Jeffrey Blumberg (Bar No. 432928)
M. David Rollins-Boyd (Bar No. 90010714)*
Catherine Meza (Bar No. 1045688)*
Javon Davis (Bar No. 90017436)*
Grace Thomas (Bar No. 90018667)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K St., NW Suite 900
Washington, DC 20005
Telephone: +1 202.662.8600
ecaspar@lawyerscommittee.org
rweiner@lawyerscommittee.org
jblumberg@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
cmeza@lawyerscommittee.org
jdavis@lawyerscommittee.org
gthomas@lawyerscommitte.org
*Attorneys for Plaintiff*

Kristen M. Clarke (Bar No. 973885)
Anthony P. Ashton (Bar No. MD25220)*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215
Telephone: + 202.463.2940
*Attorneys for NAACP*

*\*Motion for Pro Hac Vice or Court Admission
Forthcoming*

7