**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>                    *Plaintiffs*,<br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>                    *Defendants*. | Civil Action No. 26-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>                    *Plaintiffs*,<br>        v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>                    *Defendants*. | Civil Action No. 26-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>                    *Plaintiffs*,<br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>                    *Defendants*. | Civil Action No. 26-1151 (CJN) |

**LULAC[1] PLAINTIFFS' RESPONSE TO STATES'[2] MOTION TO INTERVENE AS DEFENDANTS**

---

[1] Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

[2] The Movants are the State of Missouri, the State of Alabama, the State of Florida, the State of Indiana, the State of Kansas, the State of Louisiana, the State of Montana, the State of Nebraska,

1

LULAC Plaintiffs oppose the States' motion to intervene as of right and take no position on their request in the alternative seeking permissive intervention. LULAC Plaintiffs note that movants have also moved to intervene in the case filed by twenty-four other States challenging Executive Order No. 14399 in the District Court for the District of Massachusetts. *See* States' Motion to Intervene, *California v. Trump*, Case No. 26-cv-11581-IT (D. Mass. motion filed Apr. 21, 2026), Dkt. No. 73.[3]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. Intervenors as of right must demonstrate: (1) the timeliness of the motion; (2) a legally protected interest in the subject of the action; (3) that an adverse disposition of the action would impair or impede their ability to protect that interest; and (4) that their interest is not adequately represented by existing parties. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). In this circuit, all intervenors—including defendant-intervenors—must demonstrate that they have Article III standing. *See Old Dominion Elec. Coop. v. Fed. Energy Regul. Comm'n*, 892 F.3d 1223, 1232 n.2 (D.C. Cir. 2018); *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).

---

the State of Oklahoma, the State of South Carolina, the State of South Dakota, and the State of Texas.

[3] The Plaintiffs in that case are the Commonwealth of Massachusetts, Commonwealth of Virginia, District of Columbia, Josh Shapiro, in his official capacity as Governor of Pennsylvania, State of Arizona, State of California, State of Colorado, State of Connecticut, State of Delaware, State of Illinois, State of Maine, State of Maryland, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oregon, State of Rhode Island, State of Vermont, State of Washington, and the State of Wisconsin.

## ARGUMENT

Here, Movant States have not demonstrated any inadequacy of representation by Defendants. A presumption of adequate representation exists if "both the intervenor and existing party have the same ultimate objective." *See Cobell v. Jewell*, No. 96-cv-01285, 2016 WL 10703793, at *2 (D.D.C. Mar. 30, 2016) (citations omitted). That is the case here, where the movant States share the same objective as the Defendants in defending the challenged Executive Order. Intervention of right should be denied because "seeking to assert some general public interest in a suit in which a public authority charged with the vindication of that interest is already a party" does not provide grounds to intervene in a case. *Doe 1 v. Fed. Election Comm'n*, No. 17-2694, 2018 WL 2561043, at *4 (D.D.C. Jan. 31, 2018) (citing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 149–50 (1967)).

## CONCLUSION

LULAC Plaintiffs respectfully request that the motion to intervene as of right be denied and take no further position on the request for permissive intervention.


Dated: April 24, 2026                                    Respectfully submitted,

Norman L. Eisen (DC Bar No. 435051)
Tianna J. Mays (DC Bar No. 90005882)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
tianna@democracydefenders.org
pooja@democracydefenders.org
sofia@democracydefenders.org

*admission to D.D.C. pending


Counsel for Plaintiffs LULAC, SFI, and ASA

/s/ Anna Baldwin
Danielle Lang (DC Bar No. 1500218)
Anna Baldwin (DC Bar No. 998713)
Sejal Jhaveri (NY Bar No. 5396304)*
Valencia Richardson (DC Bar No. 1739245)*
Aseem Mulji (DC Bar No. 1724971)
Renata O'Donnell (DC Bar No. 1723929)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org