**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>　　　　　*Plaintiffs*<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　*Defendants.* | No. 1:26cv1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>　　　　　*Plaintiffs*<br><br>　　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>　　　　　*Defendants.* | No. 1:26cv1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>　　　　　*Plaintiffs*<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　*Defendants.* | No. 1:26cv1151 (CJN) |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

Pursuant to Local Civil Rule 7(o), a bipartisan group of current and former state and local election officials, together with the Center for Election Innovation and Research ("CEIR"), a nonpartisan nonprofit organization that consists of election experts who provide research and support in the field of election administration (jointly "Proposed Amici"), hereby move for leave to file the attached brief as *amici curiae* in support of Plaintiffs' motions for a preliminary

1

injunction, already filed in the above-captioned consolidated cases.  In support of this motion, Proposed Amici state as follows:

1.   Under Rule 7(o) of the Local Rules of this Court, a motion for leave to file an amicus brief should "state the nature of the movant's interest; identify the party or parties supported; and set forth reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." LCvR 7(o)(2).  A motion for leave to file an amicus brief should also be "filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter."  *Id.*  "The decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the [District] Court," and other courts within this District have previously "grant[ed] leave to appear as an *amicus* if the information offered is timely and useful."  *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal citations and quotation marks omitted); *see also, e.g.*, *Hard Drive Prods., Inc. v. Does 1-1,495,* 892 F. Supp. 2d 334, 337-38 (D.D.C. 2012); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).  For the reasons set forth below, the brief proposed here satisfies this Court's requirements for amicus curiae briefs, is both "timely and useful" to the Court, and should be accepted and docketed accordingly.

2.  Proposed Amici include 49 current and former state and local election officials who are or were charged with the responsibility for administering elections, including federal elections, within their jurisdictions.  Proposed Amici also include CEIR, which supports the work of such election officials.[1]  Given their roles and responsibilities, Proposed Amici have a close interest in

---

[1] CEIR is a nonprofit; it has no parent corporation, corporate subsidiaries, or stockholders.  *Cf.* LCvR 26.1 (requiring corporate disclosure statements by any corporate party or intervenor regarding "any parent, subsidiary, affiliate, or any [publicly-held] company which owns 10% or more of the stock" of the corporation).

this Court's adjudication of Plaintiffs' challenges to the recent voting-related Presidential executive order ("EO"), entitled "Ensuring Citizenship Verification and Integrity in Federal Elections." *See* Exec. Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026).  Indeed, local election officials are the parties who would ultimately be responsible for implementing the changes mandated by the EO "on the ground."  Proposed Amici are therefore uniquely positioned to advise the Court on the many practical difficulties, conflicts with existing voting-related laws, threats to election integrity, and risks of eligible voter disenfranchisement that would result from allowing the EO to take effect—particularly given the relatively short time period remaining before the upcoming November 2026 mid-term elections.  Proposed Amici's information and insights, derived from decades of first-hand experience with election administration, will help the Court better understand why the challenged EO is so dangerous and why preliminary injunctive relief is necessary.  The proposed amicus curiae brief will thus ultimately aid this Court in its resolution of the present dispute.

3.      Moreover, the EO also explicitly threatens state and local election officials with potential federal criminal investigation and prosecution for running afoul of its (often confusing and ill-explained) terms.  *See* 91 Fed. Reg. at 17126-27, §§ 2(b) & 5; *see also id.* § 3(c).  Proposed Amici therefore have a strong interest, which is not fully represented by any of the existing parties to this litigation, in supporting Plaintiffs' efforts to seek a preliminary injunction against the EO.

4. This motion is timely.  Plaintiffs filed memoranda in support of their motions for a preliminary injunction on April 17, 2026, and Defendants' responses are currently due on May 1, 2026.  Proposed Amici have proceeded diligently to prepare the attached brief on a timeline that will enable Defendants to address the arguments contained therein in their forthcoming response briefs, as well as at any later hearings scheduled on the pending motions.

5. Pursuant to Local Rules 7(m) and 7(o), counsel for Proposed Amici have contacted counsel for both Plaintiff and Defendants, all of whom have consented to the filing of the proposed amicus curiae brief.

6. For the foregoing reasons, Proposed Amici respectfully request that they be granted leave to file the proposed amicus curiae brief, which is attached as an exhibit to this filing. A proposed order granting the request is also attached as an exhibit to this motion.

Dated:  April 27, 2026

Respectfully submitted,

/s/ Samantha P. Bateman
SAMANTHA P. BATEMAN (D.C. Bar No. 492919)
KYLE R. FREENY (D.C. Bar No. 247857)
ROSA L. BAUM* (D.C. Bar No. 90032839)
WASHINGTON LITIGATION GROUP
1717 K Street N.W., Suite 1120
Washington, D.C. 20006
(202) 521-8750
sbateman@washingtonlitigationgroup.org

*Counsel for Amici Curiae State and Local Election Officials and Election Experts*

* *D.D.C. admission pending*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, I e-filed this motion and its attachments with the Court via CM/ECF, which will complete electronic service to all counsel of record in the above-captioned matters.

<div style="margin-left:auto">

/s/ Samantha P. Bateman
SAMANTHA P. BATEMAN
WASHINGTON LITIGATION GROUP
1717 K Street N.W., Suite 1120
Washington, D.C. 20006
(202) 521-8750
sbateman@washingtonlitigationgroup.org

</div>