**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS' MOTION FOR HEARING**

The Democratic Party Plaintiffs—the Democratic Senatorial Campaign Committee (DSCC), the Democratic Congressional Campaign Committee (DCCC), the Democratic National Committee, Democratic Governors Association, and the Democratic Leaders of the U.S. House and Senate, Hakeem S. Jeffries and Charles E. Schumer, respectively—hereby respectfully request an expedited hearing on their motion for a preliminary injunction pursuant to LCvR 65.1(d), *see* ECF No. 34, to be scheduled during the week of May 11.

## BACKGROUND

As explained in more detail in the Democratic Party Plaintiffs' memorandum in support of their motion for preliminary injunction, ECF No. 55, this case challenges President Trump's Executive Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026) (the "E.O." or "Order"), which purports to rewrite the law governing American elections by executive fiat. The E.O. harms Democratic Party Plaintiffs' electoral prospects, their core operations, and their voter members in at least two ways. *First*, Section 2(a) requires the Secretary of Homeland Security to prepare nationalized lists of every adult American citizen residing in each state ("State Citizenship Lists") and share those lists with state election officials in advance of federal elections. E.O. § 2(a). But the databases the E.O. orders Defendants to use to compile these lists are known to be incomplete, out-of-date, and riddled with inaccuracies, thus all but guaranteeing lists that omit qualified, U.S. citizen voters. *Second*, Section 3(b) orders USPS to create a list of every voter "enrolled" to vote by mail, *id.* § 3(b)(iv), and categorically prohibits USPS from delivering a ballot from any voter who is not "enrolled" on that list, *id.* § 3(b)(iii)—a sweeping change that fundamentally transforms the nature of mail balloting, overriding voters' rights under state law to vote by mail and imposing a brand-new condition on voters' ability to successfully do so that is all but guaranteed to disenfranchise lawful voters.

Democratic Party Plaintiffs brought suit to challenge the E.O. the day after it was issued, *see* ECF No. 1, and other Plaintiff groups soon followed suit. The Court consolidated the cases and ordered a briefing schedule for the various Plaintiff groups' motions for preliminary injunction. Under that briefing schedule, the motions will be fully briefed on May 8, 2026. *See* Minute Order, *League of United Latin Am. Citizens v. Exec. Off. of the President*, No. 26-cv-01132-CJN (D.D.C. Apr. 9, 2026); Order Consolidating Cases, *DSCC v. Trump*, No. 26-cv-01114-CJN (D.D.C. Apr. 9, 2026), ECF No. 27. Democratic Party Plaintiffs therefore respectfully request an expedited hearing on their motion for a preliminary injunction pursuant to LCvR 65.1(d), *see* ECF No. 34, to be scheduled during the week of May 11. NAACP Plaintiffs and LULAC Plaintiffs agree with this proposed schedule.

## ARGUMENT

### I.      Expedited relief is necessary to address Plaintiffs' exigent injuries.

As the Democratic Party Plaintiffs' memorandum in support of their motion and corresponding declarations set out in detail, expedited relief in this case is essential because the Democratic Party Plaintiffs will be irreparably harmed if the E.O. is not enjoined quickly. *See* ECF No. 55 at 39–42. The Democratic Party Plaintiffs are in the midst of finalizing preparations and executing their plans for the 2026 elections—plans that are jeopardized because of the E.O. Because the Democratic Party Plaintiffs "have built their mail ballot and voter turnout strategies based on existing mail ballot rules," and the E.O. "fundamentally changes the rules and process for mail balloting," every day that Plaintiffs must spend addressing the E.O. "represents a lost opportunity to mobilize and persuade voters that cannot be recovered." *Id.* at 40; *see also League of United Latin Am. Citizens v. Exec. Off. of the President*, 780 F. Supp. 3d 135, 201 (D.D.C. 2025) ("[B]ecause each day presents an opportunity to recruit candidates, persuade voters, and galvanize

2

supporters that cannot be restored once lost, the [prior E.O.'s changes to the election process] would irreparably harm the Democratic Party Plaintiffs' interests throughout the country.").

