APPEAL,CONSOL,TYPE–L

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:26–cv–01114–CJN</u>

| | |
|---|---|
| DSCC et al v. TRUMP et al | Date Filed: 04/01/2026 |
| Assigned to: Judge Carl J. Nichols | Jury Demand: None |
| Member cases: | Nature of Suit: 440 Civil Rights: Other |
|   1:26–cv–01132–CJN | Jurisdiction: U.S. Government Defendant |
|   1:26–cv–01151–CJN | |
| Related Cases:  1:26–cv–01132–CJN | |
|                 1:26–cv–01151–CJN | |
| Cause: 28:1331 Fed. Question | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **DSCC** | represented by | **Christina Ford** |

  ELIAS LAW GROUP LLP
  250 Massachusetts Avenue NW
  Suite 400
  Washington, DC 20001
  202–968–4558
  Email: <u>cford@elias.law</u>
  *ATTORNEY TO BE NOTICED*

  **Jacob D. Shelly**
  ELIAS LAW GROUP LLP
  250 Massachusetts Avenue NW
  Suite 400
  Washington, DC 20001
  202–968–4496
  Email: <u>jshelly@elias.law</u>
  *ATTORNEY TO BE NOTICED*

  **Kevin Ronald Kowalewski**
  ELIAS LAW GROUP LLP
  250 Massachusetts Avenue NW
  Suite 400
  Washington, DC 20001
  202–985–3535
  Email: <u>kkowalewski@elias.law</u>
  *PRO HAC VICE*
  *ATTORNEY TO BE NOTICED*

  **Lalitha Madduri**
  ELIAS LAW GROUP LLP
  250 Massachusetts Avenue NW
  Suite 400
  Washington, DC 20001
  202–968–4593
  Email: <u>lmadduri@elias.law</u>

*ATTORNEY TO BE NOTICED*

**Tyler Bishop**
ELIAS LAW GROUP LLP
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101–3099
202–985–0628
Email: tbishop@elias.law
*ATTORNEY TO BE NOTICED*

**Marc Erik Elias**
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202–968–4510
Email: eliasm@elias.law
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DCCC**                                     represented by   **Christina Ford**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Jacob D. Shelly**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Kevin Ronald Kowalewski**
                                                              (See above for address)
                                                              *PRO HAC VICE*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Lalitha Madduri**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Tyler Bishop**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Marc Erik Elias**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEMOCRATIC NATIONAL**                      represented by   **Christina Ford**
**COMMITTEE**                                                 (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Jacob D. Shelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ronald Kowalewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lalitha Madduri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Bishop**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Erik Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**DEMOCRATIC GOVERNORS**          represented by   **Christina Ford**
**ASSOCIATION**                                    (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Jacob D. Shelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ronald Kowalewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lalitha Madduri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Bishop**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Erik Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**CHARLES E. SCHUMER**          represented by   **Christina Ford**
*U.S. SENATE MINORITY LEADER*                    (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

3

**Jacob D. Shelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ronald Kowalewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lalitha Madduri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Bishop**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Erik Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HAKEEM S. JEFFRIES**            represented by  **Christina Ford**
*U.S. HOUSE OF REPRESENTATIVES*                 (See above for address)
*MINORITY LEADER*                               *ATTORNEY TO BE NOTICED*

**Jacob D. Shelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ronald Kowalewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lalitha Madduri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Bishop**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc Erik Elias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LEAGUE OF UNITED LATIN**        represented by  **Anna Marks Baldwin**
**AMERICAN CITIZENS**                             CAMPAIGN LEGAL CENTER

1101 14th St. NW
Suite 400
Washington, DC 20005
202–736–2200
Fax: 202–736–2222
Email: abaldwin@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aseem Mulji**
CAMPAIGN LEGAL CENTER
1101 14th Street NW
Suite 400
Washington, DC 20005
202–868–4777
Email: amulji@campaignlegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Phillips**
CAMPAIGN LEGAL CENTER
1101 14th St. NW
Suite 400
Washington, DC 20005
202–683–4895
Email: bphillips@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle M. Lang**
CAMPAIGN LEGAL CENTER
1101 14th Street, NW
Suite 400
Washington, DC 20005
(202) 736–2200
Fax: (202) 736–2222
Email: dlang@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather Szilagyi**
CAMPAIGN LEGAL CENTER
1101 14th St. NW
Suite 400
Washington, DC 20005
202–736–2200
Email: hszilagyi@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renata O'Donnell**
CAMPAIGN LEGAL CENTER

1101 14th St. NW
Suite 400
Washington, DC 20005
202–746–2200
Email: rodonnell@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Brent Ferguson**
3465 Holmead Place NW
Washington, DC 20010
918–576–4318
Email: bferguson@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sejal Jhaveri**
CAMPAIGN LEGAL CENTER
1101 14th St. NW
Suite 400
Washington, DC 20005
202–736–2200
Email: sjhaveri@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valencia Richardson**
CAMPAIGN LEGAL CENTER
1101 14th St. NW
Suite 400
Washington, DC 20005
318–573–8984
Email: vrichardson@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202–594–9958
Email: norman@democracydefenders.org
*ATTORNEY TO BE NOTICED*

**Pooja Chaudhuri**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202–594–9958
Email: pooja@statedemocracydefenders.org

*ATTORNEY TO BE NOTICED*

**Sofia Fernandez Gold**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202−594−9958
Email: Sofia@statedemocracydefenders.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SECURE FAMILIES INITIATIVE**  represented by  **Anna Marks Baldwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aseem Mulji**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle M. Lang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather Szilagyi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renata O'Donnell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Brent Ferguson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sejal Jhaveri**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valencia Richardson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pooja Chaudhuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sofia Fernandez Gold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ARIZONA STUDENTS'**
**ASSOCIATION**                    represented by    **Anna Marks Baldwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aseem Mulji**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle M. Lang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather Szilagyi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renata O'Donnell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Brent Ferguson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sejal Jhaveri**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valencia Richardson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pooja Chaudhuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sofia Fernandez Gold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**

represented by **Catherine Meza**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Suite 900
Washington, DC 20005
202–662–8323
Email: cmeza@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Javon Davis**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202–662–8353
Email: jdavis@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005

202–662–8600
Email: rweiner@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth S. Theodore**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942–5891
Fax: (202) 942–5999
Email: elisabeth.theodore@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202–662–8365
Email: gthomas@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Jeffrey Blumberg**
LAWYERS COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St., NW
Washington, DC 20005
202–747–4608
Email: jblumberg@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Jeremy Karpatkin**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
202–942–5564
Email: Jeremy.Karpatkin@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–5316
Fax: (202) 942–5999
Email: john.freedman@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Marlin David Rollins–Boyd**
LAWYERS COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St., NW
Washington, DC 20005
202–662–8351
Email: drollins–boyd@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Nicholas Anway**
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202–942–6076
Email: nicholas.casmier.anway@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Orion DE Nevers**
ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, DC 20001
202–942–5918
Email: orion.denevers@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMON CAUSE**                    represented by   **Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Javon Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth S. Theodore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Blumberg**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jeremy Karpatkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marlin David Rollins–Boyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Anway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Orion DE Nevers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMON CAUSE EDUCATION FUND**                    represented by   **Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Javon Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth S. Theodore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Blumberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Karpatkin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marlin David Rollins–Boyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Anway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Orion DE Nevers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BLACK VOTERS MATTER FUND, INC.**    represented by   **Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Javon Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth S. Theodore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Blumberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Karpatkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Marlin David Rollins–Boyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Anway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Orion DE Nevers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BVM CAPACITY BUILDING INSTITUTE, INC.**

represented by  **Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Javon Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth S. Theodore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Blumberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Karpatkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Arak Freedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marlin David Rollins–Boyd**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Nicholas Anway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Orion DE Nevers**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DONALD J. TRUMP**
*in his official capacity as President of
the United States*

represented by   **Esam Al–Shareffi**
DOJ–CIV
1100 L Street
Room 12520
Washington, DC 20005
845–536–4560
Email: esam.k.al–shareffi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 305–8576
Fax: (202) 616–8470
Email: stephen.pezzi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**EXECUTIVE OFFICE OF THE
PRESIDENT**

represented by   **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT
OF JUSTICE**

represented by   **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES POSTAL**          represented by   **Esam Al–Shareffi**
**SERVICE**                                         (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                   **Stephen M. Pezzi**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF**             represented by   **Esam Al–Shareffi**
**HOMELAND SECURITY**                               (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                   **Stephen M. Pezzi**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. CITIZENSHIP AND**           represented by   **Esam Al–Shareffi**
**IMMIGRATION SERVICES**                            (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                   **Stephen M. Pezzi**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**SOCIAL SECURITY**                represented by   **Esam Al–Shareffi**
**ADMINISTRATION**                                  (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                   **Stephen M. Pezzi**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF
COMMERCE**

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELA BONDI**
*in her official capacity as U.S. Attorney
General*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID STEINER**
*in his official capacity as U.S.
Postmaster General*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARKWAYNE MULLIN**
*in his official capacity as Secretary of
Homeland Security*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH B. EDLOW**
*in his official capacity as Director of the
U.S. Citizenship and Immigration
Services*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FRANK J. BISIGNANO**                    represented by   **Esam Al–Shareffi**
*in his official capacity as Commissioner*                    (See above for address)
*of the Social Security Administration*                        *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HOWARD LUTNICK**                         represented by   **Esam Al–Shareffi**
*in his official capacity as Secretary of*                       (See above for address)
*the Department of Commerce*                                 *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMBER F. MCREYNOLDS**                 represented by   **Esam Al–Shareffi**
*in her official capacity as Chair of the*                        (See above for address)
*Board of Governors of the United States*                    *LEAD ATTORNEY*
*Postal Service*                                                        *ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BOARD OF GOVERNORS OF THE**          represented by   **Esam Al–Shareffi**
**UNITED STATES POSTAL**                                       (See above for address)
**SERVICE**                                                              *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

Stephen M. Pezzi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANIEL M. TANGHERLINI**
*in his official capacity as Member of the*
*Board of Governors of the United States*
*Postal Service*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEREK KAN**
*in his official capacity as Vice Chairman*
*of the Board of Governors of the United*
*States Postal Service*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RONALD A. STROMAN**
*in his official capacity as Member of the*
*Board of Governors of the United States*
*Postal Service*

represented by **Esam Al–Shareffi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Pezzi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**STATE OF MISSOURI**

represented by **John Michael Patton**
OFFICE OF THE MISSOURI
ATTORNEY GENERAL
615 E. 13th Street
Suite 401
Kansas City, MO 64106
816–889–2250
Email: michael.patton@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
MISSOURI ATTORNEY GENERAL'S
OFFICE
Solicitor General

815 Olive Street
St Louis, Missouri 63101, Suite 200
St Louis, MO 63101
717–802–2077
Email: Louis.Capozzi@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF ALABAMA**    represented by    **Alexander Barrett Bowdre**
STATE OF ALABAMA
OFFICE OF THE ATTORNEY
GENERAL
501 Washington Ave.
PO Box 300152
Montgomery, AL 36130–0152
334–353–8892
Email: barrett.bowdre@alabamaag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF FLORIDA**    represented by    **Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF INDIANA**    represented by    **James Allen Barta**
OFFICE OF THE INDIANA ATTORNEY
GENERAL
302 West Washington Street
IGCS–5th Floor
Indianapolis, IN 46204
317–232–0709
Email: james.barta@atg.in.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF KANSAS**      represented by    **James Rodriguez**
KANSAS ATTORNEY GENERAL'S
OFFICE
120 SW 10th Ave, 2d Fl
Topeka, KS 66612
785–368–8197
Email: jay.rodriguez@ag.ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF LOUISIANA**      represented by    **Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF MONTANA**      represented by    **Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF NEBRASKA**      represented by    **Cody S Barnett**
NEBRASKA ATTORNEY GENERAL'S
OFFICE
1445 K Street
Ste 2115
Lincoln, NE 68508
402–471–6933
Email: cody.barnett@nebraska.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF OKLAHOMA**      represented by    **Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF SOUTH CAROLINA**                represented by   **Joseph David Spate**
SOUTH CAROLINA ATTORNEY
GENERAL'S OFFICE
P.O. Box 11549
Columbia, SC 29211
803−734−3371
Email: josephspate@scag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF SOUTH DAKOTA**                represented by   **Grant Michael Flynn**
OFFICE OF THE ATTORNEY
GENERAL SOUTH DAKOTA
1302 East SD Highway 1889
Suite 1
Pierre, SD 57501−8501
605−773−3215
Fax: 605−773−4106
Email: grant.flynn@state.sd.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**STATE OF TEXAS**                represented by   **Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**STATE AND LOCAL ELECTION**                represented by   **Samantha P. Bateman**
**OFFICIALS AND ELECTION**                WASHINGTON LITIGATION GROUP
**EXPERTS**                1717 K St NW
Washington, DC 20006
202−521−8755
Email: sbateman@washingtonlitigationgroup.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**EMANUEL MCCRAY**
*TERMINATED: 05/11/2026*

represented by **EMANUEL MCCRAY**
400 W. McLoughlin Blvd.
Apt. 5
Vancouver, WA 98660
PRO SE

