**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>               *Plaintiffs*,<br><br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>               *Defendants*. | Civil Action No. 26-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>               *Plaintiffs*,<br><br>   v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>               *Defendants*. | Civil Action No. 26-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>               *Plaintiffs*,<br><br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>               *Defendants*. | Civil Action No. 26-1151 (CJN) |

**LULAC[1] PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

[1] Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

1

LULAC Plaintiffs respectfully submit the following notice of supplemental authority relevant to issues before the Court in this case.

On June 25, 2026, the United States District Court for the District of Massachusetts issued a memorandum opinion and order granting partial summary judgment, among other things, to the plaintiffs, and enjoining Sections 2 and 3 of the Executive Order at issue in this case. Ex. 1, Mem. Op. & Order, *California v. Trump*, No. 1:26-cv-11581-IT (D. Mass. June 25, 2026), Dkt. No. 191. Specifically, the court found that as to Section 2(a), "the creation of the Confirmed Citizen Lists is ultra vires because the President lacks any authority to compile voter lists for each State." *Id.* at 28. As to Section 3, the court found that the President cannot direct and USPS cannot create lists of eligible voters, because the Constitution delegates that authority to the states and the President lacks the authority to determine voter eligibility. *Id.* at 30. ("But the Constitution reserves the power to determine voter eligibility to the States alone."). In addition, the court held that "USPS lacks authority to promulgate regulations on voting and the EO's directive that USPS do so constitutes ultra vires executive action," because the timeline and requirements of the EO violate USPS's own rulemaking procedure. *Id.* at 31-32. Based on these and other findings, the court enjoined defendants "from implementing or giving effect to Sections 2 and 3 of the EO with respect to the November 3, 2026 or any earlier federal election" in Plaintiff states including

> taking any steps to create a new federal program to superintend and control Plaintiff States' maintenance of their voter rolls; or initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 2 of the EO.

*Id.* at 34-35. And defendants are

> enjoined from implementing, giving effect to, or enforcing Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States with respect to the November 3, 2026 or any earlier federal election, including refusing to transmit mail-in or absentee ballots from voters registered in Plaintiff

States to elections officials in Plaintiff States, regardless of the voters' location; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States for the November 3, 2026 election, or any earlier election.

*Id*. at 35-36.

In addition, on June 22, 2026, Judge Sooknanan issued a memorandum opinion and order granting summary judgment to plaintiffs who had challenged as unlawful various aspects of the Department of Homeland Security's SAVE System as modified in 2025, which relates to Plaintiffs arguments on standing and on the merits in this litigation. Ex. 2, Mem. Op., *League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-3501-SLS (D.D.C. June 22, 2026), Dkt. No. 111; Ex. 3, Order, *League of Women Voters*, No. 1:25-cv-3501-SLS (D.D.C. June 22, 2026), Dkt. No. 112. Both the memorandum and the order are attached to this notice. Relevant to the pending motions to dismiss in this case, the *LWV* decision includes an extensive discussion of plaintiffs' standing in that case to bring their Privacy Act and APA claims. *See* Ex. 2 at 23-40. The decision also held that the sharing of information in the modified SAVE system, and the SORNs issued to enable the data sharing, were "final agency actions that may be challenged under the APA." Ex. 2 at 43.

On the merits, the Court held that the establishment of the modified SAVE system violates the prohibition in the Social Security Act against the disclosure of social security numbers and other related SSA records, and violates both substantive and procedural requirements of the Privacy Act and the Administrative Procedure Act because the modified SAVE system and the related SORNs were contrary to law, arbitrary and capricious, in excess of statutory authority, and without observance of procedure required by law. The Court set aside and vacated DHS and SSA SORNs related to the modified SAVE system. *See* Ex. 3 at 1-2 (setting aside and vacating Notice

of a Modified System of Records, 90 Fed. Reg. 48,948 (Oct. 31, 2025) (DHS); Notice of a

Modified System of Records, 90 Fed. Reg. 50,879 (Nov. 12, 2025) (SSA)).

As a result, Judge Sooknanan has set aside and vacated the inclusion in the modified SAVE

system of records of natural born citizens (where those citizens had not previously interacted with

DHS), SAVE's access to SSA records, including social security numbers, and the bulk search of

records by SAVE users.

These developments are directly relevant to this case. Section 2(a) of the challenged

Executive Order 14399 directs the development of State Citizenship Lists using "SSA records,

SAVE data, and other relevant Federal databases." Exec. Order No. 14399, § 2(a), 91 Fed. Reg.

17125 (Mar. 31, 2026). USCIS's most recent implementation memorandum filed with the Court

further highlighted that in implementing the commands in Section 2(a), USCIS intends to "rely

heavily" on existing USCIS and SSA SORNs, which surely includes SORNs now vacated by Judge

Sooknanan. ECF No. 151-1 at 3.

4

Dated: June 25, 2026

Respectfully submitted,

/s/ Anna Baldwin

Norman L. Eisen (DC Bar No. 435051)  Danielle Lang (DC Bar No. 1500218)
Tianna J. Mays (DC Bar No. 90005882)  Anna Baldwin (DC Bar No. 998713)
Pooja Chaudhuri (DC Bar No. 888314523)  Sejal Jhaveri (NY Bar No. 5396304)
Sofia Fernandez Gold (DC Bar No. 90010196)  Valencia Richardson (DC Bar No. 1739245)
DEMOCRACY DEFENDERS FUND  Aseem Mulji (DC Bar No. 1724971)
600 Pennsylvania Avenue SE #15180  David Kronig (DC Bar No. 1030649)
Washington, DC 20003  Renata O'Donnell (DC Bar No. 1723929)
(202) 601-8678  Heather Szilagyi (DC Bar No. 90006787)
norman@democracydefenders.org  Benjamin Phillips (DC Bar No. 90005450)
tianna@democracydefenders.org  CAMPAIGN LEGAL CENTER
pooja@democracydefenders.org  1101 14th St. NW, Suite 400
sofia@democracydefenders.org  Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
*Counsel for Plaintiffs LULAC, SFI, and ASA*  sjhaveri@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
dkronig@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org