**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

## INTRODUCTION

Executive Order No. 14399 (the "Order" or "E.O.") contains wide-ranging directives to executive agencies to make fundamental changes to how Americans vote by mail. The Democratic Party Plaintiffs challenged Section 2(a) of the Order, which requires several federal agencies to compile and distribute "State Citizenship Lists," and Section 3(b), which requires the United States Postal Service ("USPS" or the "Postal Service") to make rules concerning who may vote by mail. *See generally* ECF No. 1 ("DPP Compl."). Since the Democratic Party Plaintiffs brought their complaint, several factual developments have occurred that further confirm the blatant illegality of the Order and its implementation. The Democratic Party Plaintiffs therefore respectfully move for leave to file a supplemental complaint with allegations addressing these recent developments.

Pursuant to Local Civil Rule 7(m), counsel for the Democratic Party Plaintiffs conferred with counsel for Defendants and Intervenor-Defendants regarding the relief requested in this motion. Defendants and Intervenor-Defendants consent.

## BACKGROUND

As explained in greater detail in the Democratic Party Plaintiffs' Proposed Supplemental Complaint, *see* Exhibits 1 and 2, executive branch officials have implemented the E.O.'s directives in ways that buttress the Democratic Party Plaintiffs' claims in this litigation and clearly violate the Constitution.[1]

With regard to Section 2(a), federal agencies have taken multiple concrete steps toward implementing its mandates since May 28, 2026, when this Court last considered the matter. This includes—according to a June 8, 2026, Department of Homeland Security memorandum on

[1] Pursuant to Local Civil Rule 15.1, Plaintiffs "attach, as an exhibit, a copy of the proposed pleading as amended." For convenience, Plaintiffs attach both a clean version and a redlined version showing changes from their original complaint.

"Executive Order 14399 Implementation"—developing a "mechanism" for States to access "citizenship-related information from [multiple] agenc[ies]." ECF No. 151-1 at 5. The memorandum further indicates this "mechanism" would be available no later than June 30, 2026, and would subsequently be expanded to allow "citizen-facing portal capabilities" to permit individual voters to access data. *Id*.

With regard to Section 3(b), on August 21, 2026, USPS issued a final rule governing mail ballots. *See Ballot Mail for Federal Elections*.[2] The Ballot Mail Rule matches the E.O.'s commands and makes multiple key changes to mail voting. *First*, implementing Section 3(b)(i) of the E.O., the Ballot Mail Rule modifies Section 24.3 of the Domestic Mail Manual ("DMM")—the compendium of USPS's regulations—to require all outbound and return ballot mail for federal elections to be mailed in envelopes that meet rigid design requirements. *Second*, implementing Section 3(b)(iii)–(iv) of the E.O., the Ballot Mail Rule amends Section 24.4 of the DMM to require State election officers to submit "Mail-In and Absentee Participation Lists" of voters via an online portal, including barcodes corresponding to each piece of ballot mail associated with each voter. USPS must then provide a list of all "enrolled" individuals within each State. *Third*, the Ballot Mail Rule enforces these requirements by, among other things, amending Section 24.5 of the DMM to include a "verification" step and says that USPS will refuse to transmit ballot mail in "noncomplian[t]" envelopes and to non-"enrolled" voters.

## LEGAL STANDARD

"Under Rule 15(d) of the Federal Rules of Civil Procedure, a 'court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

---

[2] 91 Fed. Reg. __ (to be published Aug. 26, 2026) (FR Doc. 2026-17238) (final rule), *available at* https://public-inspection.federalregister.gov/2026-17238.pdf [https://perma.cc/BNZ6-VJSK] (the "Ballot Mail Rule").

that happened after the date of the pleading to be supplemented.'" *Cause of Action Inst. v. U.S. Dep't of Just.*, 282 F. Supp. 3d 66, 71 (D.D.C. 2017) (quoting Fed. R. Civ. P. 15(d)). Generally, a supplemental complaint is the appropriate vehicle to "set forth new facts that update the original pleading or provide the basis for additional relief" and "put forward new claims or defenses based on events that took place after the original complaint or answer was filed." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)).

Motions to file a supplemental pleading "should be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Cause of Action Inst.*, 282 F. Supp. 3d at 72 (quoting *Hall v. Cent. Intel. Agency*, 437 F.3d 94, 101 (D.C. Cir. 2006)); *see Thorp*, 325 F.R.D. at 513 (courts "shall ordinarily give leave" to file a supplemental pleading and must "provide sufficient reason to deny leave"). "It is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).

## ARGUMENT

The Court should grant the Democratic Party Plaintiffs' motion to file a supplemental complaint. *First*, the allegations in the proposed supplemental complaint "relate directly to the subject matter of its current operative pleading." *Competitive Enter. Inst. v. McCarthy*, No. CV 21-1238 (CKK), 2021 WL 9937858, at *3 (D.D.C. Oct. 7, 2021) (granting leave to file a supplemental complaint where new allegations were "closely intertwined" with original ones). The supplemental complaint simply details numerous additional concrete steps Defendants have taken to implement the E.O.'s directives, which are described at great length in the original complaint. Granting the Democratic Party Plaintiffs' motion will therefore "promote judicial economy" and

"speedy disposition of the entire controversy." *Id.* (citation omitted). Indeed, supplementation is particularly important in this case, where the supplemental facts may be found to bear on the Court's jurisdiction to afford relief, among other issues. *See Scahill v. District of Columbia*, 909 F.3d 1177, 1184 (D.C. Cir. 2018) (holding "a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint"); *see also Mathews v. Diaz*, 426 U.S. 67, 75 (1976) (noting supplemental complaint "would have eliminated" a jurisdictional defect, and "it is not too late, even" late in the case, "to supplement").

*Second*, the Democratic Party Plaintiffs' motion "is not the product of undue delay." *Competitive Enter. Inst.*, 2021 WL 9937858, at *3. The Democratic Party Plaintiffs bring their motion just five days after USPS issued the finalized Ballot Mail Rule—indisputably a key development in the case. *See* ECF No. 143 at 19–21; *see also Galen Hosp. Alaska, Inc. v. Azar*, 474 F. Supp. 3d 214, 229 (D.D.C. 2020) (granting party's motion to file a supplemental complaint to address an update that "pertain[ed] to the plaintiffs' claims" and had "not yet [occurred] when the plaintiffs filed their Complaint"). Allowing the Democratic Party Plaintiffs to supplement their complaint will thus ensure that "the Complaint reflects the most recent relevant events in this action." *Id.*

*Third*, granting the Democratic Party Plaintiffs' motion would not "cause undue delay or trial inconvenience" or otherwise "prejudice [Defendants'] rights." *Id.* at 230 (citation omitted). Whether or not the Court grants the Democratic Party Plaintiffs' motion to file a supplemental complaint, the Democratic Party Plaintiffs will file a renewed preliminary injunction motion in view of Defendants' recent actions, *see* ECF No. 143 at 3 (inviting the parties to "renew their motions if and when [relevant] future actions occur"), and there is no reason why litigating the renewed motion in view of more complete factual allegations will cause "actual prejudice" to

Defendants, *The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) (granting motion to file supplemental complaint where "the defendants have not articulated" any resulting prejudice).

## CONCLUSION

For the reasons stated above, the Court should grant the Democratic Party Plaintiffs' motion to file a supplemental complaint.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Max Accardi (DC 90021259)
Kevin R. Kowalewski (DC 90045467)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Counsel for Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Senate Minority Leader Schumer, and House Minority Leader Jeffries*