**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS'
RENEWED MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Local Civil Rule 65.1, and this Court's May 28, 2026 Order, Plaintiffs the DSCC, DCCC, Democratic National Committee, Democratic Governors Association, and the Democratic Leaders of the U.S. Senate and House, Charles E. "Chuck" Schumer and Hakeem S. Jeffries, respectively (collectively, the "Democratic Party Plaintiffs"), respectfully renew their request for a preliminary injunction barring Defendants' implementation of Section 3(b) of E.O. 14,399 (March 31, 2026) ("Order"), including USPS's "final" Ballot Mail Rule issued August 21, 2026, pursuant to the Order.

In support of their motion, Plaintiffs state as follows:

1. On April 10, 2026, Plaintiffs filed a motion for a preliminary injunction in this matter, including a request for an order enjoining Defendants, their officers, agents, and employees from enforcing, complying with, or taking any further steps to implement Sections 2(a), 3(b) and (4)(a) of the Order. ECF No. 34; *see also* ECF No. 55 (Apr. 17, 2026).

2. Following a hearing, this Court denied the Democratic Party Plaintiffs' motion on May 28, 2026. In its Order, this Court suggested that Plaintiffs' request for relief would be ripe as to Section 3(b) "if and when" USPS issues a final rule. *DSCC v. Trump*, --- F. Supp. 3d ---, 2026 WL 1487833, at *1 (D.D.C. May 28, 2026).

3. USPS issued the "final" Ballot Mail Rule on August 21, 2026, which is "effective" immediately and—like the proposed rule—"tracks the Executive Order's proposed provisions." *DSCC v. Trump*, 2026 WL 2168617, at *2 (D.C. Cir. July 28, 2026).

4. The present motion seeks to bar Defendants' from taking any further steps to implement Section 3(b) of the Order, including U.S. Postal Service's now-effective Final Rule, *Ballot Mail for Federal Elections* (the "Ballot Mail Rule"), which implements Section 3(b).[1]

5. Shortly before this motion, Plaintiffs moved to supplement their Complaint to add allegations regarding the Ballot Mail Rule specifically, in addition to all other USPS's other actions to implement the President's unlawful Executive Order. *See* ECF No. 162-1 ("Suppl. Compl.").

6. As set forth in more detail their memorandum of points and authorities and the exhibits appended thereto, the Ballot Mail Rule and Defendants' other actions to implement Section 3(b) should be preliminarily enjoined because they are *ultra vires*, incompatible with the separation of powers, and in violation of several federal statutes. Plaintiffs satisfy all other prerequisites for preliminary relief. *See Am. Forest Res. Council v. United States*, 77 F.4th 787, 796 (D.C. Cir. 2023); *Collins v. Yellen*, 594 U.S. 220, 245 (2021).

7. Democratic Party Plaintiffs move for relief on the following claims: Count I: *Ultra Vires* Presidential Action; Count II: Violation of the Separation of Powers – Unlawful Intrusion upon Congressional Authority; Count III: Violation of the Separation of Powers – Unlawful Intrusion upon State Authority; Count IV: Violation of the USPS's Statutory Authority; and Count VIII: Unlawful Agency Action Contrary to the Privacy Act. *See* Suppl. Compl. ¶¶ 127–70, 207–14.

8. No monetary security is required under Federal Rule of Civil Procedure 65(c), because Defendants will not suffer any harm as a result of a preliminary injunction here. *See Nat'l*

[1] *See* 91 Fed. Reg. _ (eff. Aug. 21, 2026) (FR Doc. 2026-17238), *available at* https://public-inspection.federalregister.gov/2026-17238.pdf.

*Council of Nonprofits v. OMB*, 775 F. Supp. 3d 100, 130 (D.D.C. 2025); *LULAC III v. EOP*, 780 F. Supp. 3d 135, 225 (D.D.C. 2025).

9. Pursuant to Local Rule 65.1, the Democratic Party Plaintiffs respectfully request that the Court expedite a hearing and decision on this motion. Such expedition is warranted given the irreparable and ongoing harm to Plaintiffs, as detailed in the accompanying memorandum and supporting Exhibits, and the imminence of the 2026 general election. *See also DSCC*, 2026 WL 2168617, at *1 (D.C. Cir. July 28, 2026) ("If the defendant agencies take steps to implement the Executive Order in a manner that violates federal law or the Constitution, Plaintiffs can promptly seek relief, which the district court and this court can decide in as expeditious a manner as circumstances require."). Democratic Party Plaintiffs request the following schedule on their renewed motion for preliminary injunction:

- August 25, 2026: Democratic Party Plaintiffs file motion for preliminary injunction
- August 31, 2026: Defendants and Intervenor-Defendants file oppositions
- September 3, 2026: Democratic Party Plaintiffs file reply in support of motion for preliminary injunction
- September 4, 2026, or as soon thereafter as the Court can accommodate: hearing on Democratic Party Plaintiffs' motion for preliminary injunction, to the extent the Court would find a hearing helpful

10. Pursuant to Local Civil Rule 7(m), undersigned counsel states that counsel for Democratic Party Plaintiffs conferred with counsel for Defendants and Intervenor-Defendants regarding this motion for a preliminary injunction. The motion is opposed.

For these reasons and those in the accompanying memorandum and supporting Exhibits, the Court should grant the Democratic Party Plaintiffs' renewed motion for a preliminary

injunction barring Defendants' enforcement of Section 3(b) of E.O. 14,399, including the now-effective Ballot Mail Rule.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Max Accardi (DC 90021259)
Kevin R. Kowalewski (DC 90045467)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (202) 948-1135
tbishop@elias.law

*Counsel for Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Senate Minority Leader Schumer, and House Minority Leader Jeffries*