**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1151 (CJN) |

**NAACP PLAINTIFFS' UNOPPOSED MOTION FOR**
**LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs National Association for the Advancement of Colored People, Common Cause, Common Cause Education Fund, Black Voters Matter Fund, Inc., and BVM Capacity Building Institute, Inc. (collectively "NAACP Plaintiffs") respectfully move for leave to file a supplemental complaint. Defendants consent to this motion.

## BACKGROUND

President Trump issued Executive Order 14399 ("Executive Order" or "Order") on March 31, 2026. 91 Fed. Reg. 17125 (Mar. 31, 2026). Section 2 of the Executive Order directs the U.S. Department of Homeland Security ("DHS") to create a "State Citizenship List" of each State's residents who are U.S. citizens over the age of 18, derived from various federal citizenship and immigration records. *See* Exec. Order § 2(a). The DHS Secretary then must transmit those lists to each State. *See id.* § 4(c). Section 3 of the Executive Order directs the Postmaster General "to initiate a proposed rulemaking pursuant to 39 U.S.C. [§] 401 and other applicable authority within 60 days of the date of this order," and provides minimum requirements that the rule "shall include." Exec. Order § 3(b). The Order directs that the U.S. Postal Service ("USPS") final rule "shall be issued no later than 120 days from the date of this order." *Id*. § 3(d).

On April 3, 2026, NAACP Plaintiffs filed this suit, challenging the constitutionality and lawfulness of the Executive Order. *See* Compl. ¶¶ 1-16, 55-138, 145-214, *NAACP v. Trump*, No. 1:26-cv-01151, ECF No. 1.

Since then, DHS and USPS have taken actions to implement Sections 2 and 3 of the Executive Order that justify filing a supplemental complaint. These developments are alleged in greater detail in NAACP Plaintiffs' proposed Supplemental Complaint, attached as an exhibit pursuant to Local Civil Rule 15.1.

With respect to Section 2, on June 8, 2026, DHS Secretary Markwayne Mullin signed a memorandum adopting a new DHS policy, which directs U.S. Citizenship and Immigration Services ("USCIS"), in coordination with the U.S. Social Security Administration ("SSA") and the U.S. Department of State, "to provide state election officials access to citizenship list information under the control of USCIS, the Social Security Administration, and the Department

of State." Mullin Mem. at 1, ECF No. 151-1. USCIS was directed to implement the "technological mechanism" to share this information by June 30, 2026. *See id.* at 2.

Defendants have also taken action to implement Section 3. On May 29, 2026, Defendants provided notice of proposed rulemaking to overhaul the USPS's rules regarding mail ballots, as directed by the Executive Order. *See* Notice, ECF No. 145. The proposed rule was published on June 2, 2026. *See* 91 Fed. Reg. 32915. Then, on August 21, 2026, USPS issued a final rule that is identical in all material respects to the proposed rulemaking. *See* Final Rule, ECF No. 161-1. The final rule is "[e]ffective August 21, 2026" and slated for formal publication on August 26, 2026. *Id.* at 1.

NAACP Plaintiffs seek leave to file their proposed Supplemental Complaint to address the issuance of the DHS policy and the USPS final rule, including the addition of allegations and causes of action. Defendants consent to this motion. *See* Gov't Prelim. Inj. Opp. at 11, ECF No. 107 ("[I]f the government decides to issue a final rule, [plaintiffs] are not precluded from challenging that rule." (cleaned up)).

## LEGAL STANDARD

Rule 15(d) provides a mechanism for litigants to "set forth new facts that update the original pleading or provide the basis for additional relief" or "to put forward new claims or defenses based on events that took place after the original complaint or answer was filed." *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (3d ed. 2010)); *see Nunes v. WP Co. LLC*, No. 1:21-CV-00506 (CJN), 2022 WL 22907226, at *1 (D.D.C. Feb. 2, 2022) ("Rule 15(d) . . . governs requests to supplement a complaint with information that arose after filing."). This rule serves the "basic aim of the rules to make pleadings a means to achieve an orderly and

fair administration of justice." *Gomez v. Wilson*, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) (quoting *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 226-27 (1964)).

A motion for leave to file a supplemental complaint "should be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Nunes*, 2022 WL 22907226, at *1 (quoting *Cause of Action Inst. v. U.S. Dep't of Just.*, 282 F. Supp. 3d 66, 72 n.4 (D.D.C. 2017)); *see also Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (explaining that courts "shall ordinarily give leave" to file a supplemental pleading and must "provide sufficient reason to deny leave"). Ultimately, "[i]t is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).

## ARGUMENT

The Court should grant NAACP Plaintiffs' motion to file a supplemental complaint for three reasons.

