**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS'**
**UNOPPOSED MOTION TO EXPEDITE CONSIDERATION**
**AND MEMORANDUM IN SUPPORT THEREOF**

The Democratic Party Plaintiffs respectfully move this Court for expedited consideration of their renewed motion for a preliminary injunction as to the Ballot Mail Rule, Renewed Mot. Prelim. Inj., ECF No. 163. Specifically, the Democratic Party Plaintiffs request that this Court hold a hearing on their renewed motion, if it determines that a hearing would be beneficial to the Court, on September 9 or 10, 2026, and issue a determination on their motion by no later than Friday, September 11, 2026.[1]

Defendant agencies have now "take[n] steps to implement the Executive Order in a manner that violates federal law or the Constitution," and the Democratic Party Plaintiffs have "promptly [sought] relief," which, the Court of Appeals emphasized, this Court "can decide in as expeditious a manner as circumstances require." *DSCC v. Trump*, No. 26-5193, 2026 WL 2168617, at *1 (D.C. Cir. July 28, 2026). The Ballot Mail Rule presents an immediate, existential threat to mail voting throughout the country, and the first mail ballots for this year's general elections will be sent ***today***. *See* N.C. Gen. Stat. § 163-227.10.[2] The Rule requires every state that intends to permit mail voting—a category that includes all 50 states and the District of Columbia—to submit their mail

[1] Pursuant to Local Civil Rule 7(m), the Democratic Party Plaintiffs conferred with counsel for Defendants, counsel for Intervenor-Defendants, and counsel for the Plaintiffs in the actions consolidated with this case regarding the relief requested in this motion. NAACP Plaintiffs consent to the motion. Defendants, Intervenor-Defendants, and LULAC Plaintiffs all take no position on the motion. Defendants further requested inclusion of the following quoted language: "Defendants take no position and defer to the Court on the timing of a decision, though note that the temporary restraining order that is currently in effect, *see* ECF No. 169, applies on a universal basis, and thus also provides relief to Plaintiffs here. Defendants also defer to the Court's preference on the necessity and timing of any oral argument, though note that the government attorney who would be presenting argument here has argument in another case on Thursday, September 10. So as between September 9 and September 10, the government would prefer September 9." Democratic Party Plaintiffs note that defendants have sought a stay of the referenced temporary restraining order from the Supreme Court. *See* Application for a Stay, *United States Postal Service, et al. v. California, et al.,* No. 26A297 (U.S. Sept. 3, 2026).

[2] Emily Davies, *North Carolina Mails First Ballots of Fall, as Trump Tries to Restrict Them*, N.Y. Times (Sept. 4, 2026), https://www.nytimes.com/2026/09/04/us/politics/north-carolina-mails-first-ballots-of-fall-as-trump-tries-to-restrict-them.html.

ballot envelopes to an intrusive design-review process that is not only illegal and unnecessary, but threatens to cause unjustifiable and dangerous delays on the very eve of (and in some cases in the middle of) an election. Indeed, it is already disrupting state officials' ability to administer their elections, as the Rule's rigid requirements make it difficult to design conforming envelopes, and permit USPS virtually unbridled discretion to reject proposed designs based on subjective factors.[3]

Even more alarmingly, the Rule requires states to submit lists of mail and absentee voters to USPS, which will use that information to perform a complicated and error-prone verification step on each of the tens of millions of mail ballots American voters will cast in the 2026 election.[4] Regardless of how Defendants characterize it, they never deny that the Rule requires USPS to verify millions of individual mail pieces, to reject ballot mail in envelopes it deems noncompliant, and to refuse delivery to voters it deems not entitled to vote by mail. Undisclosed procedures compound the risk, such as a zero-tolerance batch standard under which one unreadable barcode causes USPS to refuse an entire mailing, so that a single defect in a submission of 10,000 ballots disenfranchises 9,999 voters even if there is *no* defect on their envelopes, and sampling thresholds that vary by facility type and mailing size, subjecting identical ballots to different treatment depending on which postal facility a given election official happens to use. USPS Whistleblower Letter at 7–9, 17–18, ECF No. 174-1; Mot. for Material Updates at 14–16, ECF No. 179.

The D.C. Circuit described the President's efforts to regulate mail voting through the Rule as a "substantial and unfunded overhaul of election procedures." *DSCC*, 2026 WL 2168617, at *5.

---

[3] Jeff Fifield, *New Mail Voting Rules Moved Forward Despite USPS Officials' Concerns About Mass Disenfranchisement*, ProPublica (Sept. 2, 2026), https://www.propublica.org/article/mail-voting-usps-officials-concerns-disenfranchisement.

[4] Melissa Quinn & Madeline May, *Whistleblower warns Postal Service's new mail ballot system has "potentially catastrophic problems,"* CBS News (Sept. 1, 2026), https://www.cbsnews.com/news/whistleblower-postal-service-new-mail-ballot-system/.

This is correct, but Defendants' recent conduct has shown it to be something even worse: a tool for the widespread and stochastic disenfranchisement of Americans who wish to exercise their right to vote by mail.

None of this is remotely legal—thus far, USPS's best effort to defend the Rule on the merits has been to insist mail ballots are akin to explosive devices and cremated remains. And for every day the Rule remains unenjoined, its very existence will "sow confusion and threaten disenfranchisement of many eligible voters," *California v. Trump*, 183 F.4th 52, 73 (1st Cir. 2026), as well as "create a disincentive for citizens who would otherwise attempt" to participate in the political system, *League of Women Voters v. Newby*, 838 F.3d 1, 13 (D.C. Cir. 2016). The harm will be particularly acute for the Democratic Party Plaintiffs, who must act in response to the Rule to ensure they are prepared for the rapidly approaching general election, and who will be forced to compete in an election in which unlawful and unfair election procedures and rules are imposed, unless and until the Court issues injunctive relief. *See Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 77–79 (2026) (candidates suffer cognizable harm "when the process departs from the law"); *Shays v. FEC*, 414 F.3d 76, 85–86 (D.C. Cir. 2005) (candidates are injured by unlawful rules that force them to compete on a distorted playing field); *Crawford v. Marion Cnty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007) ("The Democratic Party also has standing to assert the rights of those of its members who will be prevented from voting by the [challenged] law."), *aff'd*, 553 U.S. 181, 189 n.7 (2008).

Given the patent illegality of the Rule and the catastrophic harms it threatens, the Democratic Party Plaintiffs request the Court to decide their renewed motion for a preliminary injunction no later than September 11, 2026.

To the extent the Court believes a hearing would assist in resolving the issues presented, the Democratic Party Plaintiffs request a hearing on September 9 or 10, 2026, after submission of the Plaintiffs' reply briefs.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Max Accardi (DC 90021259)
Kevin R. Kowalewski (DC 90045467)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Counsel for Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Senate Minority Leader Schumer, and House Minority Leader Jeffries*