**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1151 (CJN) |

**LULAC PLAINTIFFS'[1] UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR SECOND MOTION FOR PRELIMINARY INJUNCTION**

---

[1] Plaintiffs League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, the City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity.

LULAC Plaintiffs respectfully move this Court pursuant to Local Rule 65.1(c) for leave to attach two supplemental declarations to their reply in support of their second motion for preliminary injunction, ECF No. 171. Pursuant to Local Rule 7(m), counsel for the LULAC Plaintiffs conferred with opposing counsel; Federal Defendants took no position and Intervenor Defendants did not respond.

The first supplemental declaration is a supplement from LULAC Plaintiffs' retained election administration expert, Tammy Patrick, addressing the Whistleblower Report that was the subject of the Notice of Developments, ECF Nos. 174, 174-1. The second is a supplemental declaration from Kaitlyn Bernarde, the Acting Clerk of the City of Madison, Wisconsin, to inform the Court of relevant factual developments subsequent to the filing of the motion for preliminary injunction—namely, that the City of Madison has begun mailing absentee ballots to voters as of today.

Good cause exists to accept these declarations. Both are based on facts or events that could not have been known at the time LULAC Plaintiffs filed their motion for preliminary injunction on August 28. The Whistleblower Report was only made public on September 1, and thus could not have been addressed by Ms. Patrick in her initial declaration. Likewise, at the time of filing the motion for preliminary injunction, the City of Madison did not yet know when it would begin mailing ballots. As detailed in the Declaration of Lydia McComas attached to LULAC Plaintiffs' opening brief, the City depends on the Clerk for Dane County to print ballots and provide them to the City. Decl. of Lydia McComas, ECF No. 171-4 ¶ 10. As of August 28, the timing of this delivery was uncertain.

Nor will any Defendant be prejudiced by admission of these additional declarations. As to the Supplemental Declaration of Tammy Patrick, as an initial matter, LULAC Plaintiffs already

filed the Whistleblower Report in a Notice of Developments on September 1, 2026. Moreover, LULAC Plaintiffs have already filed this declaration as attachments to amicus briefs in multiple dockets involving the same Federal and Intervenor Defendants on September 1, so Defendants were on notice of the declaration and its contents prior to filing their opposition briefs on September 4. *See* Suppl. Decl. of Tammy Patrick, *League of Women Voters of Mass. v. Trump*, No. 1:26-cv-11549-IT (D. Mass. Sep. 1, 2026), ECF No. 264-2; Suppl. Decl. of Tammy Patrick, *California v. USPS*, No. 1:26-cv-13917-IT (D. Mass. Sep. 1, 2026), ECF No. 119-2.

As to the Declaration of Ms. Bernarde, Defendants are not prejudiced because, prior to filing their oppositions in the instant matter, they were on notice from a declaration filed on August 31 by the Republican-appointed Chair of the Wisconsin Elections Commission in *California v. USPS* that jurisdictions in Wisconsin had begun mailing ballots. Decl. of Don Millis ¶ 14, *California v. USPS*, No. 1:26-cv-13917-IT (D. Mass. Aug. 31, 2026), ECF No. 100-1 ("I am aware that at least some municipal clerks in Wisconsin plan to mail out their absentee ballots as early as September 1, 2026.").

Accordingly, the Court should permit LULAC Plaintiffs to rely on these supplemental declarations in support of their second motion for preliminary injunction.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Norman L. Eisen*
Norman L. Eisen (DC Bar No. 435051)
Tianna Mays (DC Bar No. 90005882)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No. 90010196)
Beauregard Patterson (WI Bar No. 1102842)*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180

*/s/ Danielle Lang*
Danielle Lang (DC Bar No. 1500218)
Anna Baldwin (DC Bar No. 998713)
Sejal Jhaveri (DC Bar No. 90043488)
David Kronig (DC Bar No. 1030649)
Valencia Richardson (DC Bar No. 1739245)
Aseem Mulji (DC Bar No. 1724971)
Renata O'Donnell (DC Bar No. 1723929)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER

Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
tianna@democracydefenders.org
pooja@democracydefenders.org
sofia@democracydefenders.org
beauregard@democracydefenders.org

1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
dkronig@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, Arizona Students' Association, City of Madison, Wisconsin, Travis County, Texas and Travis County Clerk, in her official capacity.*

* Pro hac vice motion pending