**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1114 (CJN) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1132 (CJN) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-1151 (CJN) |

**DEMOCRATIC PARTY PLAINTIFFS' UNOPPOSED MOTION TO SUPPLEMENT THE RENEWED PRELIMINARY INJUNCTION RECORD**

Pursuant to Local Civil Rule 65.1(c) and the Court's inherent authority, Plaintiffs DSCC, DCCC, the Democratic National Committee, the Democratic Governors Association, and the Democratic Leaders of the U.S. Senate and House of Representatives, Charles E. "Chuck" Schumer and Hakeem S. Jeffries (collectively, "Democratic Party Plaintiffs" or "Plaintiffs"), respectfully move for the Court's permission to supplement the renewed preliminary injunction record with the declarations attached as **Exhibits 9 through 12**.

Plaintiffs request the Court's permission to file four declarations, as summarized in the table below. Three are by State and local election officials who describe how the Ballot Mail Rule's procedures are unfolding in their jurisdictions as they prepare to transmit ballots for the impending November 2026 election. The fourth is by a voter who recently learned of the Federal Ballot Mail Portal's planned launch and its role in determining whether her ballot will be delivered should the Rule be implemented in her State, and the planned sharing of her personal information.

Democratic Party Plaintiffs conferred with counsel for Defendants and counsel for Intervenor-Defendants regarding the relief requested in this motion. Defendants take no position on the motion. Intervenor-Defendants did not provide a position. In support of their motion, Plaintiffs state as follows.[1]

1. Local Civil Rule 65.1(c) permits "supplemental affidavits" with the Court's "permission." District courts have inherent discretion to grant such requests. *See Aracely v. Nielsen*, 319 F. Supp. 3d 110, 132–33 (D.D.C. 2018); *see generally Dietz v. Bouldin*, 579 U.S. 40, 42 (2016). In exercising that discretion, courts consider the particular circumstances at issue. *See*

[1] Because their renewed motion for preliminary injunction is proceeding on an expedited schedule, Plaintiffs respectfully request that the Court decide this motion on an expedited basis as well or, in the alternative, resolve it together with the renewed motion for preliminary injunction and consider the attached declarations in ruling on that motion.

*All. for Retired Ams. v. Bessent*, No. 1:25-CV-313-CKK, 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025) (citing *Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019)). Leave should generally be granted to ensure efficient and fair resolution of proceedings, so long as prejudice will not result. *See Aracely*, 319 F. Supp. 3d at 133; *see also, e.g.*, *Vote Forward v. DeJoy*, 540 F. Supp. 3d 15, 21 n.9 (D.D.C. 2021) (citing *Lewis v. Bay Indus., Inc.*, 51 F. Supp. 3d 846, 852–53 (E.D. Wis. 2014)).

2. On August 25, 2026, Democratic Party Plaintiffs filed a renewed Motion for a Preliminary Injunction, ECF No. 163, seeking to bar implementation of USPS's newly implemented Ballot Mail Rule, 91 Fed. Reg. 54966 (Aug. 26, 2026), issued pursuant to Executive Order 14,399, 91 Fed. Reg. 17125 (Mar. 31, 2026) (the "Executive Order"). In recent days, new evidence has come to light concerning the harm the Rule is now inflicting on Plaintiffs, their members, and the public for the November 2026 election. Democratic Party Plaintiffs seek leave to submit evidence of this harm. There is good cause to grant this motion to supplement the record, and no prejudice will result.

3. Good cause exists for several reasons. First, the declarations Democratic Party Plaintiffs seek to file pertain to previously unknown facts describing the real-world impact of Defendants' recent actions to implement the E.O. and the Ballot Mail Rule.