Likewise, with respect to the State Citizenship Lists, "harm to Plaintiffs' members' privacy will occur as soon as those lists are unlawfully created and disseminated, which can occur at any moment." ECF No. 55 at 41. And the Democratic Party Plaintiffs will need to respond to the creation and dissemination of those lists long before the election arrives. The E.O. requires those lists to be shared with states "no fewer than 60 days before each regularly scheduled Federal election"—meaning they must be shared between now and early September *at the latest* for the general election, and sooner for any primary elections. E.O. § 2(a). If not swiftly enjoined, the Democratic Party Plaintiffs will need to carefully monitor the development of the Lists and put voter education and assistance "programs into place to help educate Democratic voters to check whether they are on the lists and to attempt to add themselves to the lists if they are erroneously omitted." ECF No. 55 at 18. These voter assistance and education programs cannot be created overnight—Plaintiffs must plan for them imminently for them to be effective—and the resources required to adequately protect voters and Democratic Party Plaintiffs' unique and critical interests will necessarily come from Plaintiffs' persuasion and mobilization efforts that cannot be restored once lost. *See id.* at 41.

Once voting begins, the E.O.'s changes to mail balloting will also burden and in some cases disenfranchise Plaintiffs' members and voters who rely on USPS to cast their ballots—yet another irreparable harm that cannot be cured later. *See, e.g.*, *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("Courts routinely deem restrictions on fundamental voting rights irreparable injury."). Likewise, any U.S. citizen voter who is erroneously omitted from the State Citizenship Lists as a result of the inherent flaws in attempting to create such lists,

and who is consequently burdened or disenfranchised from voting, will be irreparably injured by the E.O. *See* ECF No. 55 at 40–41. All of this further severely threatens the Democratic Party Plaintiffs' electoral prospects.

In light of the rapidly approaching general election, and the many primary elections that are ongoing, "expedition" in this case is "essential." LCvR 65.1(d).[1] In addition, the Democratic Party Plaintiffs submit that the Court should not "decide[] the motion on the papers." *Id.* A hearing will facilitate the efficient resolution of this matter by providing an opportunity for the parties to respond to the Court's questions and thoroughly address the facts and legal arguments underlying the motion.

## II.    Democratic Party Plaintiffs respectfully request a hearing on their preliminary injunction motion the week of May 11.

Under the Court's existing scheduling order, Plaintiffs' motions for preliminary injunction will be fully briefed on May 8. *See* Order Consolidating Cases, *DSCC*, No. 26-cv-01114-CJN (D.D.C. Apr. 9, 2026), ECF No. 27; Min. Order, *League of United Latin Am. Citizens*, No. 26-cv-01132-CJN (D.D.C. Apr. 9, 2026). On Friday, April 24, the Court granted Defendants' request to file a consolidated brief containing (1) a response to the preliminary-injunction motions and (2) a memorandum in support of their (forthcoming) motions to dismiss. *See* Min. Order Granting Defs.' Mot. for Leave to File (D.D.C. Apr. 24, 2026). However, the Court made clear that "[t]his Order does not change the previously agreed preliminary injunction schedule." *See id*. Thus, Plaintiffs' preliminary injunction motions will be ripe for ruling on May 8.

---

[1] LCvR 65.1(d) provides that "[o]n request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing." In light of the ordered schedule that extends briefing outside the 21-day window, Democratic Party Plaintiffs submit that their request is consistent with the purposes of the rule and that good cause exists to request a hearing within one week of the completion of briefing.