**Amicus**

**SOCIETY FOR THE RULE OF LAW**

represented by **Nancy A. Temple**
KATTEN & TEMPLE LLP
209 S. LaSalle Street
Suite 950
Chicago, IL 60604
312–663–0800
Email: ntemple@kattentemple.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard D. Bernstein**
1875 K Street N.W.
Washington, DC 20006
301–775–2064
Email: rbernsteinlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**WISCONSIN DEMOCRACY
CAMPAIGN, INC.**

represented by **Douglas Maynard Poland**
LAW FORWARD, INC.
222 West Washington Avenue
Suite 680
Madison, WI 53703
608–283–9822
Email: dpoland@lawforward.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Mandell**
LAW FORWARD, INC.
222 West Washington Avenue
Suite 250
Madison, WI 53703
608–218–4155
Email: jmandell@lawforward.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Elizabeth Snyder**
LAW FORWARD

23

222 West Washington Ave
Suite 680
Madison, WI 53703
608–289–3896
Email: rsnyder@lawforward.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**EXPO OF WISCONSIN, INC.**                      represented by   **Douglas Maynard Poland**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Mandell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Elizabeth Snyder**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**JALEYCE ORAEDU**                      represented by   **Douglas Maynard Poland**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Mandell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Elizabeth Snyder**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**JASMINE ORAEDU**                      represented by   **Douglas Maynard Poland**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Mandell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Elizabeth Snyder**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AHARON SHELEF**                    represented by    **Douglas Maynard Poland**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Mandell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Elizabeth Snyder**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICA'S FUTURE**                 represented by    **William Jeffrey Olson**
WILLIAM J. OLSON, P.C.
370 Maple Avenue West
Suite 4
Vienna, VA 22180
(703) 356–5070
Fax: (703) 356–5085
Email: wjo@mindspring.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CITIZENS UNITED**                  represented by    **William Jeffrey Olson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

represented by

25

**FEDERATION FOR AMERICAN
IMMIGRATION REFORM**

**Christopher Joseph Hajec**
FEDERATION FOR AMERICAN
IMMIGRATION REFORM
25 Massachusetts Ave., NW
Suite 335
Washington, DC 20001
202–232–5590
Email: chajec@fairus.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matt A. Crapo**
FEDERATION FOR AMERICAN
IMMIGRATION REFORM
25 Massachusetts Ave., NW
Suite 330
Washington, DC 20001
571–435–3582
Fax: 202–387–3447
Email: mcrapo@fairus.org
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/01/2026 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–12335628) filed by DCCC, DSCC, HAKEEM S. JEFFRIES, DEMOCRATIC NATIONAL COMMITTEE, DEMOCRATIC GOVERNORS ASSOCIATION, CHARLES E. SCHUMER. (Attachments: # 1 Exhibit A – Executive Order, # 2 Civil Cover Sheet, # 3 Summons Donald J. Trump, # 4 Summons Executive Office of the President, # 5 Summons U.S. Department of Justice, # 6 Summons U.S. Postal Service, # 7 Summons U.S. Department of Homeland Security, # 8 Summons U.S. Citizenship and Immigration Services, # 9 Summons Social Security Administration, # 10 Summons U.S. Department of Commerce, # 11 Summons Pamela Bondi, # 12 Summons David Steiner, # 13 Summons Markwayne Mullin, # 14 Summons Joseph B. Edlow, # 15 Summons Frank J. Bisignano, # 16 Summons Howard Lutnick)(Elias, Marc) (Attachment 2 replaced on 4/2/2026) (zmtm). (Entered: 04/01/2026) |
| 04/01/2026 | 2 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:25–cv–946–CKK. (Elias, Marc) (Entered: 04/01/2026) |
| 04/01/2026 | 3 | NOTICE of Appearance by Marc Erik Elias on behalf of All Plaintiffs (Elias, Marc) (Entered: 04/01/2026) |
| 04/01/2026 | 4 | NOTICE of Appearance by Lalitha Madduri on behalf of All Plaintiffs (Madduri, Lalitha) (Entered: 04/01/2026) |
| 04/01/2026 | 5 | NOTICE of Appearance by Jacob D. Shelly on behalf of All Plaintiffs (Shelly, Jacob) (Entered: 04/01/2026) |
| 04/01/2026 | 6 | NOTICE of Appearance by Christina Ford on behalf of All Plaintiffs (Ford, Christina) (Entered: 04/01/2026) |

| 04/01/2026 | 7 | NOTICE of Appearance by Tyler Bishop on behalf of All Plaintiffs (Bishop, Tyler) (Entered: 04/01/2026) |
|---|---|---|
| 04/02/2026 | | Case Assigned to Judge Colleen Kollar–Kotelly. (zmtm) (Entered: 04/02/2026) |
| 04/02/2026 | 8 | SUMMONS (14) Issued Electronically as to All Defendants and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 04/02/2026) |
| 04/02/2026 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: Missing summonses– U.S. Attorney. When naming a U.S. government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue. (zmtm) (Entered: 04/02/2026) |
| 04/02/2026 | 9 | REQUEST FOR SUMMONS TO ISSUE filed by DCCC, DSCC, HAKEEM S. JEFFRIES, DEMOCRATIC NATIONAL COMMITTEE, DEMOCRATIC GOVERNORS ASSOCIATION, CHARLES E. SCHUMER.(Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 10 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DEMOCRATIC NATIONAL COMMITTEE (Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 11 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DEMOCRATIC GOVERNORS ASSOCIATION (Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 12 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DCCC (Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 13 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DSCC (Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 14 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Sealed Notice)(Elias, Marc) (Entered: 04/02/2026) |
| 04/02/2026 | 15 | ORDER ESTABLISHING PROCEDURES FOR CIVIL CASES ASSIGNED TO JUDGE COLLEEN KOLLAR–KOTELLY. Signed by Judge Colleen Kollar–Kotelly on 04/02/2026. (lcckk1) (Entered: 04/02/2026) |
| 04/02/2026 | 19 | SEALED DOCUMENT – Notice filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. re 1 Complaint,,,. (This document is SEALED and only available to authorized persons.)(zjm) (Entered: 04/06/2026) |
| 04/03/2026 | 16 | SUMMONS (1) Issued Electronically as to U.S. Attorney (Attachments: # 1 Notice and Consent)(zjm) (Entered: 04/03/2026) |
| 04/03/2026 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin Kowalewski, Filing fee $ 100, receipt number ADCDC–12340799. Fee Status: Fee Paid. by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Declaration of Kevin Kowalewski, # 2 Exhibit Certificate of Good |

| | | |
|---|---|---|
| | | Standing, # 3 Text of Proposed Order)(Madduri, Lalitha) (Entered: 04/03/2026) |
| 04/06/2026 | 18 | ORDER directing the parties in Case Nos. 26–1114 and 26–1132 to MEET AND CONFER to discuss whether the two cases should be consolidated, setting deadlines, and addressing other preliminary matters. See Order for further details. Signed by Judge Colleen Kollar–Kotelly on 04/06/2026. (lcckk1) (Entered: 04/06/2026) |
| 04/06/2026 | | MINUTE ORDER granting 17 Motion for Leave to Appear *Pro Hac Vice* with respect to Attorney Kevin Kowalewski, in order for him to appear as co–counsel for Plaintiffs, **CONTINGENT on said attorney filing a declaration certifying familiarity with this Court's Local Rules by no later than April 21, 2026. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a) Click for instructions. Signed by Judge Colleen Kollar–Kotelly on 4/6/2026. (lcckk3) (Entered: 04/06/2026)** |
| 04/06/2026 | 20 | DECLARATION *of Kevin R. Kowalewski in Support of Motion for Admission Pro Hac Vice* by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER re 17 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kevin Kowalewski, Filing fee $ 100, receipt number ADCDC–12340799. Fee Status: Fee Paid.. (Kowalewski, Kevin) (Entered: 04/06/2026) |
| 04/06/2026 | 21 | NOTICE of Appearance by Kevin Ronald Kowalewski on behalf of All Plaintiffs (Kowalewski, Kevin) (Entered: 04/06/2026) |
| 04/08/2026 | 22 | NOTICE of Appearance by Esam Al–Shareffi on behalf of All Defendants (Al–Shareffi, Esam) (Entered: 04/08/2026) |
| 04/08/2026 | 23 | MOTION to Reassign Case *Objection to Notice of Related Case* by FRANK J. BISIGNANO, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, HOWARD LUTNICK, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Al–Shareffi, Esam) (Entered: 04/08/2026) |
| 04/08/2026 | 24 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/3/2026. Answer due for ALL FEDERAL DEFENDANTS by 6/2/2026. (Madduri, Lalitha) (Entered: 04/08/2026) |
| 04/08/2026 | 25 | RESPONSE TO ORDER OF THE COURT re 18 Order, filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Madduri, Lalitha) (Entered: 04/08/2026) |
| 04/08/2026 | 26 | ORDER granting (23) Motion to Reassign Case in case 1:26–cv–01114–CKK; granting (16) Motion to Reassign Case in case 1:26–cv–01132–CKK. Signed by Judge Colleen Kollar–Kotelly on 4/8/2026. (lcckk3) (Entered: 04/08/2026) |
| 04/09/2026 | | Case randomly reassigned to Judge Carl J. Nichols pursuant to 26 Order dated 4/8/2026. Judge Colleen Kollar–Kotelly is no longer assigned to the case. (ztnr) (Entered: 04/09/2026) |

| 04/09/2026 | 27 | ORDER CONSOLIDATING CASES. Signed by Judge Carl J. Nichols on 4/9/2026. (lccjn1) (Entered: 04/09/2026) |
|---|---|---|
| 04/09/2026 | 28 | NOTICE *of Filing Opposition to LULAC Plaintiffs' Motion for Expedited Discovery* by FRANK J. BISIGNANO, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, HOWARD LUTNICK, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE (Al−Shareffi, Esam) (Entered: 04/09/2026) |
| 04/10/2026 | 29 | MOTION for Preliminary Injunction by LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE, ARIZONA STUDENTS' ASSOCIATION. (Lang, Danielle) (Entered: 04/10/2026) |
| 04/10/2026 | 30 | NOTICE of Appearance by Anna Marks Baldwin on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Baldwin, Anna) (Entered: 04/10/2026) |
| 04/10/2026 | 31 | NOTICE of Appearance by Robert Brent Ferguson on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Ferguson, Robert) (Entered: 04/10/2026) |
| 04/10/2026 | 32 | NOTICE of Appearance by Renata O'Donnell on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (O'Donnell, Renata) (Entered: 04/10/2026) |
| 04/10/2026 | 33 | NOTICE of Appearance by Heather Szilagyi on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Szilagyi, Heather) (Entered: 04/10/2026) |
| 04/10/2026 | 34 | MOTION for Preliminary Injunction by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Madduri, Lalitha) (Entered: 04/10/2026) |
| 04/10/2026 | 35 | NOTICE of Appearance by Benjamin Phillips on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Phillips, Benjamin) (Entered: 04/10/2026) |
| 04/10/2026 | 36 | REPLY to opposition to motion re 17 Motion to Expedite filed by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. . (Baldwin, Anna) Modified docket text on 4/13/2026, pursuant to Counsel (mg). (Entered: 04/10/2026) |
| 04/10/2026 | 37 | MOTION for Preliminary Injunction by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, COMMON CAUSE, COMMON CAUSE EDUCATION FUND, BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC.. (Freedman, John) (Entered: 04/10/2026) |
| 04/10/2026 | 38 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by BLACK VOTERS MATTER FUND, INC. (Freedman, John) (Entered: 04/10/2026) |

| 04/10/2026 | 39 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by BVM CAPACITY BUILDING INSTITUTE, INC. (Freedman, John) (Entered: 04/10/2026) |
|---|---|---|
| 04/10/2026 | 40 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by COMMON CAUSE (Freedman, John) (Entered: 04/10/2026) |
| 04/10/2026 | 41 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Freedman, John) (Entered: 04/10/2026) |
| 04/10/2026 | 42 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by COMMON CAUSE EDUCATION FUND (Freedman, John) (Entered: 04/10/2026) |
| 04/12/2026 |  | MINUTE ORDER. Upon consideration of the 36 Motion to Expedite Discovery, and the entire record herein, it is hereby ORDERED that the motion is DENIED WITHOUT PREJUDICE. In the event that the Court later determines that discovery would assist in resolving the motions for a preliminary injunction, the Court may order such discovery on an expedited basis. So ORDERED by Judge Carl J. Nichols on 4/12/2026. (lccjn1) (Entered: 04/12/2026) |
| 04/13/2026 | 43 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/13/2026. Answer due for ALL FEDERAL DEFENDANTS by 6/12/2026. (Lang, Danielle) (Entered: 04/13/2026) |
| 04/13/2026 | 44 | NOTICE of Appearance by Sofia Fernandez Gold on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Gold, Sofia) (Entered: 04/13/2026) |
| 04/13/2026 | 45 | NOTICE of Appearance by Pooja Chaudhuri on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Chaudhuri, Pooja) (Entered: 04/13/2026) |
| 04/13/2026 | 46 | NOTICE of Appearance by Stephen M. Pezzi on behalf of All Defendants (Pezzi, Stephen) (Entered: 04/13/2026) |
| 04/14/2026 |  | Cases Consolidated. The following cases have been consolidated with this case: 26cv1132, 26cv1151 pursuant to 27 Order filed 4/9/2026. From this date forward, all pleadings shall be filed ONLY in this case. Parties are advised NOT to elect the SPREAD TEXT option when filing in ECF, as this will result in repetitive docketing. (znmw) (Entered: 04/14/2026) |
| 04/14/2026 | 47 | NOTICE of Appearance by Norman Larry Eisen on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Eisen, Norman) (Entered: 04/14/2026) |
| 04/14/2026 | 48 | STANDING ORDER. Signed by Judge Carl J. Nichols on 4/14/2026. (lccjn1) (Entered: 04/14/2026) |
| 04/17/2026 | 49 | NOTICE of Appearance by Richard D. Bernstein on behalf of Society For The Rule of Law (Bernstein, Richard) (Entered: 04/17/2026) |
| 04/17/2026 | 50 |  |