***First***, the allegations in the proposed supplemental complaint "relate directly to the subject matter of its current operative pleading." *Competitive Enter. Inst. v. McCarthy*, No. 21-cv-1238, 2021 WL 9937858, at *3 (D.D.C. Oct. 7, 2021) (granting leave to file a supplemental complaint where the "context and subject matter" of the supplemental and original complaints were "closely intertwined"). NAACP Plaintiffs' proposed Supplemental Complaint provides allegations regarding the agency actions that Defendants have taken to implement the Executive Order's directives, which were described at length in the original complaint. Accordingly, granting the motion will "promote the economic and speedy disposition of the entire controversy between the parties." *Nunes*, 2022 WL 22907226, at *1 (citation omitted). Indeed, granting leave is particularly

important in this case, where the supplemental facts may be found to bear on the Court's jurisdiction to afford relief, among other issues. *See Scahill v. District of Columbia*, 909 F.3d 1177, 1184 (D.C. Cir. 2018) (holding "a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint," which avoids "forc[ing] a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem").

***Second***, NAACP Plaintiffs' motion "will not cause undue delay." *Nunes*, 2022 WL 22907226, at *1 (citation omitted). To the contrary, NAACP Plaintiffs bring their motion mere days after USPS issued its final rule, which indisputably is an important development in the case. *See* Prelim. Inj. Op., ECF No. 143 at 19-21; *Galen Hosp. Alaska, Inc. v. Azar*, 474 F. Supp. 3d 214, 229 (D.D.C. 2020) (granting plaintiffs' motion to file a supplemental complaint to address an update that "pertains to the plaintiffs' claims" and "which was not yet issued at the time when the plaintiffs filed their Complaint"). Allowing NAACP Plaintiffs to supplement their complaint will thus "ensur[e] that the Complaint reflects the most recent relevant events in this action." *Id.*

***Third***, granting NAACP Plaintiffs' motion would not "prejudice the rights" of Defendants. *Nunes*, 2022 WL 22907226, at *1 (citation omitted). Importantly, Defendants consent to this motion. Moreover, NAACP Plaintiffs intend to file a renewed preliminary injunction motion in view of Defendants' recent actions. *See* Prelim. Inj. Op., ECF No. 143 at 3 (inviting the plaintiffs to "renew their motions if and when those [relevant] future actions occur"). There is no reason why litigating the renewed motion in view of more complete factual allegations will cause "actual prejudice" to Defendants. *See Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) (granting motion to file supplemental complaint where "the defendants have not articulated what, if anything, would be hampered" by the filing of the supplemental complaint).

## CONCLUSION

The Court should grant NAACP Plaintiffs' motion for leave to file a supplemental complaint.

Respectfully submitted,

By: /s/ John A. Freedman
John A. Freedman (Bar No. 453075)
Jeremy C. Karpatkin (Bar No. 980263)
Elisabeth S. Theodore (Bar No. 1021029)
Orion de Nevers (Bar No. 90001065)
Nicholas Casmier Anway (Bar No. 90020410)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com
orion.denevers@arnoldporter.com
elisabeth.theodore@arnoldporter.com
nicholas.casmier.anway@arnoldporter.com
*Attorneys for Plaintiffs*

Sydney Lopes (Bar No. 61389)*
ARNOLD & PORTER KAYE SCHOLER LLP
U.S. Bank Center
1420 5th Avenue, Suite 1400
Seattle, WA 98101
sydney.lopes@arnoldporter.com
*Attorney for Plaintiffs*

Edward G. Caspar (Bar No. 1644168)
Robert N. Weiner (Bar No. 298133)
Jeffrey Blumberg (Bar No. 432928)
M. David Rollins-Boyd (Bar No. 90010714)
Catherine Meza (Bar No. 1045688)
Javon Davis (Bar No. 90017436)
Grace Thomas (Bar No. 90018667)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K St., NW Suite 900
Washington, DC 20005
+1 202.662.8600
ecaspar@lawyerscommittee.org
rweiner@lawyerscommittee.org
jblumberg@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
cmeza@lawyerscommittee.org
jdavis@lawyerscommittee.org
gthomas@lawyerscommittee.org
*Attorneys for Plaintiffs*

Kristen M. Clarke (Bar No. 973885)
Anthony P. Ashton (Bar No. MD25220)*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mt Hope Drive
Baltimore, MD 21215
Tel: (202) 463-2940
*Attorneys for NAACP*

Deanna Kitamura *(pro hac vice)*
Kimberly Leung *(pro hac vice)*
ASIAN LAW CAUCUS
55 Columbus Ave.
San Francisco, CA 94111
Tel: (415) 896-1701
*Attorneys for Plaintiffs*

**Motion for Pro Hac Vice or Court Admission Forthcoming*

Dated: August 26, 2026