4. As summarized in more detail below, one declaration (Ex. 9) is by a local election official in Leon County, Florida, describing facts previously unknown to Plaintiffs involving implementation of the Rule. Two more declarations (Exs. 10 and 11) are by State election officials in Washington and Arizona who affirm prior declaration testimony in the District of Massachusetts litigation challenging the Ballot Mail Rule (to which USPS is also a party). These declarations discuss ongoing implementation of the Rule in the officials' States in the days following

publication of the final Rule. And a fourth (Ex. 12) is by a registered mail voter and member of the Democratic Party who explains the chilling impact that Defendants' now-forthcoming launch of the Federal Ballot Mail Portal is having on her.

5. The proposed supplemental declarations can be summarized as follows:

| Exhibit Number | Document Title and Description |
|---|---|
| 9 | Declaration of Mark Earley, Supervisor of Elections, Leon County (Sept. 8, 2026) ("Earley Decl."): describing the weeks since the final Ballot Mail Rule took effect; county's initial attempts to comply; growing strain on local resources; lack of training and guidance on the Rule; inability to satisfy the new verification process; threatened harm to voters. |
| 10 | Declaration of Stuart Holmes, Director of Elections, Washington (Sept. 4, 2026) ("Holmes Decl.") (incorporating declaration filed in *California v. USPS*, No. 1:26-cv-13917 (D. Mass.)): describing the weeks since the final Ballot Mail Rule took effect; State's initial efforts to prepare to comply; growing strain on State resources; lack of preparedness for the new verification process; threatened harm to voters. |
| 11 | Declaration of Adrian Fontes, Secretary of State, Arizona (Sept. 8, 2026) ("Fontes Decl.") (incorporating declaration filed in *California v. USPS*, No. 1:26-cv-13917 (D. Mass.)): describing the weeks since the final Ballot Mail Rule took effect; State's initial efforts to prepare to comply; growing strain on State resources; lack of preparedness for the new verification process; threatened harm to voters. |
| 12 | Declaration of Katie Thompson, Mail Voter, Oregon (Sept. 7, 2026) ("Thompson Decl."): describing learning of the Federal Ballot Mail Portal; interests in records to be compiled; threatened harms to privacy and voting rights. |

6. The relevant information reported by the declarations was unavailable to Democratic Party Plaintiffs prior to their August 25, 2026, motion because the harms discussed are the direct result of Defendants' very recent actions. Until an anonymous USPS whistleblower transmitted a protected disclosure to the U.S. Senate on August 30, for instance, Plaintiffs had no way to learn that USPS might apply a zero-tolerance batch-acceptance standard and other alarming, material facts. *See* Whistleblower Disclosure at 2, 7–9, 17–18, ECF No. 174-1. Plaintiffs also did not know until August 31 of USPS plans to launch the Federal Ballot Mail Portal, and

Plaintiffs did not know until September 3 that USPS would take the Portal "live" for voluntary use this week. *See* Decl. of Steven Monteith, *League of Women Voters of Mass. v. Trump*, No. 1:26-CV-13917 (D. Mass. Sept. 3, 2026), ECF No. 150-1; *see also* Mot. for Material Updates, ECF No. 179.

7. Particularly given the information asymmetry in this case, Defendants cannot be prejudiced by the proposed declarations. The plans to implement the Ballot Mail Rule are exclusively in the possession of Defendants, *see* Mot. for Material Updates 1–6, and the harms from implementation are unfolding in real time as Defendants act to overhaul mail voting just as voting begins, *cf. DSCC v. Trump*, No. 26-5193, 2026 WL 2168617, at *5 (D.C. Cir. July 28, 2026). As the declarations confirm, the result is that State and local election officials are now encountering the myriad specific ways the Ballot Mail Rule threatens to disrupt elections as they prepare to transmit ballots, and every day voters are beginning to learn that a federal screening system stands between their election office and their mailbox. *See, e.g.*, Earley Decl. ¶¶ 12–26; Holmes Decl. ¶¶ 23, 38–45, 55, 61; Fontes Decl. ¶¶ 21–53; Thompson Decl. ¶¶ 6–17.