Given the exigent circumstances and the irreparable harm the Order threatens, the Democratic Party Plaintiffs respectfully request that the Court set a hearing on their motion for preliminary injunction during the following week—the week of May 11—and preferably on May 11 or May 12, subject to the Court's availability. NAACP Plaintiffs and LULAC Plaintiffs agree with Democratic Party Plaintiffs' proposed schedule.[2]

Counsel for Democratic Party Plaintiffs contacted counsel for Defendants on Thursday, April 23, to inquire as to Defendants' position on Plaintiffs' request. Defendants' counsel stated their position as follows:

> Defendants defer to the Court as to whether any hearing is necessary in these cases.
>
> If the Court does intend to hold a hearing, Defendants respectfully submit that it would be more efficient to hold one hearing on all pending motions in these consolidated cases (including Defendants' forthcoming motions to dismiss), rather than holding a separate, earlier hearing on Plaintiffs' request for a preliminary-injunction. Defendants' motions to dismiss will not be fully briefed the week of May 11.  For that reason, Defendants oppose Plaintiffs' request for a separate preliminary-injunction hearing the week of May 11, and instead suggest that the Court set a single consolidated hearing on all pending motions. See Order, *League of Women Voters of Mass. v. Trump*, No. 1:26-cv-11549-IT, ECF No. 57 (D. Mass. Apr. 22, 2026) (rejecting a similar request for an earlier, separate hearing on a preliminary-injunction motion in parallel litigation, instead scheduling one omnibus hearing on June 2, 2026).
>
> Defendants thus propose that, if the Court wishes to hold a hearing for some or all of the pending motions, it should order the parties to meet and confer and propose available dates within the Court's preferred parameters on hearing scope and timing.

---

[2] Lead counsel for LULAC Plaintiffs is unavailable on May 13 and May 14 due to travel for another oral argument.

Counsel for Defendants suggested that if their position were represented in full in this motion, they would not file a response in opposition to the motion.[3]

Democratic Party Plaintiffs disagree with Defendants' suggestion that any hearing on Plaintiffs' preliminary injunction motions should be tethered to the briefing on Defendants' yet-to-be-filed motions to dismiss. For the reasons explained above, time is of the essence for Democratic Party Plaintiffs, *supra* Argument § I; any delay in obtaining preliminary relief would likely be immensely prejudicial to Plaintiffs. Defendants should not be allowed to delay resolution of those motions by filing a routine motion to dismiss. *See, e.g.*, *Stimson Lumber Co. v. Coeur D'Alene Tribe*, No. 2:22-CV-00089-DCN, 2022 WL 3027029, at *1 (D. Idaho July 28, 2022) ("Although some of the arguments raised in the Motion to Dismiss duplicate those presented in the Motion for Preliminary Injunction, the Court declines to delay ruling on the Motion for Preliminary Injunction . . . ."); *Zappin v. Doyle*, No. 1:17-cv-08837-KPF, 2018 WL 2376502, at *2 (S.D.N.Y. Apr. 10, 2018) (noting that the court rejected a proposal that would tether preliminary-injunction and motion-to-dismiss briefing, "[n]ot wanting to delay unnecessarily its resolution of Plaintiff's application for emergent relief"), *aff'd*, 756 F. App'x 110 (2d Cir. 2019).

If the Court is inclined to adopt Defendants' proposal of a consolidated hearing, then Democratic Party Plaintiffs request a consolidated hearing be set during the week of May 26, 2026.

## CONCLUSION

For the foregoing reasons, Democratic Party Plaintiffs respectfully request that that the Court grant their motion and schedule an expedited hearing on their motion for a preliminary injunction the week of May 11, or alternatively, the week of May 26.

---

[3] Specifically, counsel for Defendants wrote: "If you can please confirm that you will report our position as quoted above (thus obviating the need for us to file a separate response), we would appreciate it."

Dated: April 28, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Christina Ford (DC 1655542)
Max Accardi (DC 90021259)*
Kevin R. Kowalewski (NY 5946645)**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
cford@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Application for admission pending
**Admitted *pro hac vice*

*Counsel for the Democratic Party Plaintiffs*

7