| | | |
|---|---|---|
| | | Unopposed MOTION for Leave to File Amicus Brief *as Amicus Curiae of The Society For the Rule of Law* by Society For The Rule of Law. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Bernstein, Richard) (Entered: 04/17/2026) |
| 04/17/2026 | 51 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nancy A. Temple, Filing fee $ 100, receipt number ADCDC–12367061. Fee Status: Fee Paid. by Society For The Rule of Law. (Attachments: # 1 Declaration of Nancy A. Temple, # 2 Text of Proposed Order)(Bernstein, Richard) (Entered: 04/17/2026) |
| 04/17/2026 | 52 | NOTICE of Proposed Order by Society For The Rule of Law re 50 Unopposed MOTION for Leave to File Amicus Brief *as Amicus Curiae of The Society For the Rule of Law* (Bernstein, Richard) (Entered: 04/17/2026) |
| 04/17/2026 | | MINUTE ORDER. The Court having considered the 51 Motion for Admission Pro Hac Vice of Nancy A. Temple, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(e), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Nancy A. Temple is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 4/17/2026. (lccjn1) (Entered: 04/17/2026) |
| 04/17/2026 | | MINUTE ORDER. It is hereby ORDERED that the Society for the Rule of Law's 50 Motion for Leave to File Amicus Brief is GRANTED. So ORDERED by Judge Carl J. Nichols on 4/17/2026. (lccjn1) (Entered: 04/17/2026) |
| 04/17/2026 | 53 | MEMORANDUM re 29 MOTION for Preliminary Injunction by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1– Executive Order No. 14399, # 3 Exhibit 2– Federal Post Card Application, # 4 Exhibit 3– Executive Order No. 14248, # 5 Exhibit 4– Privacy Impact Assessment for the Systematic Alien Verification Entitlements Program, # 6 Exhibit 5– Post Election Audit Report: General Election 2016, # 7 Exhibit 6– Westat Report to DHS, # 8 Exhibit 7– Privacy Impact Assessment for the Systematic Alien Verification Entitlements Program, # 9 Exhibit 8– Hrg Tr., United States v. Bellows, # 10 Exhibit 9– Confidential Memorandum of Understanding executed with Texas, # 11 Exhibit 10– Confidential Memorandum of Understanding executed with Alaska, # 12 Exhibit 11– Declaration of Sarah Streyder, # 13 Exhibit 12– Declaration of Jessica Mendoza, # 14 Exhibit 13– Declaration of Janessa Zucchetto, # 15 Exhibit 14– Declaration of Kelsi Kiper, # 16 Exhibit 15– Declaration of Brittney Haddix, # 17 Exhibit 16– Declaration of Wyatt Perkins, # 18 Exhibit 17– Declaration of Evan Stasch, # 19 Exhibit 18– Declaration of Juan Proao, # 20 Exhibit 19– Declaration of Gustavo Rivera, # 21 Exhibit 20– Declaration of Gabriel Rosales, # 22 Exhibit 21– Declaration of Diego Jacob Sandoval, # 23 Exhibit 22– 2024 Post–Election Analysis Report)(Lang, Danielle) (Entered: 04/17/2026) |
| 04/17/2026 | 54 | MEMORANDUM re 37 MOTION for Preliminary Injunction by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Ex. 1. – DECLARATION OF TYLER STERLING, # 2 Ex. 2. – DECLARATION OF ALPHONSO BRAGGS, # 3 Ex. 3. – DECLARATION OF ELENA NUNEZ, # 4 Ex. 4. – DECLARATION OF KYLE GIDDINGS, # 5 Ex. 5. – |

| | | |
|---|---|---|
| | | DECLARATION OF ADRIAN JAMES LOMAX, # 6 Ex. 6. – DECLARATION OF JILL HOWARD, # 7 Ex. 7. – DECLARATION OF CATHERINE BALAN, # 8 Ex. 8. – DECLARATION OF BRIAN JAMES FREEMAN, # 9 Ex. 9. – DECLARATION OF CLIFFORD ALBRIGHT, # 10 Ex. 10. – DECLARATION OF MICHAEL P. MCDONALD, # 11 [Proposed] Order)(Freedman, John) (Entered: 04/17/2026) |
| 04/17/2026 | 55 | MEMORANDUM re 34 MOTION for Preliminary Injunction by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Index of Exhibits, # 2 Madduri Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Text of Proposed Order)(Madduri, Lalitha) (Entered: 04/17/2026) |
| 04/20/2026 | 56 | AMICUS BRIEF by SOCIETY FOR THE RULE OF LAW. (Bernstein, Richard) (Entered: 04/20/2026) |
| 04/20/2026 | 57 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 04/13/2026. (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 58 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF COMMERCE served on 4/10/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 59 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID STEINER served on 4/16/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 60 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF HOMELAND SECURITY served on 4/16/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 61 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF JUSTICE served on 4/13/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 62 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FRANK J. BISIGNANO served on 4/10/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 63 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HOWARD LUTNICK served on 4/9/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 64 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOSEPH B. EDLOW served on 4/10/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 65 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MARKWAYNE MULLIN served on 4/9/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 66 | |

| | | |
|---|---|---|
| | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PAMELA BONDI served on 4/10/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 67 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SOCIAL SECURITY ADMINISTRATION served on 4/16/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 68 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. CITIZENSHIP AND IMMIGRATION SERVICES served on 4/10/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 69 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES POSTAL SERVICE served on 4/13/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 70 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AMBER F. MCREYNOLDS served on 4/13/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 71 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE served on 4/13/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 72 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DANIEL M. TANGHERLINI served on 4/16/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 73 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEREK KAN served on 4/13/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 74 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RONALD A. STROMAN served on 4/16/2026 (Lang, Danielle) (Entered: 04/20/2026) |
| 04/20/2026 | 75 | NOTICE of Appearance by Nancy A Temple on behalf of SOCIETY FOR THE RULE OF LAW (Temple, Nancy) (Entered: 04/20/2026) |
| 04/20/2026 | 76 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FRANK J. BISIGNANO served on 4/6/2026; PAMELA BONDI served on 4/7/2026; JOSEPH B. EDLOW served on 4/6/2026; HOWARD LUTNICK served on 4/8/2026; MARKWAYNE MULLIN served on 4/13/2026; SOCIAL SECURITY ADMINISTRATION served on 4/6/2026; DAVID STEINER served on 4/9/2026; U.S. CITIZENSHIP AND IMMIGRATION SERVICES served on 4/6/2026; U.S. DEPARTMENT OF COMMERCE served on 4/8/2026; U.S. DEPARTMENT OF HOMELAND SECURITY served on 4/8/2026; UNITED STATES DEPARTMENT OF JUSTICE served on 4/9/2026; UNITED STATES POSTAL SERVICE served on 4/7/2026 (Madduri, Lalitha) (Entered: 04/20/2026) |
| 04/20/2026 | 77 | MOTION to Intervene by STATE OF MISSOURI, STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS. (Attachments: # 1 Memorandum in Support of Motion to Intervene, # 2 Proposed Motion to Dismiss, # 3 Proposed Memorandum in Support of Motion to Dismiss)Associated Cases: 1:26–cv–01114–CJN, 1:26–cv–01132–CJN, 1:26–cv–01151–CJN(Capozzi, Louis) (Entered: 04/20/2026) |

| 04/21/2026 | 78 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. EXECUTIVE OFFICE OF THE PRESIDENT served on 4/21/2026 (Lang, Danielle) (Entered: 04/21/2026) |
|---|---|---|
| 04/21/2026 | 79 | NOTICE of Appearance by John Michael Patton on behalf of STATE OF MISSOURI (Patton, John) (Entered: 04/21/2026) |
| 04/21/2026 | 80 | NOTICE of Appearance by James Allen Barta on behalf of STATE OF INDIANA (Barta, James) (Entered: 04/21/2026) |
| 04/21/2026 | 81 | NOTICE of Appearance by Louis Joseph Capozzi, III on behalf of STATE OF MISSOURI (Capozzi, Louis) (Entered: 04/21/2026) |
| 04/21/2026 | 82 | NOTICE of Appearance by James Rodriguez on behalf of STATE OF KANSAS (Rodriguez, James) (Entered: 04/21/2026) |
| 04/21/2026 | | MINUTE ORDER. It is hereby ORDERED that Plaintiffs and the United States shall file responses to the States' 77 Motion to Intervene on or before April 24, 2026; the States shall file any reply on or before April 27, 2026. So ORDERED by Judge Carl J. Nichols on 4/21/2026. (lccjn1) (Entered: 04/21/2026) |
| 04/21/2026 | 83 | NOTICE of Appearance by Alexander Barrett Bowdre on behalf of STATE OF ALABAMA (Bowdre, Alexander) (Entered: 04/21/2026) |
| 04/22/2026 | 84 | NOTICE of Proposed Order by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE re 53 Memorandum,,,,,, (Lang, Danielle) (Entered: 04/22/2026) |
| 04/22/2026 | 85 | NOTICE of Appearance by Cody S Barnett on behalf of STATE OF NEBRASKA (Barnett, Cody) (Entered: 04/22/2026) |
| 04/23/2026 | 86 | MOTION for Leave to File *One Combined Brief in Opposition to Plaintiffs' Motions for a Preliminary Injunction and in Support of Defendants' Motions to Dismiss* by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Text of Proposed Order)(Pezzi, Stephen) (Entered: 04/23/2026) |
| 04/23/2026 | | MINUTE ORDER. Upon consideration of Defendants' 86 motion for leave to file one combined brief, the Court hereby ORDERS the NAACP Plaintiffs to file an opposition on or before April 24, 2026, at 10:00 AM. So ORDERED by Judge Carl J. Nichols on 4/23/2026. (lccjn1) (Entered: 04/23/2026) |
| 04/24/2026 | 87 | RESPONSE re 86 MOTION for Leave to File *One Combined Brief in Opposition to Plaintiffs' Motions for a Preliminary Injunction and in Support of Defendants' Motions to Dismiss* filed by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Exhibit A, # 2 [Proposed] Order)(Freedman, John) (Entered: 04/24/2026) |

| 04/24/2026 | 88 | RESPONSE re 77 MOTION to Intervene filed by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, SOCIETY FOR THE RULE OF LAW, STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Al–Shareffi, Esam) (Entered: 04/24/2026) |
|---|---|---|
| 04/24/2026 | 89 | RESPONSE re 77 MOTION to Intervene filed by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. (Baldwin, Anna) (Entered: 04/24/2026) |
| 04/24/2026 | 90 | RESPONSE re 77 MOTION to Intervene filed by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Freedman, John) (Entered: 04/24/2026) |
| 04/24/2026 | | MINUTE ORDER. Upon consideration of Defendants' 86 motion for leave to file one combined brief, and the entire record herein, it is hereby ORDERED that Defendants' motion is GRANTED; and it is further ORDERED that Defendants may file one combined brief, not to exceed 70 pages simultaneously (1) opposing Plaintiffs' three motions for a preliminary injunction and (2) supporting Defendants' (forthcoming) motions to dismiss. This Order does not change the previously agreed preliminary injunction schedule. Plaintiffs shall file their oppositions to Defendants' (forthcoming) motions to dismiss on or before May 15, 2026, and Defendants shall file any reply on or before May 22, 2026. So ORDERED by Judge Carl J. Nichols on 4/24/2026. (lccjn1) (Entered: 04/24/2026) |
| 04/24/2026 | 91 | NOTICE of Appearance by Jeffrey A. Mandell on behalf of Wisconsin Democracy Campaign, Inc., EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef (Mandell, Jeffrey) (Main Document 91 replaced on 4/27/2026) (znmw). (Entered: 04/24/2026) |
| 04/24/2026 | 92 | MOTION for Leave to File Amicus Brief by Wisconsin Democracy Campaign, Inc., EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef. (Attachments: # 1 Exhibit Brief of Proposed Amici Curiae WDC et al, # 2 Exhibit Ex. 1 to Brief of Proposed Amici Curiae WDC et al, # 3 Text of Proposed Order Proposed Order Granting Leave of Amici Curiae WDC et al to File Brief)(Mandell, Jeffrey) (Entered: 04/24/2026) |
| 04/24/2026 | 93 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rachel E. Snyder, Filing fee $ 100, receipt number ADCDC–12381960. Fee Status: Fee Paid. by EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef, Wisconsin Democracy Campaign, Inc.. (Attachments: # 1 Declaration Declaration of Rachel E. Snyder, # 2 Text of Proposed Order Proposed Order Granting Rachel E. Snyder Leave to Appear Pro Hac Vice)(Mandell, Jeffrey) (Attachment 1 replaced on 4/27/2026) |