8. Additionally, the declarations do not introduce new legal claims or legal theories, which (as Plaintiffs explained in their motion, *see* PI Br., ECF No. 163-1) require no further development. They add additional details now available to the evidence of the harms that Plaintiffs have already provided. *See, e.g.*, PI Br. 7–16, 26–29.

9. Defendants and Intervenors have contested these harms in their oppositions to Democratic Party Plaintiffs' renewed motion for preliminary injunction. For instance, Defendants argued that Plaintiffs' voting-rights and organizational injuries are "speculative," Interv. Br. 8–9, ECF No. 183; *see* Def. Br. 12, ECF No. 184; that non-delivery of ballots would be traceable only to States' unwillingness to comply with the Final Rule (and not other problems), Def. Br. 11;

Interv. Br. 11–12; and that the system is workable, *e.g.*, Interv. Br. 3, 23–24 (citing Hoskins Decl. ¶¶ 4–9). They also suggest the Federal Ballot Mail Portal does not implicate any information about how Plaintiffs' members and others exercise their First Amendment rights. *See* Def. Br. 27; Interv. Br. 25.

10. The declarations speak directly to such contested facts. For example, election officials provide information about specific efforts at the State and local level to determine whether compliance was even possible, *see, e.g.*, Earley Decl. ¶¶ 24–25, 29; Holmes Decl. ¶¶ 65–66; Fontes Decl. ¶¶ 18–39, 57, evidence that is consistent with the evidence that Plaintiffs previously submitted to the Court regarding the risks of harm to Plaintiffs' core organizational and electoral interests, as well as to their members, while contradicting Defendants' arguments, *see* PI Br. 10–13, 26–28. The voter declaration similarly describes immediate chilling effects that the newly announced launch of the Portal is already having on the voter—corroborating Plaintiffs' previously submitted evidence while contradicting Defendants' arguments. Thompson Decl. ¶¶ 6–17; *see* PI Br. 13–16, 27–28.

11. The declarations therefore add to the growing mountain of evidence supporting Plaintiffs' five theories of harms explained in their complaint, supplemental complaint, and motions for a preliminary injunction, as information has continued to develop in the public record, even as Defendants—who have the information-asymmetry upper-hand—continue to withhold information. *See generally* Mot. for Material Updates. At bottom, Defendants are not prejudiced by a record that accurately reflects the snowballing harm that they continue to deny.

12. Plaintiffs do not object to Defendants responding to this evidence. As a result, there can be no prejudice. *See DeJoy*, 540 F. Supp. 3d at 21 n.9 (explaining that prejudice generally does not occur where supplementing party does not object to such an opportunity).

13. With the November 2026 election underway, the parties, the Court, and the public all have a strong interest in the resolution of the preliminary injunction motions on a complete record of up-to-date evidence. After all, there can be "no do-over" here. *Ctr. for Taxpayer Rts. v. IRS*, No. 26-5006, 2026 WL 2635380, at *13 (D.C. Cir. Sept. 8, 2026) (quoting *League of Women Voters v. Newby*, 838 F.3d 1, 8–9 (D.C. Cir. 2016)); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) (same).

For all these reasons and those in the attached declarations and in their concurrently filed reply in support of their renewed preliminary injunction motion, Democratic Party Plaintiffs respectfully request that the Court grant their motion to supplement the preliminary injunction record.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Lalitha D. Madduri (DC 1659412)
Jacob D. Shelly (DC 90010127)
Max Accardi (DC 90021259)
Kevin R. Kowalewski (DC 90045467)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
lmadduri@elias.law
jshelly@elias.law
maccardi@elias.law
kkowalewski@elias.law

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
T: (202) 948-1135
tbishop@elias.law

*Counsel for Plaintiffs DSCC, DCCC, Democratic National Committee, Democratic Governors Association, Senate Minority Leader Schumer, and House Minority Leader Jeffries*