35

| | | |
|---|---|---|
| | | (znmw). (Entered: 04/24/2026) |
| 04/24/2026 | 94 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Douglas M. Poland, Filing fee $ 100, receipt number ADCDC–12381963. Fee Status: Fee Paid. by EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef, Wisconsin Democracy Campaign, Inc.. (Attachments: # 1 Declaration Declaration of Douglas M. Poland, # 2 Text of Proposed Order Proposed Order Granting Douglas M. Poland Leave to Appear Pro Hac Vice)(Mandell, Jeffrey) (Attachment 1 replaced on 4/27/2026) (znmw). (Entered: 04/24/2026) |
| 04/24/2026 | 95 | RESPONSE re 77 MOTION to Intervene filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Text of Proposed Order)(Madduri, Lalitha) (Entered: 04/24/2026) |
| 04/26/2026 | 96 | MOTION for Leave to File Amicus Brief by EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, Aharon Shelef, Wisconsin Democracy Campaign, Inc.. (Attachments: # 1 Exhibit Corrected Brief of Proposed Amici Curiae WDC et al, # 2 Exhibit Ex. 1 to Corrected Brief of Amici Curiae WDC et al – Luedtke v. Yunker Opinion, # 3 Text of Proposed Order Proposed Order Granting Motion for Leave to File Corrected Brief of Amici Curiae WDC et al)(Mandell, Jeffrey) (Entered: 04/26/2026) |
| 04/27/2026 | 97 | MOTION for Leave to File Amicus Brief*in Support of Plaintiffs* by STATE AND LOCAL ELECTION OFFICIALS AND ELECTION EXPERTS. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)Associated Cases: 1:26–cv–01114–CJN, 1:26–cv–01132–CJN, 1:26–cv–01151–CJN(Bateman, Samantha) (Entered: 04/27/2026) |
| 04/27/2026 | 98 | REPLY to opposition to motion re 77 Motion to Intervene,, filed by STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS. (Capozzi, Louis) (Entered: 04/27/2026) |
| 04/28/2026 | 99 | NOTICE of Appearance by Aseem Mulji on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Mulji, Aseem) (Entered: 04/28/2026) |
| 04/28/2026 | 100 | MOTION for Hearing re 34 MOTION for Preliminary Injunction , 55 Memorandum,,, by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Text of Proposed Order)(Madduri, Lalitha) (Entered: 04/28/2026) |
| 04/29/2026 | 101 | NOTICE *of Joinder* by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE re 100 Motion for Hearing, (Freedman, John) (Entered: 04/29/2026) |
| 04/29/2026 | 102 | NOTICE of Appearance by Joseph David Spate on behalf of STATE OF SOUTH CAROLINA (Spate, Joseph) (Entered: 04/29/2026) |

| | | |
|---|---|---|
| 04/30/2026 | | MINUTE ORDER. Upon consideration of the States' 77 Motion to Intervene, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART. The Court concludes that the Movant States are not entitled to intervention as of right but grants permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Accordingly, the Movant States are permitted to intervene in this action and shall adhere to the same preliminary injunction briefing schedule as Defendants. It is further ORDERED that the 96 Motion for Leave to File Amicus Brief by Wisconsin Democracy Campaign, Inc., EXPO of Wisconsin, Inc., Jaleyce Oraedu, Jasmine Oraedu, and Aharon Shelef and the 97 Motion for Leave to File Amicus Brief by State and Local Election Officials and Election Experts are GRANTED. It is further ORDERED that the Democratic Party Plaintiffs' 100 Motion for Hearing is GRANTED. The Court will hold a hearing on the Plaintiffs' motions for preliminary injunction on May 14, 2026, at 2:00 PM in Courtroom 17. So ORDERED by Judge Carl J. Nichols on 4/30/2026. (lccjn1) (Entered: 04/30/2026) |
| 04/30/2026 | | MINUTE ORDER. The Court having considered the 93 Motion for Admission Pro Hac Vice of Rachel E. Snyder, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(e), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Rachel E. Snyder is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 4/30/2026. (lccjn1) (Entered: 04/30/2026) |
| 04/30/2026 | | MINUTE ORDER. The Court having considered the 94 Motion for Admission Pro Hac Vice of Douglas M. Poland, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(e), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Douglas M. Poland is ADMITTED to practice before the Court pro hac vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 4/30/2026. (lccjn1) (Entered: 04/30/2026) |
| 04/30/2026 | 141 | MOTION to Dismiss by STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS. (Attachments: # 1 Memorandum in Support)(znmw) (Entered: 05/26/2026) |
| 04/30/2026 | 142 | AMICUS BRIEF by EXPO OF WISCONSIN, INC., JALEYCE ORAEDU, JASMINE ORAEDU, AHARON SHELEF, WISCONSIN DEMOCRACY CAMPAIGN, INC.. (Attachments: # 1 Exhibit)(znmw) (Entered: 05/26/2026) |
| 05/01/2026 | 103 | NOTICE of Appearance by Douglas Maynard Poland on behalf of EXPO OF WISCONSIN, INC., JALEYCE ORAEDU, JASMINE ORAEDU, AHARON SHELEF, WISCONSIN DEMOCRACY CAMPAIGN, INC. (Poland, Douglas) (Entered: 05/01/2026) |
| 05/01/2026 | 104 | MOTION for Leave to File Amicus Brief by AMERICA'S FUTURE, CITIZENS UNITED. (Attachments: # 1 Exhibit Proposed Amicus Brief)(Olson, William) (Entered: 05/01/2026) |
| 05/01/2026 | 105 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 34 MOTION for Preliminary Injunction , 37 MOTION for Preliminary Injunction , 29 MOTION for Preliminary Injunction filed by STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS. (Capozzi, Louis) (Entered: 05/01/2026) |
| 05/01/2026 | 106 | MOTION to Dismiss by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Memorandum in Support, # 2 Ex. 1 – Decl. of M. Mayhew (USCIS), # 3 Ex. 2 – Decl. of J.B. MacBride (SSA), # 4 Ex. 3 – Decl. of S. Monteith (USPS), # 5 Text of Proposed Order)(Pezzi, Stephen) (Entered: 05/01/2026) |
| 05/01/2026 | 107 | Memorandum in opposition to re 34 MOTION for Preliminary Injunction , 37 MOTION for Preliminary Injunction , 29 MOTION for Preliminary Injunction filed by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Ex. 1 – Decl. of M. Mayhew (USCIS), # 2 Ex. 2 – Decl. of J.B. MacBride (SSA), # 3 Ex. 3 – Decl. of S. Monteith (USPS))(Pezzi, Stephen) (Entered: 05/01/2026) |
| 05/01/2026 | 108 | MOTION to Intervene by EMANUEL MCCRAY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Pro Se Consent to E–Noticing Form)(znmw) (Entered: 05/04/2026) |
| 05/04/2026 | | MINUTE ORDER. Upon review of Federal Defendants' 107 Memorandum in opposition to Plaintiffs' motions for preliminary injunction, it appears that the Memorandum is not double–spaced as required by Paragraph 8(b) of the Court's 48 Standing Order. Accordingly, it is hereby ORDERED that the Federal Defendants refile a memorandum that complies with the Court's Standing Order on or before May 5, 2026. So ORDERED by Judge Carl J. Nichols on 5/4/2026. (lccjn1) (Entered: 05/04/2026) |
| 05/04/2026 | 109 | NOTICE of Appearance by Valencia Richardson on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Richardson, Valencia) (Entered: 05/04/2026) |
| 05/05/2026 | 110 | NOTICE of Appearance by Sejal Jhaveri on behalf of ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE (Jhaveri, Sejal) (Entered: 05/05/2026) |

| 05/05/2026 | 111 | NOTICE of Appearance by Rachel Elizabeth Snyder on behalf of EXPO OF WISCONSIN, INC., JALEYCE ORAEDU, JASMINE ORAEDU, AHARON SHELEF, WISCONSIN DEMOCRACY CAMPAIGN, INC. (Snyder, Rachel) (Main Document 111 replaced on 5/5/2026) (znmw). (Entered: 05/05/2026) |
|---|---|---|
| 05/05/2026 | 112 | NOTICE of Appearance by Elisabeth S. Theodore on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Theodore, Elisabeth) (Entered: 05/05/2026) |
| 05/05/2026 | 113 | NOTICE of Appearance by Jeremy Karpatkin on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Karpatkin, Jeremy) (Entered: 05/05/2026) |
| 05/05/2026 | 114 | NOTICE of Appearance by Orion DE Nevers on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (DE Nevers, Orion) (Entered: 05/05/2026) |
| 05/05/2026 | 115 | NOTICE of Appearance by Nicholas Anway on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Anway, Nicholas) (Entered: 05/05/2026) |
| 05/05/2026 | 116 | NOTICE of Appearance by Grant Michael Flynn on behalf of STATE OF SOUTH DAKOTA (Flynn, Grant) (Entered: 05/05/2026) |
| 05/05/2026 | 117 | NOTICE *of Filing of Revised Memorandum of Law in Response to the Court's Order of May 4, 2026* by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE (Attachments: # 1 Memorandum in Support, # 2 Ex. 1 – Decl. of M. Mayhew (USCIS), # 3 Ex. 2 – Decl. of J.B. MacBride (SSA), # 4 Ex. 3 – Decl. of S. Monteith (USPS))(Pezzi, Stephen) (Entered: 05/05/2026) |
| 05/07/2026 | 118 | NOTICE of Appearance by Christopher Joseph Hajec on behalf of FEDERATION FOR AMERICAN IMMIGRATION REFORM Associated Cases: 1:26–cv–01114–CJN, 1:26–cv–01132–CJN, 1:26–cv–01151–CJN(Hajec, Christopher) (Entered: 05/07/2026) |
| 05/07/2026 | 119 | NOTICE of Appearance by Matt A. Crapo on behalf of FEDERATION FOR AMERICAN IMMIGRATION REFORM Associated Cases: 1:26–cv–01114–CJN, 1:26–cv–01132–CJN, 1:26–cv–01151–CJN(Crapo, Matt) (Entered: 05/07/2026) |

| 05/07/2026 | 120 | Unopposed MOTION for Leave to File Amicus Brief *in support of Defendants' Motion to Dismiss* by FEDERATION FOR AMERICAN IMMIGRATION REFORM. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)Associated Cases: 1:26–cv–01114–CJN, 1:26–cv–01132–CJN, 1:26–cv–01151–CJN(Hajec, Christopher) (Entered: 05/07/2026) |
|---|---|---|
| 05/08/2026 | 121 | REPLY to opposition to motion re 29 Motion for Preliminary Injunction filed by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. (Lang, Danielle) (Entered: 05/08/2026) |
| 05/08/2026 | 122 | REPLY to opposition to motion re 34 Motion for Preliminary Injunction filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Declaration of Lalitha D. Madduri, # 2 Exhibit 38, # 3 Exhibit 39, # 4 Exhibit Supplemental Index of Exhibits)(Madduri, Lalitha) (Entered: 05/08/2026) |
| 05/08/2026 | 123 | REPLY to opposition to motion re 37 Motion for Preliminary Injunction filed by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Freedman, John) (Entered: 05/08/2026) |
| 05/11/2026 |  | MINUTE ORDER. It is hereby ORDERED that the 108 Motion to Intervene is DENIED. So ORDERED by Judge Carl J. Nichols on 5/11/2026. (lccjn1) (Entered: 05/11/2026) |
| 05/11/2026 |  | MINUTE ORDER. It is hereby ORDERED that the 104 Motion for Leave to File Amicus Brief by America's Future, Citizens United is GRANTED; and it is further ORDERED that the 120 Motion for Leave to File Amicus Brief by Federation for American Immigration Reform is GRANTED. So ORDERED by Judge Carl J. Nichols on 5/11/2026. (lccjn1) (Entered: 05/11/2026) |
| 05/11/2026 | 124 | NOTICE of Appearance by Javon Davis on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Davis, Javon) (Entered: 05/11/2026) |
| 05/11/2026 | 125 | NOTICE of Appearance by Grace Thomas on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Thomas, Grace) (Entered: 05/11/2026) |
| 05/11/2026 | 135 | AMICUS BRIEF by AMERICA'S FUTURE, CITIZENS UNITED. (znmw) (Entered: 05/18/2026) |
| 05/11/2026 | 136 | AMICUS BRIEF by FEDERATION FOR AMERICAN IMMIGRATION REFORM. (znmw) (Entered: 05/18/2026) |
| 05/12/2026 | 126 | NOTICE of Appearance by Marlin David Rollins–Boyd on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL |

| | | ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Rollins–Boyd, Marlin) (Entered: 05/12/2026) |
|---|---|---|
| 05/12/2026 | 127 | NOTICE of Appearance by Jeffrey Blumberg on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Blumberg, Jeffrey) (Entered: 05/12/2026) |
| 05/12/2026 | 128 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew H. Warren, Filing fee $ 100, receipt number ADCDC–12416996. Fee Status: Fee Paid. by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. (Attachments: # 1 Declaration Declaration for Pro Hac Vice Admission, # 2 Text of Proposed Order Proposed Order, # 3 Supplement Certificate of Good Standing)(Gold, Sofia) (Entered: 05/12/2026) |
| 05/12/2026 | 129 | NOTICE of Appearance by Robert Neil Weiner on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Weiner, Robert) (Entered: 05/12/2026) |
| 05/12/2026 | 130 | NOTICE of Appearance by Catherine Meza on behalf of BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Meza, Catherine) (Entered: 05/12/2026) |
| 05/14/2026 | 131 | NOTICE of Filing of Supplemental Exhibit by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER re 34 Motion for Preliminary Injunction (Attachments: # 1 Exhibit 40)(Madduri, Lalitha) (Entered: 05/14/2026) |
| 05/14/2026 | | MINUTE ORDER. The Court having considered the 128 Motion for Admission Pro Hac Vice of Andrew H. Warren, and it appearing to the Court that the attorney referenced therein meets the requirements for pro hac vice admission under Local Civil Rule 83.2(e), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Andrew H. Warren is ADMITTED to practice before the Court pro hac vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So ORDERED by Judge Carl J. Nichols on 5/14/2026. (lccjn1) (Entered: 05/14/2026) |
| 05/14/2026 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Preliminary Injunction held on 5/14/2026. Motions Taken Under Advisement. Further Order and Opinion to be issued by the Court. Court Reporter: Lorraine Herman. (zcam) (Entered: 05/14/2026) |
| 05/15/2026 | 132 | RESPONSE re 106 MOTION to Dismiss , 77 MOTION to Intervene *in Opposition to Motions to Dismiss* filed by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. (Attachments: # 1 Text of Proposed Order)(Madduri, Lalitha) (Entered: 05/15/2026) |

| 05/15/2026 | 133 | RESPONSE re 106 MOTION to Dismiss , 77 MOTION to Intervene *Motion to Dismiss* filed by ARIZONA STUDENTS' ASSOCIATION, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SECURE FAMILIES INITIATIVE. (Attachments: # 1 Exhibit 1– Memorandum of Understanding between Department of Homeland Security, United States Citizenship and Immigration Services, and Department of Justices Civil Rights Division, # 2 Text of Proposed Order)(Lang, Danielle) (Entered: 05/15/2026) |
|---|---|---|
| 05/15/2026 | 134 | RESPONSE re 106 MOTION to Dismiss , 77 MOTION to Intervene *Motion to Dismiss* filed by BLACK VOTERS MATTER FUND, INC., BVM CAPACITY BUILDING INSTITUTE, INC., COMMON CAUSE, COMMON CAUSE EDUCATION FUND, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Text of Proposed Order)(Freedman, John) (Entered: 05/15/2026) |
| 05/20/2026 | 137 | NOTICE OF SUPPLEMENTAL AUTHORITY by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER (Attachments: # 1 Exhibit 41)(Madduri, Lalitha) (Entered: 05/20/2026) |
| 05/22/2026 | 138 | Unopposed MOTION for Leave to File Excess Pages by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Text of Proposed Order)(Al–Shareffi, Esam) (Entered: 05/22/2026) |
| 05/22/2026 | 139 | REPLY to opposition to motion re 106 Motion to Dismiss,, filed by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Ex. 1 to Defs.' MTD Reply – Supp. Mayhew Decl. (May 22, 2026))(Pezzi, Stephen) (Entered: 05/22/2026) |
| 05/22/2026 | 140 | REPLY to opposition to motion re 141 Motion to Intervene,, filed by STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS. (Capozzi, Louis) Modified link on 5/26/2026 (znmw). (Entered: 05/22/2026) |
| 05/26/2026 | | MINUTE ORDER. It is hereby ORDERED that the 138 unopposed motion for leave to file one combined reply brief and for additional pages is GRANTED. Federal Defendants may file one combined reply brief, not to exceed 35 pages, in support of |

| | | Defendants' motion to dismiss. So ORDERED by Judge Carl J. Nichols on 5/26/2026. (lccjn1) (Entered: 05/26/2026) |
|---|---|---|
| 05/28/2026 | 143 | MEMORANDUM OPINION. Signed by Judge Carl J. Nichols on 5/28/2026. (lccjn1) (Entered: 05/28/2026) |
| 05/28/2026 | 144 | ORDER denying 29 Motion for Preliminary Injunction; denying 34 Motion for Preliminary Injunction; denying 37 Motion for Preliminary Injunction. Signed by Judge Carl J. Nichols on 5/28/2026. (lccjn1) (Entered: 05/28/2026) |
| 05/29/2026 | 145 | NOTICE *of Case Developments* by FRANK J. BISIGNANO, BOARD OF GOVERNORS OF THE UNITED STATES POSTAL SERVICE, PAMELA BONDI, JOSEPH B. EDLOW, EXECUTIVE OFFICE OF THE PRESIDENT, DEREK KAN, HOWARD LUTNICK, AMBER F. MCREYNOLDS, MARKWAYNE MULLIN, SOCIAL SECURITY ADMINISTRATION, DAVID STEINER, RONALD A. STROMAN, DANIEL M. TANGHERLINI, DONALD J. TRUMP, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES POSTAL SERVICE (Al–Shareffi, Esam) (Entered: 05/29/2026) |
| 06/01/2026 | | ENTERED IN ERROR.....MINUTE ENTRY. In light of footnote 1 in the government's 145 Notice of Case Developments, the Court makes clear that while it expected the government to notify the Court of any material factual developments that were relevant to Plaintiffs' motions for preliminary injunction while those motions were under consideration, the Court continues to expect that the government will notify the Court of any material factual developments while this litigation remains pending. 6/1/2026. (lccjn1) Modified on 6/1/2026; incorrect entry docketed (zcam). (Entered: 06/01/2026) |
| 06/01/2026 | | NOTICE. In light of footnote 1 in the government's 145 Notice of Case Developments, the Court makes clear that while it expected the government to notify the Court of any material factual developments that were relevant to Plaintiffs' motions for preliminary injunction while those motions were under consideration, the Court continues to expect that the government will notify the Court of any material factual developments while this litigation remains pending. (lccjn1) Modified on 6/1/2026 to remove date (zcam). (Entered: 06/01/2026) |
| 06/01/2026 | | NOTICE OF ERROR: Minute Entry filed 6/1/2026 entered incorrectly. Will be filed as a NOTICE. (zcam) (Entered: 06/01/2026) |
| 06/01/2026 | 146 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 144 Order on Motion for Preliminary Injunction,, 143 Memorandum & Opinion by DCCC, DEMOCRATIC GOVERNORS ASSOCIATION, DEMOCRATIC NATIONAL COMMITTEE, DSCC, HAKEEM S. JEFFRIES, CHARLES E. SCHUMER. Filing fee $ 605, receipt number ADCDC–12457752. Fee Status: Fee Paid. (Madduri, Lalitha) Modified event on 6/2/2026 (znmw). (Entered: 06/01/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS' NOTICE OF APPEAL OF ORDER**
**DENYING MOTION FOR PRELIMINARY INJUNCION**

Pursuant to 28 U.S.C. § 1292(a)(1), Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Charles E. Schumer, and Hakeem S. Jeffries hereby appeal to the United States Court of Appeals for the D.C. Circuit from the Order denying their Motion for a Preliminary Injunction, entered in the above-captioned case on May 28, 2026. ECF No. 144 (Order); ECF No. 143 (Memorandum Opinion).

Dated: June 1, 2026

Respectfully submitted,

/s/ Lalitha D. Madduri

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Christina Ford (DC 1655542)
Max Accardi (DC 90021259)
Kevin R. Kowalewski (NY 5946645)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
cford@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Admitted *pro hac vice*

*Counsel for Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Senate Minority Leader Schumer, and House Minority Leader Jeffries*

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DSCC, *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

      *Defendants*.

Civil Action No. 26-cv-01114 (CJN)

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

      *Plaintiffs*,

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

      *Defendants*.

Civil Action No. 26-cv-01132 (CJN)

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE, *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

      *Defendants*.

Civil Action No. 26-cv-01151 (CJN)

1

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motions for a Preliminary Injunction, ECF 29; ECF 34; ECF 37, are **DENIED**.


DATE:  May 28, 2026

CARL J. NICHOLS
United States District Judge

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DSCC, *et al.*,

       *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

       *Defendants*.

Civil Action No. 26-cv-01114 (CJN)

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

       *Plaintiffs*,

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

       *Defendants*.

Civil Action No. 26-cv-01132 (CJN)

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE, *et al.*,

       *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

       *Defendants*.

Civil Action No. 26-cv-01151 (CJN)

1

## MEMORANDUM OPINION

On March 31, 2026, President Trump issued Executive Order No. 14,399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17,125 (Mar. 31, 2026), which states that it is intended to "prevent[] violations of Federal criminal law and maintain[] public confidence in election outcomes."  Order § 1.  Plaintiffs in these consolidated cases challenge the Executive Order on various grounds and, as relevant here, seek a preliminary injunction directed principally at two provisions.

The first is Section 3(a), which directs the United States Postal Service to issue within 60 days a "notice of proposed rulemaking" that would require mail-in ballots for federal elections to conform to certain design requirements (i.e., unique Intelligent Mail barcode and designated markings) and that would include a process for individuals to be enrolled on a "State-specific Mail-In and Absentee Participation List."  *Id.* § 3(b)(i)–(iv).  The Order also directs that the Postal Service must issue a final rule within 120 days.  *Id.* § 3(d).  But the Postal Service has not yet issued a notice of proposed rulemaking or responded to comments it might receive, let alone adopted a final rule.  Until then, Plaintiffs' claims are not ripe, and they cannot establish that they would suffer harm that is both imminent and irreparable absent preliminary injunctive relief.  As the Court of Appeals has put it, "the issuance of a notice of proposed rulemaking, or other preliminary proceedings undertaken to promote a proposed rule, often will not be ripe for review because the rule may or may not be adopted or enforced."  *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 710 F.2d 842, 846 (D.C. Cir. 1983).

The second provision is Section 2(a), which directs the Secretary of Homeland Security, in coordination with the Commissioner of the Social Security Administration, to compile and transmit to each State a list of individuals in that State who are "confirmed to be United States

2

citizens[,] who will be above the age of 18 at the time of an upcoming Federal election[,] and who maintain a residence in the subject State." Order § 2(a). The Order also directs the Secretary of Homeland Security to establish "infrastructure . . . to compile, maintain, and transmit the" Lists, *id.* § 4(c), and to develop procedures that allow individuals to access, and if necessary, update or correct, their personal records ahead of elections, *id.* § 2(a). But the Order does not mandate any action by a State once a List has been transmitted to it, and in any event, no infrastructure for compilation or transmission of the Lists has been established; no List has been created or transmitted; and no State has taken any action with respect to any List. *See id.* In these circumstances, and as discussed below, Plaintiffs have failed to show that they are likely to have Article III standing or that they will suffer imminent and irreparable harm absent an injunction.

The Court recognizes that the Postal Service may ultimately issue a final rule that directly affects Plaintiffs or their members, or that the Government may develop State Citizenship Lists that omit specific individuals due to particularized flaws. Plaintiffs may, of course, renew their motions if and when those future actions occur. Until then, however, Plaintiffs cannot show that preliminary injunctive relief is warranted.

For those reasons, discussed in more detail below, Plaintiffs' motions are denied.

## I.    BACKGROUND

### A.    Factual Background

On March 31, 2026, President Trump issued Executive Order No. 14,399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17,125 (Mar. 31, 2026). As noted above, the Order states that it seeks to "prevent[] violations of Federal criminal law and maintain[] public confidence in election outcomes." Order § 1.

3

This litigation principally concerns two provisions of the Executive Order. *First*, Section 2(a) directs the Secretary of Homeland Security, in coordination with the Commissioner of the Social Security Administration, to compile a list of individuals in each State who are "confirmed to be United States citizens[,] who will be above the age of 18 at the time of an upcoming Federal election[,] and who maintain a residence in the subject State." *Id.* § 2(a). The Order calls these "State Citizenship List[s]," and provides that, "[t]o the extent feasible and consistent with applicable law, including but not limited to the Privacy Act of 1974," these Lists "shall be derived from Federal citizenship and naturalization records, SSA records, [USCIS Systematic Alien Verification for Entitlements ("SAVE")] data, and other relevant Federal databases." *Id.* The Order directs the Secretary of Homeland Security to establish procedures that allow individuals to access, and if necessary, update or correct, their personal records ahead of elections. *Id.*

Section 2(a) of the Order further states that the "State Citizenship List[s] shall be updated and transmitted to State election officials no fewer than 60 days before each regularly scheduled Federal election, or promptly upon request by a State in connection with any special Federal election." *Id.* The Order directs the Secretary of Homeland Security to establish within 90 days the needed "infrastructure . . . to compile, maintain, and transmit the State Citizenship List." *Id.* § 4(c). The Order also requires the implementation of procedures to "enable States to routinely supplement and provide suggested modifications or amendments to the State Citizenship List[s]." *Id.* § 2(a). The Order does not mandate any action by a State once a List has been transmitted to it. At this time, no such Lists have been created, nor has any of the "infrastructure" for compilation or transmission of the Lists been established. *See* ECF 117-2, Decl. of M. Mayhew ("Mayhew Decl.") ¶¶ 5–8; ECF 117-3, Decl. of J.B. MacBride ("MacBride Decl.") ¶¶ 4–6.

4

*Second*, Section 3 directs the United States Postal Service to initiate a proposed rulemaking to address certain issues concerning absentee and mail-in voting.  Order § 3(b).  In particular, the Order requires the Postal Service to issue within 60 days a "notice of proposed rulemaking" that would include, at a minimum, provisions (1) to require mail-in ballots for federal elections to conform to certain design requirements (i.e., unique Intelligent Mail barcode and designated markings) and (2) to develop a process for individuals to be enrolled on a "State-specific Mail-In and Absentee Participation List."  *Id.* § 3(b)(i)–(iv).[1]  The Order also directs that the Postal Service must issue a final rule within 120 days.  *Id.* § 3(d).  Like Section 2, Section 3 provides that "[t]he preparation and transmission of each State-specific Mail-In and Absentee Participation List shall comply with the Privacy Act and all applicable use agreements."  *Id.* § 3(b)(iv).  And at this time, the Postal Service has not yet issued a notice of proposed rulemaking.  *See* ECF 117-4, Decl. of S. Monteith ¶ 4.[2]

## B.    Procedural History

In the three days following the issuance of the Executive Order, Plaintiffs in these now-consolidated actions filed Complaints challenging it.  *See* ECF 1 ¶¶ 11–23; *League of United Latin American Citizens("LULAC") v. Exec. Off. of the President*, No. 26-cv-1132 (D.D.C. Apr. 2,

---

[1] The "Mail-In and Absentee Participation List" would be distinct from the State Citizenship Lists contemplated by Section 2(a).

[2] Other provisions that Plaintiffs seek to enjoin, but on which they do not focus much attention, are Sections 2(b), 4, and 5.  Section 2(b) directs the Attorney General to "prioritize [ ] investigation[s]" and "prosecution[s] of State and local officials or any others involved in administering Federal elections who issue Federal ballots to individuals not eligible to vote" in those elections. Order § 2(b).  Section 4 directs the implementation of the Order, tasks the Attorney General with enforcing compliance with federal statutes referenced in the Order, and commands the Secretary of Homeland Security to establish the necessary infrastructure to execute the State Citizenship List Provision.  *Id.* § 4(a)–(c).  And Section 5 charges the Attorney General and executive officials with relevant authority to deter and address noncompliance with federal election laws.  *Id.* § 5.

2026), ECF 1; *NAACP v. Trump*, No. 26-cv-1151 (D.D.C. Apr. 3, 2026), ECF 1 ¶¶ 17–50.[3] Although the Complaints were filed by differently situated plaintiffs (discussed in more detail below) and differ in certain particulars, together they challenge the Executive Order on a number of grounds, including that it is *ultra vires*; violates the separation of powers and the First and Fifth Amendments to the U.S. Constitution; and is inconsistent with the Administrative Procedure Act, the Privacy Act, various statutes relating to the Postal Service, and the Voting Rights Act.  *See, e.g.*, ECF 1 ¶¶ 106–172; *LULAC* ECF 1 ¶¶ 214–327; *NAACP* ECF 1 ¶¶ 214–327.[4]

The following week, Plaintiffs filed motions for preliminary injunction, ECF 29; ECF 34; ECF 37, and subsequently filed memoranda of law in support of their motions, ECF 53 ("LULAC Br."); ECF 54 ("NAACP Br."); ECF 55 ("DSCC Br.").  They argue that the Executive Order exceeds the President's constitutional and statutory authority by directing federal agencies to implement changes to voter registration and mail-ballot processes in conflict with federal law.  *See generally* LULAC Br.; NAACP Br.; DSCC Br.  They further contend that the Order will disrupt established election procedures, causing harm to voters, candidates, and organizations; that those harms are sufficiently imminent to permit pre-implementation or pre-enforcement review; and that they will suffer imminent and irreparable harm without injunctive relief.

---

[3] Citations to the LULAC and NAACP dockets are in the form: *LULAC* ECF No. ## and *NAACP* ECF No. ##.

[4] As a result of consolidation, there are three groups of Plaintiffs in this case:  the DSCC Plaintiffs, the NAACP Plaintiffs, and the LULAC Plaintiffs.  The DSCC Plaintiffs include the Democratic Senatorial Campaign Committee ("DSCC"), Democratic Congressional Campaign Committee, Democratic National Committee, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House Minority Leader Hakeem S. Jeffries.  The NAACP Plaintiffs include the National Association for the Advancement of Colored People ("NAACP"), Common Cause, the Common Cause Education Fund, Black Voters Matter Fund, and BVM Capacity Building Institute, Inc.  And the LULAC Plaintiffs include the League of United Latin American Citizens, the Secure Families Initiative, and the Arizona Students' Association.

Thereafter, the Court granted certain States' motion to intervene as defendants, Min. Order of April 30, 2026, and the Parties completed briefing on Plaintiffs' motions. *See* ECF 105 ("States' Br."); ECF 117-1 ("Gov. Br."); ECF 121 ("LULAC Reply Br."); ECF 122 ("DSCC Reply Br."); ECF 123 ("NAACP Reply Br."). On May 14, 2026, the Court heard oral argument on those motions.

## II.   LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To obtain that remedy, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The balance-of-equities and public-interest factors merge where the government is a party "because the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016).

"[P]laintiffs bear the burden of persuasion on all four preliminary injunction factors." *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014). Two factors, however, are key to the analysis: likelihood of success on the merits and irreparable harm. "When a plaintiff has not shown a likelihood of success on the merits, there is no need to consider the remaining factors." *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urb. Dev.*, 639 F.3d 1078, 1088 (D.C. Cir. 2011). And "failure to show a likelihood of irreparable harm [is], standing alone, sufficient to defeat the motion." *Navajo Nation v. Azar*, 292 F. Supp. 3d 508, 512 (D.D.C. 2018); *see Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290,

7

297 (D.C. Cir. 2006) (explaining that "failure to show any irreparable harm" alone is reason enough to deny a preliminary injunction).

### III.    ANALYSIS

### A.    Plaintiffs Have Failed to Show They Are Likely to Succeed on the Merits

To "establish[] a likelihood of success on the merits, [Plaintiffs] must first demonstrate a likelihood of success in establishing jurisdiction." *Make The Rd. N.Y. v. Wolf*, 962 F.3d 612, 623 (D.C. Cir. 2020). As the Court of Appeals has put it, "[t]he affirmative burden of showing a likelihood of success on the merits necessarily includes a likelihood of the court's *reaching* the merits, which in turn depends on a likelihood that plaintiff has standing." *See Obama v. Klayman*, 800 F.3d 559, 565 (D.C. Cir. 2015) (alteration adopted) (citation and internal quotation marks omitted). "In the context of a preliminary injunction motion," courts "require the plaintiff to show a substantial likelihood of standing under the heightened standard for evaluating a motion for summary judgment." *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017) (citation and internal quotation marks omitted). The Court accordingly begins with whether Plaintiffs have established to the requisite likelihood that the Court has jurisdiction.

### 1.    Plaintiffs Have Not Shown that the Court Likely Has Jurisdiction

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "At the preliminary-injunction stage," a plaintiff "must make a clear showing that

8

she is likely to establish each element of standing." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (citation and internal quotation marks omitted).

"A concrete injury is direct, real, and palpable—not abstract." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015) (citation and internal quotation marks omitted). "A particularized injury is personal, individual, distinct, and differentiated." *Id.* (citation and internal quotation marks omitted). And "[a]n actual or imminent injury is certainly impending and immediate—not remote, speculative, conjectural or hypothetical." *Id.* (citation and internal quotation marks omitted). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation and internal quotation marks omitted). Thus, the Supreme Court has repeatedly said that "allegations of *possible* future injury" are not sufficient to establish injury in fact. *Id.* (alteration adopted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). In sum, these requirements "screen[] out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). A related doctrine requires that a case be "ripe," meaning it cannot rely on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted).

The causation and redressability requirements "are often 'flip sides of the same coin.'" *All. for Hippocratic Med.*, 602 U.S. at 380 (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 288 (2008)). If a plaintiff can establish that her "injury likely was caused or likely will be caused by [a] defendant's [action]," *id.* at 382, "enjoining the action or awarding damages for

9

the action will typically redress [her] injury," *id.* at 381. At least, that is the case where a government regulation "require[s] or forbid[s] some action by the plaintiff." *Id.* at 382. But "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." *Lujan*, 504 U.S. at 562 (quoting *Allen v. Wright*, 468 U.S. 737, 758 (1984)). "That is often because unregulated parties may have more difficulty establishing causation—that is, linking their asserted injuries to the government's regulation (or lack of regulation) of someone else." *All. for Hippocratic Med.*, 602 U.S. at 382.

When a plaintiff is not the object of the challenged governmental action, causation typically depends "on the response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well." *Lujan*, 504 U.S. at 562. The Supreme Court has made clear, however, that "[t]he causation requirement precludes speculative links— that is, where it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs." *All. for Hippocratic Med.*, 602 U.S. at 383; *see Allen*, 468 U.S. at 757–759; *Clapper*, 568 U.S. at 415 n.5. Like the injury-in-fact requirement, causation is essential and "screens out plaintiffs who were not injured by the defendant's action." *All. for Hippocratic Med.*, 602 U.S. at 383.

Different types of plaintiffs may, of course, have Article III standing for different reasons. Organizations, in particular, "may have standing 'to sue on their own behalf for injuries they have sustained.'" *Id.* at 393 (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982)). Or they can sue on behalf of their members—provided that the organization can "demonstrate [that] 'its members would otherwise have standing to sue in their own right.'" *Sierra Club v. EPA*, 926 F.3d 844, 848 (D.C. Cir. 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't. Servs.,*

10

*Inc.*, 528 U.S. 167, 181 (2000)).[5]  That is, an organization must identify at least one member who has suffered an injury in fact.  *See Chamber of Commerce v. EPA*, 642 F.3d 192, 199–200 (D.C. Cir. 2011) (explaining that, to successfully allege associational standing, a plaintiff organization "must specifically identify members who have suffered the requisite harm"); *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009) ("[P]laintiff-organizations" must "make specific allegations establishing that at least one identified member had suffered or would suffer harm.").

Finally, "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion*, 594 U.S. at 431.

### a.      Plaintiffs Have Failed To Establish They Presently Have Standing to Challenge Section 2(a).

Plaintiffs seek to preliminarily enjoin the implementation of Section 2(a) of the Executive Order.  Again, that Provision directs the Secretary of Homeland Security—to the extent doing so is "feasible and consistent with applicable law"—to "compile and transmit" to state election officials a List of United States citizens who will be 18 years or older at the time of an upcoming federal election and who maintain a residence in the subject State.  Order § 2(a).  But it "requires nothing from Plaintiffs—no compliance, no changed behavior, nothing at all—because it is not aimed at them but instead tells only the agencies to do something." *Nat'l Urb. League v. Trump*, 783 F. Supp. 3d 61, 79 (D.D.C. 2025) (citation and internal quotation marks omitted).

*Harm to Members as Voters*.  The Plaintiff Organizations nevertheless contend that they have associational standing based on harm to their members' "voting rights." ECF 53 ("LULAC Br.") at 14–19; ECF 54 ("NAACP Br.") at 37–50; ECF 55 ("DSCC Br.") at 13–16.  They contend

---

[5] An organization must also show that "the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Sierra Club*, 926 F.3d at 848 (internal quotation marks omitted) (quoting *Friends of the Earth, Inc.*, 528 U.S. at 181).

11

that Section 2(a) will make it more difficult, or even impossible, for some of their members to vote because the federal records that will be used to create the State Citizenship Lists are "virtually guaranteed" to contain inaccuracies, LULAC Br. at 14; that those inaccuracies will remain uncorrected (even though the Order directs States to "routinely supplement and provide suggested modifications or amendments to" the List, Order § 2(a)); and that at least certain States will use the Lists to keep otherwise eligible voters from casting ballots.

This "highly attenuated chain of possibilities," however, "does not satisfy the requirement that threatened injury must be certainly impending." *Clapper*, 568 U.S. at 410; *see also Summers*, 555 U.S. at 496. The Government has not yet established the infrastructure to compile the Lists, nor has it determined what information will be used to compile them (or how doing so would be lawful). As a result, it remains speculative whether the State Citizenship Lists, if and when they are initially compiled, will contain inaccuracies.[6] Even if they contain initial inaccuracies, the Executive Order requires the adoption of procedures that will allow individuals to access and, if necessary, update or correct their information in the Lists. *See* Order § 2(a). It thus remains speculative whether that process will be ineffective at resolving all or most inaccuracies. And whether the Lists continue to contain inaccuracies or not, nothing in the Executive Order requires any State to use its List in any way—let alone to prevent otherwise qualified persons from

---

[6] The DSCC Plaintiffs argue that the Executive Order requires the federal government to use databases—namely, the SAVE and SSA databases—that are "incomplete, out-of-date, and riddled with inaccuracies" and it is therefore certain that the Lists will contain errors. DSCC Br. at 4 (citing ECF No. 55-12, Decl. of Dr. Kenneth Mayer, at 1). While it is conceivable these Lists may have some flaws, at least initially, it is impossible to be sure when the agencies have not yet determined what databases they will use or if they can perfect them ahead of use. And even if the Lists as initially compiled contain some flaws, that would mark only the first step in an attenuated chain of speculation. *Cf. Clapper*, 568 U.S. at 412 (explaining that "even if respondents could demonstrate" that their first speculation was true, their injury was still speculative because of others in the chain). In any event, Plaintiffs can renew their motions as to Section 2(a) when more particular and concrete information about the Lists is available.

12

registering to vote.  Because Plaintiffs "can only speculate as to whether any (asserted)" voter-registration difficulties or disenfranchisement could result from Section 2(a), *Clapper*, 568 U.S. at 413, they cannot show that their threatened injury is "*certainly* impending," *id.* at 409 (internal citation and quotation marks omitted).

Even if Plaintiffs could show that it is likely that their members will imminently be excluded from certain States' voter registration rolls, they cannot demonstrate that that injury is fairly traceable to Section 2(a).  Again, nothing in Section 2(a) (or any other part of the Order) purports to require any State to do anything with the State Citizenship List it is provided, let alone to remove otherwise eligible individuals on State voter registration lists.  Plaintiffs assume that certain States *will* rely on these Lists (and the Court recognizes that some States are more likely to do so than others), but it remains highly speculative *how* they will do so—and if they will do so in a manner consistent with federal and state law.  "[W]here it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs," the causation requirement has not been met.  *All. for Hippocratic Med.*, 602 U.S. at 383.

*Harm to Members' Privacy Rights.*  The Plaintiff Organizations also contend that they have associational standing based on alleged harms to their members' privacy interests.  LULAC Br. at 18; NAACP Br. at 39; DSCC Br. at 15.  They variously contend that Section 2(a)'s disclosure requirements "offend long-standing notions of privacy," DSCC Br. at 15; "intrude[] on [members'] sense of security," LULAC Br. at 18; and compel unauthorized disclosure of sensitive personal information, NAACP Br. at 40.  Plaintiffs argue that their members will be harmed by the transmission of their personal information to the States, *see* DSCC Br. at 15; LULAC Br. at 18, but that injury is currently too speculative.  *See Clapper*, 568 U.S. at 416.  After all, DHS has not yet concluded that doing so is "feasible and consistent with applicable law, including but not

13

limited to the Privacy Act of 1974," Order § 2(a); has not yet created the "infrastructure . . . to compile, maintain, and transmit the State Citizenship List," *id.* § 4(c); and thus has neither compiled the Lists nor begun to transmit them to the States, *see* Mayhew Decl. ¶¶ 5–8; MacBride Decl. ¶¶ 4–6.

Plaintiffs also argue that it would violate the Privacy Act for the federal government to compile a list of individuals who are citizens and over the age of 18, even if no information is ever transmitted to any State—that is, if a purely *intra-federal government* list is created. But Plaintiffs fail to demonstrate that such action—that is, the sharing of name, age, and residence information between and among government agencies, if already known to the federal government—would cause a harm sufficient to establish Article III standing. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 341 (2016). To determine whether a harm is sufficiently concrete, courts "ask[] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *TransUnion*, 594 U.S. at 424. Here, Plaintiffs have not identified a historical or common-law analogue for the asserted injury their members face—the sharing of non-sensitive personal data (name, citizenship status, and age) between and among different federal agencies.[7]

---

[7] Two of the Plaintiff groups argue that the inter-agency sharing of non-sensitive personal data bears a close relationship to the harm underlying the common-law tort of intrusion upon seclusion. *See* NAACP Br. at 40; DSCC Reply Br. at 16. That tort makes liable anyone "who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B. But the inter-agency sharing of non-sensitive personal information (such as one's name, citizenship status, and age) is not the type of "intrusion" that a "reasonable person" would find "highly offensive." Even if correctly decided, the cases Plaintiffs cite in support of this argument do not hold otherwise. *See, e.g.*, *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Dep't of Lab.*, 778 F. Supp. 3d 56, 71–72 (D.D.C. 2025) (finding intrusion upon seclusion to be a sufficient common law analog when unauthorized personnel viewed sensitive personal information held by federal agencies); *All. for Retired Americans v. Bessent*, 770 F. Supp. 3d 79, 102 (D.D.C. 2025) ("Plaintiffs' alleged injury—the *disclosure of their private information*

14

*Organizational Harm.*  The Plaintiff Organizations do not rely solely on injuries to their members.  They also contend that they have organizational standing to challenge Section 2(a) because it interferes with their missions and forces them to divert resources to counteract its effects. *See, e.g.*, LULAC Br. at 20; DSCC Br. at 18; NAACP Br. at 33.[8]  Plaintiffs contend that, because of Section 2(a), they must redesign their existing educational programs, retrain staff members, distribute new informational materials, monitor List development to see if their members are on the Lists, and assist those who are erroneously omitted.  *See* LULAC Br. at 19–20; DSCC Br. at 18; NAACP Br. at 32–36.

The Supreme Court recently addressed the question of organizational standing in *Alliance for Hippocratic Medicine*.  *See* 602 U.S. at 393–97.  There, the Court explained that "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action."  *Id.* at 394.  The Court accordingly held that the organizational plaintiffs lacked standing even though the challenged governmental action had caused them "to conduct their own studies on [a drug] so that the[y] [could] better inform their members and the public

---

*to third parties without a lawful right to access it*—bears a close relationship to the harm essential to an intrusion upon seclusion at common law." (emphasis added)).

[8] Plaintiffs are not always precise when describing the cause of their organizational injuries.  At times, it seems that they are alleging that their injuries will occur in the future once the State Citizenship Lists are created. *See, e.g.*, LULAC Br. at 20 ("[T]he Order will require Plaintiffs to confirm the content of State Citizenship Lists and liaise with federal officials to assist prospective voters whose right to vote is at risk.").  However, in their reply briefs and at oral argument, Plaintiffs argue that they are presently harmed by the Executive Order itself.  *See, e.g.*, NAACP Reply Br. at 13 (Plaintiffs' "claims are ripe because the Order's directives to federal agencies are already injuring them.").  Because any allegations about future State Citizenship Lists have ripeness problems, *see Texas*, 523 U.S. at 300 (explaining that a case cannot depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all" (citation and internal quotation marks omitted)), the Court focuses here on how the Executive Order may currently cause harm to them as organizations.

15

about [the drug]'s risks" and "to expend considerable time, energy, and resources drafting citizen petitions to [the agency], as well as engaging in public advocacy and public education." *Id.* (citation and internal quotation marks omitted).[9]

The Organizational Plaintiffs' alleged injuries here are similar. They contend that Section 2(a) has caused them to expend time and resources educating the public on the potentially forthcoming State Citizenship Lists, creating new educational materials on the topic, and monitoring the Lists' development. *See, e.g.*, NAACP Br. at 32; DSCC Br. at 18. But those efforts are very similar, if not identical, to "conduct[ing] their own studies . . . so that the[y] can better inform their members and the public," and "expend[ing] considerable time, energy, and resources drafting citizen petitions, as well as engaging in public advocacy and public education." *All. for Hippocratic Med.*, 602 U.S. at 394 (citation and internal quotation marks omitted).

To be sure, the Supreme Court has not completely foreclosed organizational standing. But to establish it, an organization must "suffer[] a concrete injury caused by a defendant's action." *Id.*; *see also id.* at 395 (not overturning *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), because in that case, the defendant's "actions directly affected and interfered with [the organization's] core business activities"). The Organizational Plaintiffs here have failed to demonstrate that the Executive Order has "directly affected and interfered" with their core missions. *Id.* at 395. While it is unrebutted that those Plaintiffs have expended and diverted resources in response to the Executive Order, *see* NAACP Br. at 36 ("BVM is already preparing to assist voters with name-matching issues to ensure that people are still able to vote if they are

---

[9] The Court of Appeals has since recognized that *Alliance for Hippocratic Medicine* casts doubt on "the foundation of [its] organizational injury precedents." *Ctr. for Biological Diversity*, 144 F.4th at 315; *accord Coal. for Humane Immigrant Rts. v. DHS*, 780 F. Supp. 3d 79, 89 n.2 (D.D.C. 2025).

16

improperly excluded from the lists mentioned in the Order."), the Order itself has not imposed any impediment to their voter registration and education operations. *Cf. All. for Hippocratic Med.*, 602 U.S. at 395 ("Havens's actions directly affected and interfered with HOME's core business activities—not dissimilar to a retailer who sues a manufacturer for selling defective goods to the retailer . . . . FDA's actions relaxing regulation of mifepristone have not imposed any similar impediment to the medical associations' advocacy businesses."). The Organizational Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending," *Clapper*, 568 U.S. at 416, nor can they allege a sufficient injury in fact when a defendant has not directly impaired their core services, *see All. for Hippocratic Med.*, 602 U.S. at 395. Of course, those Plaintiffs may eventually suffer harms that are sufficiently concrete to satisfy Article III when additional information about the Lists is developed. *See supra* at 12–13. But, at least right now, they have not established that the Court has jurisdiction over their claims.

*Harm to Candidates.* Finally, the DSCC Plaintiffs argue that political candidates (some of whom are plaintiffs here and others of whom are members of the DSCC)[10] have standing to challenge Section 2(a) because it "unlawfully alters the rules in the elections in which they compete." DSCC Br. at 10–11 (relying on *Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 76–78 (2026)). But Section 2(a) does not purport to alter the rules of any State election. In fact, Section 2(a) does not order the States to do anything with the State Citizenship Lists once they are transmitted—much less direct the States to amend their election procedures. These Plaintiffs thus

---

[10] Two of the DSCC Plaintiffs are candidates themselves: Chuck Schumer and Hakeem Jeffries. Because the injury-in-fact analysis is the same for members of Plaintiffs' organizations that are candidates and the two named candidates in the complaint, the Court will only address standing for the Plaintiffs' candidate members.

17

cannot establish a sufficient causal link between States' future, hypothetical decision to amend their election procedures and the creation and transmission of State Citizenship Lists pursuant to the Executive Order. *Cf. Lujan*, 504 U.S. at 560–61 ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." (cleaned up) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976))).

Alternatively, the DSCC Plaintiffs contend that political candidates have standing based on harm to their electoral prospects. DSCC Br. at 11. They contend that Section 2(a) creates a serious risk that Democratic Party supporters—more so than Republican Party supporters—will be erroneously left off the State Citizenship Lists and therefore face burdens on their ability to vote. *Id.* at 11–13. But this claimed injury again rests "on a highly attenuated chain of possibilities" that fails to "satisfy the requirement that threatened injury must be certainly impending." *Clapper*, 568 U.S. at 410. For Section 2(a) to *cause* (in the Article III sense) Democratic Party candidates' electoral prospects to suffer, something like the following would need to happen: Federal officials must determine that they can lawfully compile and transmit a State Citizenship List to the States; the Secretary of Homeland Security must then compile and transmit Lists containing significant errors to the States; even though the Executive Order expressly requires procedures to correct such errors, those errors would need to remain uncorrected; State election officials must then nevertheless decide to rely on the Lists; and State election officials must then decide to use the erroneous State Citizenship Lists to remove eligible voters from the States' voter rolls (or otherwise make it more difficult for those individuals to vote). "Such speculation upon speculation does not suffice to support Article III standing,"

18

*Endeley v. U.S. Dep't of Def.*, 268 F. Supp. 3d 166, 175 (D.D.C. 2017) (citation and internal quotation marks omitted), especially when it depends on the independent actions of third parties—and especially when (if these events were to transpire in any particular State), affected voters and candidates could challenge those States' decisions under federal and state voting laws.

### b.    Plaintiffs Have Failed To Establish They Presently Have Standing to Challenge Section 3(b)

Returning to Section 3(b) of the Executive Order, recall that it directs the Postal Service to initiate rulemaking procedures for a rule that would address two primary topics.  First, the rule would require that all mail-in ballots be mailed in officially marked envelopes bearing unique barcodes to facilitate tracking.  *See* Order § 3(b)(i).  Second, the rule would establish procedures for individuals to be enrolled on "State-specific Mail-In and Absentee Participation List[s]," which would be used by the Postal Service to determine which mail-in or absentee ballots it "shall not transmit."  *Id.* § 3(b)(iii)–(iv).

Plaintiffs argue that Section 3(b) interferes with their mission-driven work, disenfranchises their voting members, and electorally harms their candidate-members by preventing eligible voters from casting mail-in and absentee ballots.  *See, e.g.*, DSCC Br. at 11–15; LULAC Br. at 21–22; NAACP Br. at 37–38.  But the effects of Section 3(b) are even further removed from any concrete injury in fact than Section 2(a).  Unlike Section 2(a)—which does require the agencies to assess whether they can compile and then transmit to the States certain information—Section 3(b) directs only that the Postal Service initiate and then complete a rulemaking.  Any injury therefore depends on a series of contingencies:  whether the Postal Service issues a notice of proposed rulemaking, what that proposed rule says, what changes occur through notice and comment, whether a final rule issues, and how that final rule affects voters, States, or Plaintiffs.  *Cf. Clapper*, 568 U.S. at 409–410.  Plaintiffs' claims therefore run directly into the bedrock (and commonsense) rule that

19

even "the issuance of a notice of proposed rulemaking, or other preliminary proceedings undertaken to promote a proposed rule, often will not be ripe for review because the rule may or may not be adopted or enforced." *Ctr. for Auto Safety*, 710 F.2d at 846; *see Bristol-Myers Co. v. FTC*, 424 F.2d 935, 940 (D.C. Cir. 1970) (holding that Bristol-Myers's claim seeking to enjoin the FTC from continuing rulemaking proceedings was "not yet ripe for adjudication" because the "Commission ha[d] merely proposed a rule"). "Because several speculative contingencies must occur before Plaintiffs suffer any concrete harm," they have failed to establish standing to challenge Section 3(b). *Nat'l Urb. League*, 783 F. Supp. 3d at 81 (citation and internal quotation marks omitted).

Plaintiffs argue that they have standing, regardless of what any final rule may look like, because they have immediately had to "divert resources from planned voter registration activities to assess the Order's impact, retrain staff and volunteers, and reformulate educational materials." NAACP Br. at 43. "But that argument runs headlong into the Supreme Court's decision in *Clapper*, in which the Court rejected as 'unavailing' the plaintiffs' 'contention that they have standing because they incurred certain costs as a reasonable reaction to a risk of harm.'" *Ctr. for Democracy & Tech. v. Trump*, 507 F. Supp. 3d 213, 223 (D.D.C. 2020) (quoting *Clapper*, 568 U.S. at 416). "[P]laintiffs 'cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.'" *Food & Water Watch, Inc.*, 808 F.3d at 919 (quoting *Clapper*, 568 U.S. at 416).

Plaintiffs' challenge to Section 3(b) also suffers from a significant causation issue. Again, to establish Article III standing, an injury must be "fairly traceable to the challenged action." *Clapper*, 568 U.S. at 409 (citation and internal quotation marks omitted). But here, the primary "source of any injury to the [P]laintiffs is the action that the [Postal Service] *might* take in the

20

future to" implement Section 3(b), not Section 3(b) itself. *Trump v. New York*, 592 U.S. 125, 133–34 (2020). And because "[a]ny prediction how the Executive Branch might eventually implement" Section 3(b) is "no more than conjecture at this time," *id.* at 131 (citation and internal quotation marks omitted), "Plaintiffs have also failed to show that their challenge to this provision is likely ripe," *Nat'l Urb. League*, 783 F. Supp. 3d at 83.

Ultimately, whether framed as an injury, causation, or ripeness problem, "Article III standing requires more than the possibility of potentially adverse regulation." *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1324–25 (D.C. Cir. 2013). Thus, it is unsurprising that Plaintiffs likely lack standing to challenge Section 3(b). All that provision does is direct the Postal Service to initiate a rulemaking process and consider potential regulatory changes. *Cf. Nat'l Urb. League*, 783 F. Supp. 3d at 81. To be sure, the Postal Service may eventually issue a final rule that directly affects Plaintiffs or their members and that Plaintiffs believe is unlawful. "But *that* is when Plaintiffs would have the requisite 'personal stake'" that supports Article III standing. *Id.* (quoting *All. for Hippocratic Med.*, 602 U.S. at 379). "Until then, Plaintiffs are at most 'concerned bystanders' to internal Executive Branch processes." *Id.* (quoting *All. for Hippocratic Med.*, 602 U.S. at 382); *see also United Presbyterian Church in the USA v. Reagan*, 738 F.2d 1375, 1378 (D.C. Cir. 1984) (Scalia, J.) (holding that Plaintiffs lacked standing to challenge an Executive Order that "set[] forth no standards governing their conduct"); *cf. Perciasepe*, 714 F.3d at 1324–25 (holding that an intervenor lacked standing to challenge a consent decree that did "not require EPA to promulgate a new, stricter rule" but only "require[d] that EPA conduct a rulemaking and then decide whether to promulgate a new rule").

21

\* \* \* \* \*

In sum, Plaintiffs have not shown that they are currently suffering a concrete and imminent injury traceable to Sections 2 or 3 of Executive Order 14,399 and thus have not established a likelihood of Article III standing or that their claims as to those provisions are ripe.[11]

### 2. Plaintiffs Fail to Show That They Are Likely to Succeed on Their *Ultra Vires* Claims

Because Plaintiffs have failed to establish that they likely have standing, they are "*ipso facto* unlikely to succeed*" on the merits. *Elec. Priv. Info. Ctr.*, 878 F.3d at 375 n.2. In any event, the Court briefly addresses Plaintiffs' facial challenge to the Executive Order.

Plaintiffs argue that the President has no authority to issue the Executive Order because the executive branch cannot lawfully fulfill its requirements. LULAC Br. at 25, 36; DSCC Br. at 19–23; NAACP Br. at 13. In this sense, Plaintiffs essentially eschew any challenge to future agency action (such as the possible adoption of a final rule by the Postal Service) and direct their challenge at the Order itself. But the Order is not self-executing. It does not itself regulate voter registration or how mail-in or absentee ballots will be transmitted; rather, it directs executive branch officials to take certain actions, subject to the limits of existing laws. That is a key distinction. While the President may not have the authority to change the design of mail-in ballots or remove individuals from states' voter registration lists, he does have the authority to supervise and direct the actions

---

[11] As mentioned above, although they devote little attention to them, certain Plaintiffs challenge additional parts of the Executive Order—namely Sections 2(b), 4, and 5. *See* ECF 34; ECF 37. Plaintiffs have failed to demonstrate that they have standing to challenge Section 4(c), which directs the Secretary of Homeland Security to establish the State Citizenship List infrastructure, because (as explained above) any injury arising from the Lists is, at this stage, too speculative. Plaintiffs likewise have not demonstrated they have standing to challenge the remaining provisions directing the Attorney General to prioritize enforcement of certain federal laws, as "challenges to the Executive Branch's exercise of enforcement discretion" are "not the kind[s] [of suits] redressable by a federal court." *United States v. Texas*, 599 U.S. 670, 677–78 (2023).

22

of executive branch agencies. *See* U.S. Const. art. II, § 1, cl. 1 (The "executive Power shall be vested in a President of the United States of America."); *Sierra Club v. Costle*, 657 F.2d 298, 406 (D.C. Cir. 1981) ("The authority of the President to control and supervise executive policymaking is derived from the Constitution."); *Bldg. & Const. Trades Dep't., AFL-CIO v. Allbaugh*, 295 F.3d 28, 32 (D.C. Cir. 2002) ("[T]he President's power necessarily encompasses general administrative control of those executing the laws, throughout the Executive Branch of government, of which he is the head." (internal quotation marks omitted) (quoting *Myers v. United States*, 272 U.S. 52, 164 (1926))). And an executive order that operates solely as an internal directive—particularly one expressly conditioned on feasibility and compliance with applicable law—does not, standing alone, exceed Presidential authority or violate the separation of powers. *See Allbaugh*, 295 F.3d at 33 (holding that the President acted within his constitutional authority in issuing an executive order that was "not selfexecuting" and required compliance with existing laws).

While the Order does require agencies and executive branch officials to take certain actions, it also states in various places that they must do so in a manner consistent with governing statutes and other legal requirements. *See* Order § 2(a) ("To the extent feasible and consistent with applicable law, including but not limited to the Privacy Act of 1974"); *id.* § 4(c) ("consistent with applicable law, the Privacy Act, and all applicable use agreements"); *id.* § 3(b) ("initiate a proposed rulemaking pursuant to 39 U.S.C. 401 and other applicable authority"). As a result, whether the government's actions under the Order are lawful or unlawful will depend on how those agencies decide to implement the Order, not on the Order itself. *See Allbaugh*, 295 F.3d at 33 ("The mere possibility that some agency might make a legally suspect decision to award a contract or to deny funding for a project does not justify an injunction against enforcement of a policy that, so far as the present record reveals, is above suspicion in the ordinary course of administration.").

23

The Court recognizes that the agencies may implement the Order in ways that Plaintiffs will contend are unlawful; for example, the Postal Service may adopt a rule concerning absentee ballots that, Plaintiffs may argue, exceeds the Postal Service's authority or is otherwise inconsistent with federal law. But it is not until such actions are taken that Plaintiffs' claims might be ripe for judicial review. *See, e.g.*, *Bristol-Myers Co.*, 424 F.2d at 940 (Challenging an agency's *proposed* rule was "not yet ripe for adjudication.").

**B.    Irreparable Harm**

To warrant injunctive relief, Plaintiffs must also establish that, absent such relief, they are likely to suffer an imminent and irreparable injury. *See Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1236 (D.C. Cir. 2025) ("[A] movant's failure to show any irreparable harm is grounds for refusing to issue a preliminary injunction, even if the other three factors merit such relief." (cleaned up) (quoting *Chaplaincy*, 454 F.3d at 297)).[12]

The standard for "irreparable" harm is "high." *Chaplaincy*, 454 F.3d at 297. A plaintiff must establish that "the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm" and that the injury is "beyond remediation." *Id.* (alteration adopted) (citation and internal quotation marks omitted). In other words, the "injury must be both certain and great." *Clevinger*, 134 F.4th at 1234 (citation and internal quotation marks omitted). Further, "the movant must show that the alleged harm will *directly result* from the action which the movant seeks to enjoin." *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (emphasis added).

---

[12] Where a court determines that plaintiffs fail to show irreparable harm, it need not evaluate the remaining preliminary injunction factors. *See Clevinger*, 134 F.4th at 1236 ("[T]he district court did not err in declining to evaluate the remaining preliminary injunction factors" after finding no irreparable harm.).

24

Plaintiffs assert a variety of irreparable injuries:  The DSCC Plaintiffs claim that, without an injunction against the Order's enforcement, they "will suffer irreparable injury in multiple ways: (1) in the form of an illegally structured electoral environment for all Plaintiffs and their candidate members, (2) to the Party's electoral prospects, (3) to Plaintiffs' members' voting rights, (4) to Plaintiffs' core activities and ability to advance their missions, forcing them to revamp their education and turnout programs across the country at the expense of Plaintiffs' persuasion and mobilization programs, and (5) to Plaintiffs' members' privacy interests."  DSCC Br. at 39.  The LULAC Plaintiffs contend that the added difficulties to voter registration, performance of their voter-registration mission, and voting by mail constitute imminent and irreparable harm.  LULAC Br. at 40–44.  And the NAACP Plaintiffs claim that the Order irreparably harms them because it interferes with their primary mission of voter registration, education, and ensuring access to voting by mail.  NAACP Br. at 43–44.

But as discussed above, *see supra* Section I, Plaintiffs have failed to show that they presently have Article III standing.  And "[t]he irreparable-harm standard requires a more significant showing than the injury-in-fact standard."  *Air Transp. Ass'n of Am. v. Export–Import Bank of the U.S.*, 878 F. Supp. 2d 42, 60 (D.D.C. 2012); *see Sibley v. Alexander*, 916 F. Supp. 2d 58, 63 (D.D.C. 2013) (Where plaintiff "has failed to demonstrate an injury in fact sufficient to establish standing, he has also failed to demonstrate irreparable harm warranting a preliminary injunction.").  Because Plaintiffs "have failed to carry their burden with respect to establishing that they have a substantial likelihood of standing based on [their alleged] injur[ies]," they have also failed to show that those injuries are "certain enough and great enough to warrant preliminary injunctive relief."  *Doe v. Off. of Pers. Mgmt.*, No. 25-cv-234, 2025 WL 513268, at *4 (D.D.C. Feb. 17, 2025) (citations and internal quotation marks omitted).  In any event, given that the

25

Executive Order does not command Plaintiffs to do anything, and that no agency has yet acted pursuant to the Order in a way that could harm Plaintiffs, they have not suffered any harm at present, much less harm that is "certain," "great," and imminent. *Wis. Gas Co.*, 758 F.2d at 674.[13]

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' Motions for a Preliminary Injunction, ECF 29, ECF 34, ECF 37. The Court will issue an order contemporaneously with this decision.

DATE:  May 28, 2026

CARL J. NICHOLS
United States District Judge

---

[13] Although not dispositive, the other two preliminary injunction factors—the balance of equities and the public interest—do not cut substantially in favor of preliminary relief. "When a private party seeks injunctive relief against the government," those factors "generally call for weighing the benefits to the private party from obtaining an injunction against the harms to the government and the public from being enjoined." *Doe v. Mattis*, 928 F.3d 1, 23 (D.C. Cir. 2019). The government argues that an injunction would impede the President's ability to oversee the Executive Branch, *see* Gov. Br. at 49 (citing U.S. Const. art. II, § 1, cl. 1), while Plaintiffs emphasize the public interest in ensuring compliance with federal law, *see* NAACP Reply Br. at 25; DSCC Reply Br. at 25. Plaintiffs have failed to demonstrate that these factors cut significantly in favor of injunctive relief. *Cf. LeBlanc v. U.S. Priv. & C.L. Oversight Bd.*, No. 25-cv-5197, 2025 WL 1840591, at *2 (D.C. Cir. July 1, 2025) ("The public interest is harmed when an injunction wrongfully insulates the President's Executive Branch appointees from his oversight. Such injunctions sever a key constitutional link between the People and their elected President.").